Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907)488-8824

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JUL 21 PM 2: 59

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH, <br> Plaintiff <br><br> Vs. <br><br> CSK AUTO INC, <br> d.b.a. SCHUCKS AUTO SUPPLY <br> AND DOE    Defendants | Superior Court No. 4FA-04-2053 CI <br><br> (4)-06-CV-000020-RRB |

### MEMORANDUM ON MOTION FOR REMAND

Comes now, the Plaintiff Terry L. Smith herein, hereby files his Memorandum on Motion to Remand as Their has been a Impropriety of the Removal. This case arises out of violations by the defendants of the plaintiff's rights under the Alaska Workers' Compensation Act, AS. 23.30.247 Retaliation under the State OF Alaska, due to a work-related injury. Count X of Plaintiffs complaint is a wrongful termination a State Claim in violation of Alaska's [W]orkers Compensation Act. State Claim, with a FMLA Claim intertwined with State Claim. Claims under state Workers Compensation laws are specifically protected against removal to federal court, by § 1445(c) of Title 28 of the United States Code: One count was asserted under federal law, as part of the same cause of action: Count X, under the Family and Medical Leave Act. The plaintiff went so far as

1

to have Count X , in its text, that due to the nonremovability of Count X , and the case's constituting a single cause of action, the case is not removable, under the rules against claim-splitting the clear language of § 1441 and § 1445, and decisions of the United States Supreme Court, and other Circuits, make it clear that the United States Congress' clearly-expressed intention to allow a plaintiff to file a case like this one in state court – and to keep it there - must be honored by this Court.

First of all, § 1445(c), as noted above, expressly bars the removal of any claim arising under state Workers Compensation laws. Count X is a non removable claim in its contex. Secondly, § 1441(a) provides that there is not always removal jurisdiction of cases simply because they could have initially been filed in federal court, by noting that removal jurisdiction is subject to being "otherwise expressly provided by Act of Congress" - such as the various prohibitions under § 1445, including § 1445(c). Finally, § 1441(c) provides that when an otherwise removable claim (such as the FMLA claim here) is joined with a nonremovable claim or cause of action the case may be removed if, and only if, the removable claim or cause of action is "separate and independent" from the nonremovable claims or causes of action. The U.S. Supreme Court has made it clear, in American Fire Casualty v. Finn, 342 U.S. 6 (1951), that the effect of § 1441(c) is that where an otherwise-removable claim is part of the same cause of action as a nonremovable claim, § 1441(c) bars removal even of the otherwise-removable claim, and requires remand. Plaintiff filed is Complaint in the jurisdiction of the State Court and Defendants did not oppose jurisdiction. Nor did Plaintiff state a removal jurisdiction amount to be removed from state Superior Court. Plaintiff FMLA Claim is a State action as Plaintiff is a non – union Employee and jurisdiction is proper in the Superior State Court as State law

predominates. And removal was unjust as stated in answer to complaint from defendants. [Exhibit A] attached. At Number 3 Answering Paragraph 3 States CSK admits that this Court has Jurisdiction over the parties and the subject-matter, admits that it does business in this state, admits that Plaintiff resides in the Fourth Judicial District, and admits that venue is proper. Plaintiff Request that this Court Remand this Case Back To The Superior Court for further adjudication of Plaintiffs State Action Claims.

**Section 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."**

Respectfully Submitted.

Terry L. Smith Pro Se

Dated This 21 Day Of July, 2006

## CERTIFICATE OF SERVICE

I Certify that a Copy of the forgoing Document was served on the 21 Day of July, 2006
A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[X] FIRST CLASS MAIL
[] FACSIMILE AND MAIL
[] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468

Terry L. Smith Pro SE
P.O. Box 60882
Fairbanks, Alaska 99706-0882

Motion To Remand

3