Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907)488-8824

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JUL 25 PM 1: 52

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
    Plaintiff

Vs.

CSK AUTO INC,
d.b.a. SCHUCKS AUTO SUPPLY
AND DOE     Defendants

Superior Court No. 4FA-04-2053 CI

(4)-06-CV-000020-RRB

### MEMORANDUM ON MOTION FOR RECUSAL

Comes now, the Plaintiff Terry L. Smith herein, hereby files his Memorandum on Motion for Recusal Under Section 455(a) and *28 U.S.C. § 144* provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." For present purposes, it should suffice to say that Section 455 (a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or finding" The fact that this recusal comes into question as defendants requested the Honorable Judge Bestline to dispose of this case, as in a prior proceeding in a different cause of action. Plaintiffs currant action is entirely not related to a prior proceeding as the Alaska Supreme Court said that this

currant case and a prior proceeding are non-related. The clear language of Section 445, which requires disqualification where the court's impartiality might reasonably be questioned, is the forceful holding of the U.S. Supreme Court in <u>Liteky v. U.S.</u>, 510 U.S. 540, 557 (1994), clearly requiring disqualification under the circumstances presented here

The plain language of 28 U.S.C. 455(b)(2) is clear:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The fact that defendants have asked for The Honorable Judge Bestline to precede over this new case, the question of impartiality come into play when a Judge is requested and the impartiality might reasonably be questioned Subsection (b) of § 455 sets forth more particularized situations in which a judge must disqualify himself. Congress intended the provisions of § 455 (b) to remove any doubt about recusal in cases where a judge's interest is too closely connected with the litigation to allow his participation." The recusal motion has been filed "at the earliest possible moment after obtaining the facts demonstrating a basis for recusal." See U.S. v. Occhipinti, 851 F. Supp. 523, 567 (So. Dist., NY 1993). As This court has proceeded in a matter which the impartiality might reasonably be questioned by Plaintiff as the defendants asked for the Honorable Judge bestline personally in this matter. Which now is a question of doubt and impartiality.

The Court is required to recuse itself pursuant to 28 U.S.C. § 144."

Respectfully Submitted,

Terry L. Smith Pro Se

Dated This 25 Day Of July ,2006

CERTIFICATE OF SERVICE
U.S. District Court Case No (4)-06-000020-RRB

I Certify that a Copy of the forgoing Document was served on the 25 Day of July ,2006 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[X] FIRST CLASS MAIL
[] FACSIMILE AND MAIL
[] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468

Terry L. Smith Pro SE
P.O. Box 60882
Fairbanks, Alaska 99706-0882

CERTIFICATE OF SERVICE