Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| TERRY L. SMITH, ) | Filed in the Trial Courts |
| ) | STATE OF ALASKA, FOURTH DISTRICT |
| Plaintiff, ) | |
| ) | SEP 23 2004 |
| vs. ) | |
| ) | Clerk of the Trial Courts |
| CSK AUTO INC., d/b/a SCHUCKS ) | By_____Deputy |
| AUTO SUPPLY, DOE, ) | |
| ) | |
| Defendant. ) | Case No. 4FA-04-2053 Civil |
| ) | |

<u>MOTION TO DISMISS PLAINTIFF TERRY L. SMITH'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

Defendant CSK Auto Inc. ("CSK") moves pursuant to Alaska R. Civ. P. 12(b)(6) to dismiss Plaintiff Terry L. Smith's complaint in this matter for failure to state a claim upon which relief can be granted. This Motion is supported by the Memorandum in Support and the Affidavit of Counsel filed herewith, and by the record and pleadings herein.

EXHIBIT D

DATED this 21st day of September, 2004.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: _____
Eric J. Jenkins, ABA # 0011078

Certificate of Service:

I certify that on Sept 21st, 2004, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____
Janet Eastman

MOTION TO DISMISS PLAINTIFF TERRY L. SMITH'S COMPLAINT - 2
ANC 77358v1 53870-5

Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| TERRY L. SMITH, ) | Filed in the Trial Courts |
| ) | STATE OF ALASKA, FOURTH DISTRICT |
| Plaintiff, ) | |
| ) | SEP 23 2004 |
| vs. ) | |
| ) | Clerk of the Trial Courts |
| CSK AUTO INC., d/b/a SCHUCKS ) | By_____Deputy |
| AUTO SUPPLY, DOE, ) | |
| ) | |
| Defendant. ) | Case No. 4FA-04-2053 Civil |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS TERRY L. SMITH'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant CSK Auto Inc. ("CSK") submits this memorandum in support of its motion to dismiss Plaintiff Terry L. Smith's ("Smith") complaint for failure to state a claim upon which relief can be granted.

The claims Smith seeks to pursue in this case are barred by res judicata and collateral estoppel. Smith filed a nearly identical complaint in this Court six months ago that was removed to federal court by CSK. The United States District Court for the

District of Alaska granted CSK's motion to dismiss Smith's claims, finding that all of his claims were barred by either the statute of limitations, or the exclusive remedy provisions of the Alaska Worker's Compensation Act. The U.S. District Court's judgment disposing of Smith's claims is currently on appeal to the Ninth Circuit Court of Appeals. Smith's attempt to now pursue the same claims again in state court is a blatant and wholly improper attempt to circumvent an unfavorable outcome in the U.S. District Court.

## BACKGROUND

Smith is a former employee of CSK who sustained a workplace injury on March 29, 2001 after a safety belt he was wearing allegedly failed. Complaint at para. 16. On March 23, 2004, Smith filed suit against CSK and several other defendants in the case entitled <u>Terry L. Smith v. CSK Auto, Inc., et. al.</u>, Case No. 4FA-04-670 Civil, Alaska Superior Court, Fourth Judicial District at Fairbanks (hereinafter the "First Case"). Smith never served the complaint he initially filed in that matter, and filed an Amended Complaint for Damages on April 2, 2004, which named CSK and R & R Industries as defendants. <u>See</u> Affidavit of Counsel ("Counsel Affid.") filed herewith at para.2 and Exhibit A thereto.

Smith's Amended Complaint in the First Case sought "$550,000,000 Million" in damages on a host of different claims, all of which stem from the workplace injury he suffered while employed by CSK. Exhibit A to Counsel Affid. at pp. 2,5. Those claims

included: "wrongfull negligence and bad faith, fraud, malace, interferance, oppression and the covenant of good faith and fair dealing discrimination, breach of implied warranty, battery, fraudulent misrepresentation of consealment, violation and fraud of state consumer protection statutes, breach of warranty, unjust enrichment, strict liability violation of public policy [sic] . . ." Exhibit A to Counsel Affid. at p.2, para. VI. Smith's claims in the First Case also included an allegation that CSK in some way interfered with rights or benefits to which he was entitled following the date of his injury. Id. at p.3, paras IV-VI.

On April 28, 2004, CSK removed the First Case to the United States District Court for the District of Alaska, a move which Smith bitterly contested. See Counsel Affid. at para. 3 and Exhibit B thereto. That same day, CSK filed a motion to dismiss all of Smith's claims based upon the applicable statute of limitations and the exclusive remedy provisions of the Alaska Workers' Compensation Act. Counsel Affid. at para. 4.

In an order dated July 9, 2004, the U.S. District Court granted CSK's motion to dismiss Smith's complaint stating:

> Inasmuch as the Court concludes that: Plaintiff's claims are barred by the exclusive remedy of the Alaska Workers' Compensation Act; (2) Plaintiff's tort claims are time-barred, i.e., Plaintiff's claims should have been filed on or before March 29, 2003; and (3) the "discovery rule" does not apply because plaintiff knew the date his safety belt failed, Mine Safety Appliances Co. v. Stiles, 756 P.2d 288, 292 (Alaska 1988), Defendant's Motion to Dismiss (Docket No. 3) is hereby **GRANTED**.

Exhibit C to Counsel Affid. at p.2 (emphasis in original). The District Court entered judgment in favor of CSK on the same day, ordering "THAT the plaintiff take nothing" and "that the action be dismissed on its merits." See Exhibit D to Counsel Affid.

On or about July 19, 2004, Smith filed a Notice of Appeal with the Ninth Circuit Court of Appeals appealing the final judgment entered against him by the U.S. District Court. See Counsel Affid. at para. 5 and Exhibit E thereto. Smith's appeal is currently pending before the Ninth Circuit. In that appeal, Smith alleges that removal to federal court was improper because he stated no federal question claims – even though CSK removed the case based upon diversity of citizenship. Smith recently filed a motion asking the Ninth Circuit to remand the case to state court. Id. at para. 6 and Exhibit F thereto. Smith has apparently decided that, by filing a new action, he can obtain the relief that the Ninth Circuit is all but certain to deny.

## ARGUMENT

A final judgment on the merits bars the plaintiff from again bringing suit for any claims that were brought, or could have been brought, in the prior case. Smith's claims in this action do not simply arise out of the same transaction or core set of facts that gave rise to his complaint in the First Case; they are virtually identical and seek the same relief that he sought in the First Case. Smith cannot avoid the preclusive effect of the judgment entered against him in the U.S. District Court by simply filing a new case. The pertinent portions of the record from the First Case are attached to the Affidavit of Counsel filed

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS   4
ANC 77359v1 53870-5

herewith. The documents attached to the Affidavit of Counsel are a matter of public record and therefore fall within the scope of Alaska R. Evid. 201(d), which directs that the Court take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. CSK requests that the Court take judicial notice of the portions of the record from the First Case which are attached to the Affidavit of Counsel, and the facts that are established by those documents. The claims Smith seeks to assert are barred by res judicata and collateral estoppel. Smith's complaint must be dismissed with prejudice.

The defenses of res judicata and collateral estoppel may properly be raised by way of a motion to dismiss. See Conopco, Inc. v. Roll Intern., 231 F.3d 82, 86 (2nd Cir. 2000) ("Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."). See also Nizinski v. Currington, 517 P.2d 754, 756 (Alaska 1974) ("[T]he trial court could consider matters of public record, including the court files in Nizinski v. Gold Valley Electric Assoc., although normally a motion to dismiss under Civil Rule 12(b)(6) is determined solely on the basis of the pleadings.").

A.   <u>A Final Judgment on the Merits Bars a New Action on All Claims that were Brought or Could Have Been Brought in the First Proceeding.</u>

The doctrine of res judicata stands for the simple proposition that a party gets one opportunity to argue its case in court, and cannot avoid an unfavorable outcome simply

by filing a new action:

> Under the doctrine of res judicata, a final judgment bars a subsequent suit, between the same parties or their privies, upon the same claim or demand. A final judgment extinguishes all claims with respect to all or any part of the transaction, or series of connected transactions out of which the previous judgment arose. In addition, res judicata bars a second suit when the matter therein *could have been decided* in the first suit.

Tolstrup v. Miller, 726 P.2d 1304, 1306 (Alaska 1986) (emphasis in original and internal citations omitted). Moreover, a "mere change in the legal theory is not sufficient to prevent the operation of res judicata." Id. at 1307. Rather, "all claims arising out of a single transaction must be brought in a single suit, and those that are not become extinguished by the judgment in the suit in which some of the claims were brought." McDowell v. State, 23 P.3d 1165, 1166 (Alaska 2001).

B.   Smith's Claims are Barred by Res Judicata.

Smith's commencement of this action is a flagrant attempt to avoid the effects of the judgment entered against him by the U.S. District Court in the First Case. Smith's claims in the First Case, like the claims he now attempts to bring in this case, were based upon a workplace injury that he sustained while employed by CSK. The pertinent portions of Smith's complaint in the First Case state:

> V.
> PLAINTIFF WAS SEVERIELY INJURED BY A PRODUCT SUPPLYED EMPLOYEER AND PURCHASED FROM R&R INDUSTRIES CAUSING GRIEVOUS BODILY INJURY CRUSHING PLAINTIFF'S DISK AT L3-L4 L4-L5 L5-S1 [sic]

> VI
> BY REASON OF SUCH WRONGFULL NEGLIGENCE . . . THE PLAINTIFF HAS BEEN DAMAGED AS FOLLOWS: THE PLAINTIFF TERRY L. SMITH HAS LOST WAGES AND OTHER COMPENSATION AND BENEFITS FROM 3-29-01 TO PRESENT AN AMOUNT TO BE PROVEN AT TRIAL [sic]

Exhibit A to Counsel Affid. at p.2 (paras. V-VI). Smith's new complaint in this action states:

> 7. PLAINTIFF WAS SEVERIELY INJURED BY A PRODUCT[ BACK SUPPORT BELT SO-CALLED SAFETY] EQUIPMENT SUPPLYED BY EMPLOYEER AND PURCHASED FROM R&R INDUSTRIES thru R&R Industrial Safety Catalog. [sic]
>
> 8. BY REASON OF SUCH VIOLATION OF AS: 18.60.075, NEGLIGENCE PER SE . . . THE PLAINTIFF HAS BEEN DAMAGED AS FOLLOWS: THE PLAINTIFF TERRY L. SMITH HAS LOST WAGES AND OTHER COMPENSATION AND BENEFITS FROM 3-29-01 TO PRESENT AN AMOUNT TO BE PROVEN AT TRIAL. [sic]

Complaint at p.3, paras. 7-8. Both complaints also assert that CSK in some way interfered with certain rights or benefits to which Smith was entitled following the date of his injury. See Exhibit A to Counsel Affid. at p.3, paras. IV-VI, Complaint at p.4, paras III-IV.

Not only does Smith seek damages based upon the same transaction – the workplace injury he sustained while employed by CSK – but he again seeks the same relief that he sought in the First Case. Apart from removing references to R & R Industries, a co-defendant in the First Case, the prayers for relief contained in Smith's two complaints are virtually identical. See Exhibit A to Counsel Affid. at p.2, para.VI

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS    7
ANC 77359v1 53870-5

and p.5, para.V); Complaint at p.3, para VII, p.9). In each case, Smith seeks lost wages from March 29, 2001, the date of his workplace injury, to present. The only substantive change Smith made to his prayer for relief when he filed this action was to remove the dollar amount of special damages that he seeks, undoubtedly to prevent CSK from again removing the case to Federal Court.

Even if Smith were to contend that the new labels he has given to some of his "causes of action" – such as proximate cause, actionable negligence, etc. – distinguish this case from the First Case, his argument would fail. Res judicata bars not only all claims that were asserted in the prior case, but also those claims that <u>could</u> <u>have</u> been asserted. Tolstrup, 726 P.2d at 1306. See also Clark v. Haas Group, Inc., 953 F.2d 1235, 1239 (10th Cir. 1992) (former employee who previously sued for violations of Fair Labor Standards Act during employment could not bring subsequent action for age discrimination and equal pay claims). Smith's new complaint seeks the <u>same</u> relief based on the <u>same</u> core set of facts. No matter how many different labels Smith attaches to his "causes of action," they constitute the same claim or transaction for purposes of res judicata and are barred by the final judgment rendered against Smith in the First Case.

B.      <u>Smith's claims are barred by Collateral Estoppel.</u>

Apart from the bar created by res judicata, also known as claim reclusion, the related doctrine of collateral estoppel, or issue preclusion, also forecloses the claims Smith seeks to assert in this case. "The doctrine of collateral estoppel bars relitigation,

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS      8
ANC 77359v1 53870-5

even in an action on a different claim, of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding. Wall v. Stinson, 983 P.2d 736, 740 (Alaska 1999). Provided that there is identity of parties, and that the issues sought to be relitigated were actually resolved on the merits in the first action, collateral estoppel bars relitigation of those issues in a later proceeding.

In dismissing Smith's claims against CSK, the U.S. District Court made at least two critical determinations that are fatal to the causes of action Smith presently seeks to reassert in this matter. First, the U.S. District Court determined that Smith's "claims are barred by the exclusive remedy provisions of the Alaska Workers' Compensation Act [AS 23.30.055]." Exhibit C to Counsel Affid. at p.2. Regardless of how Smith chooses to title his claims against CSK, Smith is seeking recovery for a workplace injury that falls within the exclusive remedy provisions of the Alaska Workers' Compensation Act. If Smith believes this determination to be wrong – which it is not – Smith can argue that in his present appeal before the Ninth Circuit and is barred from rearguing the same issue in these proceedings.

In addition to determining that Smith's claims were barred by the Alaska Workers' Compensation Act, the U.S. District Court also determined that all of the tort claims Smith seeks to assert are "timebarred i.e., Plaintiff's claims should have been filed on or before March 29, 2003," two years after his March 29, 2001 workplace injury. Id. Moreover, the court also found that "the discovery rule does not apply because Plaintiff

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS        9
ANC 77359v1 53870-5

knew the date his safety belt failed." Id. While Smith is free to challenge these rulings in the Ninth Circuit, Smith is collaterally estopped from arguing in these proceedings that his tort claims are timely under the applicable statute of limitations, or that the statute of limitations should somehow be tolled due to the discovery rule. Smith's claims therefore fail as a matter of law and must be dismissed.

## CONCLUSION

Smith's attempt to circumvent the adverse judgment entered against him in the First Case by filing a new action cannot be sanctioned. All of the claims Smith seeks to assert in this case are barred by res judicata and collateral estoppel. For the foregoing reasons, CSK respectfully requests that its motion to dismiss Smith's complaint be granted.

DATED this 21st day of September, 2004.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: _____
Eric J. Jenkins, ABA # 0011078

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS    10
ANC 77359v1 53870-5

Certificate of Service:

I certify that on Sept 21st, 2004, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____
Janet Eastman

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS     11
ANC 77359v1 53870-5

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399