Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

TERRY L. SMITH,
    Plaintiff

VS.

CSK AUTO INC,
d.b.a. SCHUCKS AUTO SUPPLY
Doe             Defendants

RECEIVED
FOR _____
OCT 0 6 2004
DAVIS WRIGHT TREMAINE
BY _____

Case No. 4FA-04-2053 Civil

## MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Terry L. Smith Pro SE Files his Memorandum in support Of its opposition to dismiss complaint. Based on Collateral Facts and Res Nova. Plaintiffs issues are new and not based on a Prior proceeding. There for Defendants Motion to Dismiss are Baseless and unwarranted. Plaintiffs prior proceeding was a Interference complaint which was removed from Superior Court Based on a 28 U.S.C.§ 1332 AND 28 U.S.C. §1446(b) Diversity of citizenship. Plaintiff complaint are of not the same issues that were in a prior proceeding but are Res Nova Plaintiff never Stated a claim against Defendants for Declaratory and Injunctive

1

EXHIBIT F

Relief for [1] TORTIOUS INTERFERANCE WITH IMPLIED CONTRACTIONAL Relationship [2] FRAUDULENT MISREPRESATION [3] Negligence Concealment hiding of information as to the cause of injury to Plaintiff [4] VIOLATION OF AS: 18.60.075,SAFE EMPLOYMENT ACT[5]NEGLIGENCE BREACH OF DUTY[6] ACTIONABLE NEGLIGENCE[7] NEGLIGENCE PER SE[8] Negligent Infliction of Emotional Distress To Ones Personal Body[9] Proximate Cause, [10] Wrongful Termination In Violation of the doctrine of good faith and fair dealing in Violation of public policy. Plaintiffs new issues are not under the workers compensation act. like Defendants would like to have this court believe they are of that nature. But the Clear facts to this issue is that none of Plaintiffs new issues Were not Pleaded or Advanced on appeal their by collateral Estoppel and Res Judicata does not barr Plaintiff new issues and These new issues were not a final judgment **(a significant factor In determining whether a judgment is sufficiently final for Collateral estoppel purposes is whether the decision was in fact Reviewed on appeal)**.See:[Restatement (Second) of Judgments §27.]

### Different Factual or Legal Issues Being Decided

As stated by Defendant Plaintiff Terry L. Smith [is a former employee of Csk Auto] Was Terminated in silence for bringing a workers compensation claim against his former employer.Their by

2

employer retaliated by and thru without knowledge to Plaintiff wrongfully terminated Plaintiff and with out his knowledge. This is in its self is in violation of Public Policy of good faith and fair dealing. This is a new issue, which was never Pleaded or advanced on appeal. Given the history of a prior Proceeding Plaintiffs new issues were never Pleaded and or were Never raised in a prior proceeding. Restatement (Second) of **Judgments §27.** cmt. d. Conversely, a judgment is not conclusive in a second action "as to issues which might have been but were not litigated and determined in the prior action." [Id. **Judgments §27** cmt. e.] Plaintiffs new issues are from a change in position as new information surfaced by Defendants which [D]efendants were hiding information from Plaintiff and Plaintiff did not realize or recognize in a Prior Proceeding. The issue to the prior action is weather prior action was fully litigated "Id"

### Denial of a Full and Fair Opportunity to Litigate

Plaintiff in a Prior action was not given the full effect to Properly Plead his complaint and with defects in complaint was Removed to U.S. District Court on Plaintiffs errors on his Defective complaint their by Plaintiff was removed on a [e]rror Jurisdictional amount which was defect in complaint and the U.S. District court erred in denying Plaintiff under Fed Civ Rule 15 To correct and amend error. Plaintiff twice asked the U.S

3

District Court let Plaintiff Amend complaint [on motion][Exhibit B]Dated June 10th 2004 and on August 5th 2004[Exhibit C] failed to let Plaintiff correct any errors In complaint [Exhibit A].The documents attatched are a matter of public record and therefore fall under Alaska R.Evidence 201(d)which directs this court to take Judicial notice as to the facts that The U.S.District Court did not let Plaintiff freely amend his complaint under Fed Civ R 15 to let Plaintiff correct errors and defects in Plaintiffs complaint.as pro se litigants are to be given reasonable and a Opportunity to remedy the defects in their pleadings. **Reynoldson v Shillinger** 907F .2d 124, 126 (10th Cir. 1990); See also **Jaxon v Circle K. Corp.** 773 F.2d 1138, 1140 (10th Cir. 1985)also see **COPPER VALLEY TRADING CO.v.KRATZ 513 P2d 1113(ALASKA 1973)** STATES: [A TRIAL COURT MAY ALLOW WHATEVER AMENDMENT MAY BE NECESSARY TO RECTIFY ANY DEFICIENCY IN THE PLEADINGS] This is What the U.S.District Court Failed to let Plaintiff do. and When [An issue is "actually litigated" when it is "properly raised ... submitted for determination, and is determined quoting;.Restatement (Second) of Judgments §27.In the prior proceeding Plaintiffs time was spent on a remand issue their for no issues in a prior proceeding was litigated and the fact is their was no discovery taken or any hearings. Nothing in the Plaintiffs Pleadings were Properly raised because of the defects And errors in complaint in the prior Proceeding and the issues

4

On appeal to the ninth circuit are not of issues but of question Of law not a question of fact. Their for any prior issues were Not properly raised or were given fair litigation.and The Issue Presented Was Not Actually Litigated in the Court Below or Was Not essential to the Judgment Rendered. Here a different legal Standard was applied to the same evidence at a criminal trial Level, a subsequent civil action is not barred by an unfavorable ruling on a motion to suppress. **McGowan v. City of San Diego**, 256 Cal.Rptr. 537 (Cal. App. 4th Dist. 1989). the determination of the issue must have been essential to the final judgment see **Johnson v. Alaska State Dep't of Fish & Game**, 836 P.2d 896, 906 (Alaska 1991) (citations omitted).Plaintiffs new claims are not barred the collateral facts prove other wise.

### PLAINTIFF NEW ISSUES ARE NOT BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL

Since Plaintiff has new issues which could not have been advanced in a prior proceeding against Defendant Csk Auto. By the U.S. District Courts and the failure to fully litigate the prior issues. Alaska law is clear regarding the importance of the right to a jury trial. Civil Rule 38(a) declares that "[t]he right of trial by jury . . . shall be preserved to the parties inviolate." This right will not be deemed waived (outside of the exceptions in Rule 38(d)) unless the waiver is explicit, or illustrated by actions "so inconsistent with [an] intent to

enforce the right in question" as to indicate that the right has been waived. **Frank v. Golden Valley Elec. Ass'n**, 748 P.2d 752, 754-55 (Alaska 1988). Plaintiff never waived any right, and on the face of complaint of a prior proceeding Plaintiff clearly states a demand for jury trial and this was not afforded to Plaintiff in a prior proceeding. Thereby under Alaska law Due Process was not afforded to Plaintiff to fully Litigate any issues in a prior proceeding. Collateral estoppel, or issue preclusion, applies if four conditions are met: [T]he party against whom preclusion would work must have been a party, or in privity with a party, to the first action; the issue to be precluded from relitigation must be identical to the issue decided in the first action; the first action must have resolved the issue by final judgment on the merits; and the determination Of the issue must have been essential to the final judgment. Citing: **Johnson v. Alaska State Dep't of Fish & Game**, 836 P.2d 896, 906 (Alaska 1991) In addition to these four conditions, the Issue to be collaterally estopped must have been "actually and Fully litigated in the first action." [**Murray v. Feight**, 741 P.2d 1148, 1153 (Alaska 1987).] In other words, the precluded Party must have had "a fair opportunity procedurally, Substantively, and evidentially to contest the issue." [:Id. At 1154]. Quoting **Chilton-Wren v. Olds** (5/5/00) sp-5268. In a prior

proceeding Plaintiffs issue was employer interference and in the currant issue is separate claims of [1] TORTIOUS INTERFERANCE WITH IMPLIED CONTRACTIONAL Relationship [2] FRAUDULENT MISREPRESATION[3] Negligence Concealment hiding of information as to the cause of injury to Plaintiff[4] VIOLATION OF AS: 18.60.075,SAFE EMPLOYMENT ACT[5]NEGLIGENCE BREACH OF DUTY[6] ACTIONABLE NEGLIGENCE[7] NEGLIGENCE PER SE[8] Negligent Infliction of Emotional Distress To Ones Personal Body[9] Proximate Cause, [10] Wrongful Termination In Violation of the doctrine of good faith and fair dealing in Violation of public policy. These claims new issues are in its self independent of each other and were never advanced in a prior proceeding. The act of dismissal on the merits of a prior proceeding dose not Barr claim preclusion in a prior proceeding See; **Semtek v. Lockheed Martin 531 U.S. 497 (2001)** Collateral estoppel does not apply to an issue which could not have been raised in the prior proceedings. (See **Chern v. Bank of America** 15 Cal.3d 866,871-72 **(1976)** also see; Restatement (Second) of Judgments §27. cmt. d. The clear facts to the issue of claim preclusion is that the issues of a prior proceeding is that the U.S.District Court Failed to let Plaintiff, amend Complaint under Fed Civ R 15 and that the due process of the U.S. District court Failed Plaintiff Their fore the issue of a prior proceeding was not fully and

Totally litigated. To avoid unfairness, courts have declined to apply **collateral estoppel** in situations in which the doctrine would lead to an inequitable result. See, e.g., **Parklane Hosiery Co. v. Shore**, 439 U.S. 322, 330, 99 S.Ct. 645, 651, 58 L.Ed.2d 552, 561 (1979)].The U.S.District Court in the prior proceeding did not dismiss prior claims without prejudice, thereby the new plaintiff's "subsequent action" is not "based on as to the 'same claim' as that litigated in an earlier action." **Whitacre P'ship v. Biosignia, Inc.**, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004).

### PLAINTIFFS NEW ISSUES ARE NOT WORKER COMP RELATED

The clear fact to the prior issue is that their were no federal claims stated and the prior issues were not worker comp related and fall out side the workmen's compensation act. Plaintiff never stated an issue of state workers compensation and the currant issues are in no way related to the prior issues, nor could the currant issues have been raised because of the U.S.District Courts Failure to Let Plaintiff amend Complaint and correct defects in prior complaint. thereby no currant issues could have been raised or advanced. Defendants would like this court to believe that the Prior issues are the same when the facts to this issue is that there are new Doe Defendants which are hiding under the corporate vail,and Defendant Csk Auto Corp is hindering the prosecution of such defendants by hiding Doe

Defendants to preclude them from a new action against them and Given the true facts as to a prior proceeding, when Plaintiff Was removed on a error of [diversity and Jurisdictional amount] stated, in prior complaint The U.S.District Court did not let Plaintiff correct errors in complaint and their fore was held By defect in complaint which was error on the court. For a court to exercise federal question jurisdiction, a case must arise under the United States Constitution, the laws of the United States, or treaties made under their authority. **U.S. Const., art. III,** The claim arising under federal law must also be substantial; that is there must be legal substance to the position See, e.g., **United Mine Workers of America v. Gibbs**, 383 U.S. 715, 725 (1966); If the federal claim that is the basis for jurisdiction is obviously without merit or is wholly frivolous, the federal court must dismiss for a lack of jurisdiction. See, e.g., **Montana Catholic Missions v. Missoula County,** 200 U.S. 118, 130 (1906); **Mainelli v. Providence Journal Co.,** 312 F.2d 3, 5-6 (1st Cir. 1962); However, if there is any foundation of plausibility to the claim[,] federal jurisdiction exists. **Southpark Square Ltd. v. City of Jackson, Miss.,** 565 F.2d 338, 342-43 (5th Cir. 1977). There is no question that a dismissal that results because there is no substantial federal question is a jurisdictional dismissal.

This is what the Ninth Circuit is looking at the errors of the U.S.District Court, and Plaintiff is very confident on appeal as where a lower court judgment is not "final" for purposes of res judicata or collateral estoppel when it is on appeal. See, also e.g., **People ex rel. Gow v. Mitchell Bros.' Santa Ana Theater**, 161 Cal. Rprtr. 562, 568 (Cal. Ct. App. 1980)); **Greene v. Transp. Ins. Co.**, 313 S.E.2d 761, 763 (Ga. Ct. App. 1984); **Dupre v. Floyd**, 825 So. 2d 1238, 1240-41 (La. Ct. App. 2002) (per curium), writ denied, 840 So. 2d 546 (La. 2003); **Petition of Donovan**, 623 A.2d 1322, 1324 (N.H. 1993); **Benham v. Plotner**, 795 P.2d 510, 512 (Okla. 1990); **McBurney v. Aldrich**, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991); **Faison v. Hudson**, 417 S.E.2d 302, 305 (Va. 1992); **Jordache Enters., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh**, 513 S.E.2d 692, 703 (W. Va. 1998).

## CONCLUSION

Plaintiffs Prior Complaint is with defect and errors. and their fore on the face of it,is lacking of subjectmatter for the U.S. District Court. Defendants cannot complain since these new issues are not of a workers compensation issue and fall out side of that act, and these new issues were never raised nor advanced in a prior proceeding.nor could have because of the U.S.District Courts error in not letting Plaintiff fully litigate in a prior proceeding. Their for Plaintiff asks this court to deny Defendants Motion to Dismiss on Alaska R Civ P.

12(b)(6)Defense of Res Judicata and collateral estoppel and to to proceed this case to trial on new claim and new issues.

Respectfully Submitted,      Dated This 9TH Day Of OCT ,2004

*[signature]*
TERRY L. SMITH PRO SE

MEMORANDUM OF OPPOSITION
TO DISMISS

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH,<br>      Plaintiff<br><br>VS.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>Doe        Defendants | Case No. 4FA-04-2053 Civil |

**ORDER DENYING DEFENDANT CSK AUTO CORP. MOTION TO DISMISS**

PLAINTIFF HAVING MOVED THIS COURT FOR AN ORDER DENYING DEFENDANT CSK AUTO CORP MOTION TO DISMISS ON ALASKA R. CIV P.12(B)(6)MOTION;THE COURT HAVING CONSIDERED THE REQUEST.

   **IT IS HERE BY ORDERED** THAT PLAINTIFF REQUEST IS GRANTED DEFENDANTS MOTION IS DENIED.

   IT IS SO ORDERED THIS_____DAY OF _____,2004

                                                                        HONORABLE CHARLES R.PENGILLY
                                                                        JUDGE OF THE SUPERIOR COURT

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH,<br>              Plaintiff<br><br>VS.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>Doe        Defendants | Case No. 4FA-04-2053 Civil |

**AFFIDAVIT ON MOTION**

Plaintiff Pro Se Terry L. Smith States as follows: In a prior proceeding Plaintiff was removed from superior court to the U.S. District Court on the grounds of diversity and jurisdictional amount and did not plead as to the proper jurisdiction which was [e]rror on the side of U.S.District Court. in not letting Plaintiff amend complaint of a prior proceeding[Exhibit a] to correct any errors and defects.

1. On May 10th 2004 Plaintiff files notice to remand[Exhibit b] Back to Superior court on grounds of defect of notice of removal and diversity of citizenship.

2. on June 10th 2004 Plaintiff files Motion[Exhibit c] in U.S. District Court and ask court to let plaintiff amend complaint.

1

3. Plaintiff does not realize that he was removed by fraud and that a prior Defendant R&R industries after stipulation to dismiss claim against them. did not object to removal by way of faxed letter[Exhibit d] to Csk Auto Attorneys stating this non objection to remove, when in fact R&R industries was already removed. this was Csk Autos Attorney way of using fraud by deceiving the U.S. District court and once letter was received and used in affidavit the fraud removal was compleat.

4. in a prior proceeding in U.S. District Court there were no discovery taken, no hearings when asked by motion. no evidence produced, no deposition, no litigation on any prior issues nothing was litigated.

5. Restatement (Second) of Judgments §27.
Restatement §27 states: When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.

6. An issue is "actually litigated" when it is "properly raised"Id" Quoting: Restatement (Second) of Judgments §27.

7. Conversely, a judgment is not conclusive in a second action "as to issues which might have been but were not litigated and determined in the prior action." Id.

8. U.S.District Court lacked Subjectmatter over prior proceeding and this issue is on review in the Ninth Circuit

9. in prior proceeding complaint was not properly plead because of error and defect in complaint.

10. Plaintiffs new claims are based on new information, that Defendant Csk Auto Corp. was hiding from Plaintiff and was not raised or litigated or advanced in a prior proceeding.

11. These are prior statements and are not born out of new complaint nor were they advanced or litigated in prior proceeding. Nor properely plead.

V.

PLAINTIFF WAS SEVERIELY INJURED BY A PRODUCT SUPPLYED EMPLOYEER AND PURCHASED FROM R&R INDUSTRIES CAUSING GRIEVOUS BODILY INJURY CRUSHING PLAINTIFF'S DISC AT L3-L4 L4-L5 L5-S1

2

## VI.

BY REASON OF SUCH WRONGFULL NEGLIGENCE AND BAD FAITH, FRAUD, MALACE, INTERFERANCE, OPPRESSION AND THE COVENANT OF GOOD FAITH AND FAIR DEALING DISCRIMINATION.BREACH OF IMPLIED WARRANTY, BATTERY, FRAUDULENT MISREPRESENTATION OF CONSEALMENT, VIOLATION AND FRAUD OF STATE CONSUMER PROTECTION STATUTES, BREACH OF WARRANTY, UNJUST ENRICHMENT, STRICT LIABILITY VIOLATION OF PUBLIC POLICY THE PLAINTIFF HAS BEEN DAMAGED AS FOLLOWS: THE PLAINTIFF TERRY L. SMITH HAS LOST WAGES AND OTHER COMPENSATION AND BENEFITS FROM 3-29-01 TO PRESENT AN AMOUNT TO BE PROVEN AT TRIAL

12. These are new issues of allegation statements of what had happened to plaintiff even those statements that were on a prior complaint does not mean the allegation is moot.

## VI.

**7.** PLAINTIFF WAS SEVERIELY INJURED BY A PRODUCT[ BACK SUPPORT BELT SO-CALLED SAFETY] EQUIPMENT SUPPLYED BY EMPLOYEER AND PURCHASED FROM R&R INDUSTRIES thru R&R Industrial Safety Catalog.

13. these are new claims which were never raised nor advanced or litigated in a prior proceeding.

## VII.

**8.** BY REASON OF SUCH VIOLATION OF AS: 18.60.075, NEGLIGENCE PER SE, FRAUDULENT WRONGFULL TERMINATION IN VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AND IN VIOLATION OF PUBLIC POLICY, FRAUDULENT MISREPRESENTATION OF SAFETY EQUIPMENT, PROXIMATE CAUSE, ACTIONABLE NEGLIGENCE, FRAUD OF CONSEALMENT HIDING OF CAUSE OF INJURY, FAILURE TO WARN, BREACH OF FIDUCIARY DUTY,EMOTIONAL DISTRESS TO ONES BODY, THE PLAINTIFF HAS BEEN DAMAGED AS FOLLOWS: THE PLAINTIFF TERRY L. SMITH HAS LOST WAGES AND OTHER COMPENSATION

3

AND BENEFITS FROM 3-29-01 TO PRESENT AN AMOUNT TO BE PROVEN AT TRIAL. BY DEFENDANTS NEGLIGENCE HIDING OF INFORMATION FROM PLAINTIFF

14. The Clear issue in a prior proceeding was Plaintiff was removed from Superior court to U.S.District Court and no issues in a prior proceeding was properely plead or advanced on appeal, the fact to this is nothing in prior proceeding was litigated on each of plaintiffs counts.

15. Plaintiff only brings this new claim on information that Defendants are withholding, hiding information to stifle a cause of action against them.

16. Plaintiffs prior complaint, was ill with errors and defect U.S. District Court failed to let Plaintiff correct errors and held Plaintiff on defect and error in a prior proceeding.

Further your Affiant Sayeth Naught.

Dated This 4th Day Of OCT, 2004

By: _____
Terry Lee Smith pro se

Subscribed and Sworn to before me this 4th Day Of October, 2004.

By: Carol Diann Irish
Notary Public in and for Alaska

My Commission Expires: 4-16-2007



OFFICIAL SEAL
CAROL DIANN IRISH
NOTARY PUBLIC
STATE OF ALASKA
My Commission Expires: April 16, 2007

AFFIDAVIT ON MOTION

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4TH of OCT 2004, A TRUE AND CORRECT COPY OF THE of the foregoing DOCUMENT WAS SERVED VIA:

(✓) FIRST CLASS MAIL
( ) FACSIMILE AND MAIL
( ) HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 West 8th Avenue
Suite 800
Anchorage, Alaska 99501
Ph: 907 257 5300
Fax: 907 257 5399

TERRY L. SMITH PRO SE
P.O. box 60882
FAIRBANKS, AK 99706

CERTIFICATE OF
SERVICE CSK AUTO.