Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH,<br>                Plaintiff<br><br>VS.<br><br>CSK AUTO INC,<br>d.b.a.SCHUCKS AUTO SUPPLY<br>  DOE          Defendant | COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL; SUMMONS |

CASE_____CIVIL

**COMPLAINT**

1. COMES NOW THE PLAINTIFF TERRY L. SMITH PRO SE DEMANDS A JURY TRIAL FOR HIS COMPLAINT AGAINST THE ABOVE NAMED DEFENDANTS STATES AND ALLEGES AS FOLLOWS:

I.

**INTRODUCTORY ALLEGATIONS**

2. This action is brought under the STATE OF ALASKA against Defendants for damages as well as Declaratory and Injunctive Relief for [1] TORTIOUS INTERFERANCE WITH IMPLIED CONTRACTIONAL RELATIONSHIP, [2] FRAUDULENT MISREPRESATION [3] Negligence Concealment hiding of information as to the cause of injury to Plaintiff [4] VIOLATION OF AS: 18.60.075,SAFE EMPLOYMENT ACT

1

**EXHIBIT F**

[5]NEGLIGENCE BREACH OF DUTY[6] ACTIONABLE NEGLIGENCE[7] NEGLIGENCE PER SE[8] Negligent Infliction of Emotional Distress To Ones Personal Body[9] Proximate Cause, [10] Wrongful Termination In Violation of the doctrine of good faith and fair dealing in Violation of public policy.

## II.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant under the doctrine of Minimum contacts as Defendant Csk Auto Corp. has purposely availed Itself of the privilege of doing business in this state. Plaintiff is a resident of the FOURTH JUDICIAL DISTRICT, STATE OF ALASKA, This Court has jurisdiction pursuant to AS:22.10.020/AS:09.05.015 Venue is proper in this Court. The jurisdiction of this court is Invoked pursuant to AS 22.10.022. Venue is properly laid in the Fourth Judicial District of the Superior Court for the State of Alaska pursuant to AS 22.10.030 and Alaska R. Civ. P. 3(c).

## III.

4. CSK AUTO SUPPLY CORP AND ENETIES FAILED TO PROVIDE SAFETY EQUIPMENT FOR PLAINTIFFS SAFETY IN VIOLATION OF AS: 18.60.075,

## IV.

5. ON AUGUST 28 2000 PLAINTIFF WAS EMPLOYED BY DEFENDANT CORPORATION AS A FULL TIME DELIVER DRIVER LOCATED AT 605 OLD STEESE HWY WHICH THEIR WAS A SCHUCKS AUTO SUPPLY NOW LOCATED AT 58 COLLEGE ROAD.

### V.

6. DEFENDANTS ARE HIDING RELEVANT INFORMATION AS TO PLAINTIFF GREIVIOUS INJURY

### VI.

7. PLAINTIFF WAS SEVERIELY INJURED BY A PRODUCT[ BACK SUPPORT BELT SO-CALLED SAFETY] EQUIPMENT SUPPLYED BY EMPLOYEER AND PURCHASED FROM R&R INDUSTRIES thru R&R Industrial Safety Catalog.

### VII.

8. BY REASON OF SUCH VIOLATION OF AS: 18.60.075, NEGLIGENCE PER SE, FRAUDULENT WRONGFULL TERMINATION IN VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AND IN VIOLATION OF PUBLIC POLICY, FRAUDULENT MISREPRESENTATION OF SAFETY EQUIPMENT, PROXIMATE CAUSE, ACTIONABLE NEGLIGENCE, FRAUD OF CONSEALMENT HIDING OF CAUSE OF INJURY, FAILURE TO WARN, BREACH OF FIDUCIARY DUTY, EMOTIONAL DISTRESS TO ONES BODY, THE PLAINTIFF HAS BEEN DAMAGED AS FOLLOWS: THE PLAINTIFF TERRY L. SMITH HAS LOST WAGES AND OTHER COMPENSATION AND BENEFITS FROM 3-29-01 TO PRESENT AN AMOUNT TO BE PROVEN AT TRIAL. BY DEFENDANTS NEGLIGENCE HIDING OF INFORMATION FROM PLAINTIFF

### COUNT I.

### FIRST CLAIM FOR RELEIF TORTIOUS INTERFERANCE OF CONTRACTIONAL RELATIONS

FOR HIS FIRST CAUSE OF ACTION, PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN THE PARAGRAPH ABOVE OF HIS COMPLAINT.

I.

9. PLAINTIFFS HAND BOOK IS A IMPLYED CONTRACT OF GOOD FAITH AND FAIR DEALING UNDER PUBLIC POLICY STATUTES WHICH WAS INTERFIERED WITH BY DEFENDANT CSK AUTO CORP.

II.

10. THAT IN VIOLATION OF PLAINTIFFS RIGHTS AS AN EMPLOYEE, DEFENDANT CORPORATION WILLFULLY VIOLATED AND INTENTIONALLY VIOLATED DEFENDANT CORPORATIONS POLICY AND PROCEDURE SAFETY MANUAL PROMULAGED BY DEFENDANT CORPORATION TO PROVIDE SAFETY EQUIPMENT AND WITHOUT REASONABLE JUSTIFICATION OR EXCUSE VIOLATED AS:18.60.075,SAFE EMPLOYMENT ACT WHICH IS NEGLIGENCE PER SE, DISCRIMINATED AGAINST PLAINTIFF

III.

11. DURING THE COURSE OF PLAINTIFFS INJURY DEFENDANT INTERFERED WITH PLAINTIFFS RIGHTS PROMUGLATED BY DEFENDANT CORPORATION.THEIR BY INTERFERING WITH PLAINTIFFS MEDICAL BENEFITS PROVIDED IN PLAINTIFFS IMPLYED CONTRACT OF GOOD FAITH AND FAIR DEALING WHICH IS BAD FAITH.

IV.

12. BY REASON OF COEHERSION FRAUD DEFENDANT FRAUDED PLAINTIFF OUT OF BENEFITS PROMULAGED BY DEFENDANT CORPORATION HAND BOOK POLICY AND IN THE COURSE OF SAID POLICY DEFENDANTS CONTRAIRY TO PUBLIC POLICY INTERFERED WITH CONTRACTUAL RELATIONS OF PLAINTIFF. HAVEING BREACHED THE COVENANT OF GOOD FAITH AND FAIR DEALING

## COUNT II.

### SECOND CLAIM FOR RELEIF  FRAUDULENT MISREPRESENTATION

PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN COUNTS I OF HIS COMPLAINT.

I.

13. DEFENDANT CORPORATION FRAUDULENT MISREPRESENTATION OF SAFETY EQUIPMENT, KNEW BACK SUPPORT BELT WAS NOT PERSONAL PROTECTION EQUIPMENT, THEIR BY FAILED TO WARN PLAINTIFF OF INPENDING DANGERS OF SUCH PRODUCT [NEGLIGENCE MISREPRESENTATION OF BACK SUPPORT BELT AS SAFETY EQUIPMENT]

II.

14. THAT IN THE COURSE OF EMPLOYMENT EMPLOYER GAVE PLAINTIFF A KNOWEN SO-CALLED SAFETY BELT[ NON PERSONAL PROTECTIVE EQUIPMENT] THAT COLLAPSED ON EMPLOYEE THIS IS FRAUDULENT MISREPRESENTATION OF SAFETY EQUIPMENT [FRAUDULENT NEGLIGENCE, BAD FAITH, MISREPRESENTATION OF CONSEALMENT FAILURE TO WARN OF DANGER]

III.

15. EMPLOYER CSK AUTO CORP. FAILED TO PROTECT EMPLOYEE AND WARN EMPLOYEE OF HAZARD OF WEARING EMPLOYER SUPPLYED BACK SUPPORT BELTS THAT WERE EMPLOYER MANDATETED TO WEAR PER COMPANY POLICY.

IV.

16. ON 3-29-01 DEFENDANT CSK AUTO CORP SENT PLAINTIFF OUT ON A DELIVERY WITHOUT PROTECTIVE SAFETY EQUIPMENT. THEIR BY CAUSING GRIEAVIOUS INJURY TO EMPLOYEES LOWER SPINE CRUSHING HIS DISC AT L3-THRU S1

## COUNT III

### THIRD COUNT NEGLIGENT CONSEALMENT

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II

I.

17. DEFENDANT NEGLIGENTLY CONSEALED A CAUSE OF ACTION BY HIDING RELEVANT INFORMATION AS TO HINDER A CAUSE OF ACTION.

**II.**

18. DEFENDANTS CONSEALED INFORMATION FROM PLAINTIFF AS BACK SUPPORT BELT WAS SAFETY EQUIPMENT, THEIR BY PLAINTIFF RELIED ON FAULSE INFORMATION AS BACK SUPPORT BELT IS NOT PERSONAL SAFETY EQUIPMENT.

**III.**

19. DEFENDANT CONSEALED INFORMATION AS TO PLAINTIFFS INJURY AND THE INJURY TO OTHER EMPLOYEES THAT WERE INJURED BY SO-CALLED SAFETY EQUIPMENT

## COUNT IV.

### FOURTH COUNT FOR RELEIF VIOLATION OF AS 18.60.075 SAFE EMPLOYMENT ACT

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III

**I.**

20. **AS 18.60.075 SAFE EMPLOYMENT STATES**: (a) AN EMPLOYER SHALL DO EVERYTHING NECESSARY TO PROTECT THE LIFE, HEALTH, AND SAFETY OF EMPLOYEES. EMPLOYER VIOLATED THIS RELEVANT STATUTE BY FAILING TO PROVIDE EMPLOYEE WITH SAFETY EQUIPMENT

## COUNT V.

### FIFTH COUNT NEGLIGENT BREACH OF DUTY

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III COUNTS IV

21. EMPLOYEE PLAINTIFF RELIANCE ON EMPLOYER FIDUCIARY DUTY TO KEEP EMPLOYEE SAFE FAILED TO DO SO, CAUSED A GRIEVIOUS INJURY TO EMPLOYEE. VIOLATED **AS 18.60.075 SAFE EMPLOYMENT ACT**

## COUNT VI.

### SIXTH COUNT ACTIONABLE NEGLIGENCE

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III COUNTS IV COUNTS V

22. DEFENDANTS CSK AUTO CORP, AND ENITIE OWNED A DUTY TO PLAINTIFF TO WARN OF HAZARDS OF UNSAFE UNREGULATED BACK SUPPORT BELT NOT BEING PERSONAL PROTECTION EQUIPMENT PRODUCT. VIOLATED **AS 18.60.075 SAFE EMPLOYMENT ACT**

## COUNT VII.

### SEVENTH COUNT NEGLIGENCE PER SE

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III COUNTS IV COUNTS V COUNTS VI

23. DEFENDANT CSK AUTO CORP.GAVE EMPLOYEE PLAINTIFF INFERIOR BACK SUPPORT BELT AS IMPLYED SAFETY EQUIPMENT.DEFENDANT KNEW BACK SUPPORT BELT WAS NOT PERSONAL PROTECTION EQUIPMENT. VIOLATED <u>AS 18.60.075 SAFE EMPLOYMENT ACT</u>

## COUNT VIII.

### EIGHTH CLAIM FOR RELEIF INTENTIONAL INFLICTION OF EMOTIONAL DISTRES

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III COUNTS IV COUNTS V COUNTS VI COUNTS VII

I.

24. Defendants' conduct was unreasonable and outrageous and exceeds the bounds usually tolerated by decent society, and was done willfully, maliciously and deliberately with the intent to cause Plaintiff severe mental and emotional pain, distress, and anguish and loss of enjoyment of life, or was done with reckless indifference to the likelihood that such behavior would cause such severe emotional distress and with utter disregard for the consequences of such actions

II.

25. The behavior and conduct on the part of Defendants as described herein above was so extreme and outrageous as to be capable of causing Plaintiff severe emotional distress and has in fact caused Plaintiff severe anguish, distress,

II.

26. As a direct and proximate result of the conduct of Defendants as alleged herein above, Plaintiff has suffered non-pecuniary damages in an amount to be proven at trial.

III.

27. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

### COUNT VIIII.

### NINTH CLAIM FOR RELEIF PROXIMATE CAUSE

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III COUNTS IV COUNTS V COUNTS VI COUNTS VII COUNTS VIII

I.

28. PLAINTIFF'S INJURY WAS PROXIMATE CAUSE, BY DEFENDANTS MISREPRENSATION OF A BACK SUPPORT BELT AS BEING SAFETY EQUIPMENT,THEIR BY CAUSING A GREIVIOUS INJURY TO EMPLOYEE PLAINTIFF

II.

29. DEFENDANTS PACKAGED CASES OF ANTIFREEZE WRONG FOR SHIPPING,OVER LOADED PLAINTIFF DOUBLE TAPPED CASES OF ANTIFREEZE TOGETHER IN VIOLATION OF O.S.H.A. RULES

### COUNT X

### TENTH CLAIM FOR RELEIF WRONGFUL TERMINATION

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III COUNTS IV COUNTS V COUNTS VI COUNTS VII COUNTS VIIII

I.

**30.** DEFENDANTS SECRETLY TERMINATED EMPLOYEE WHILE EMPLOYEE WAS UNDER WORKER COMPENSATION SYSTEM IN VIOLATION OF MEDICAL LEAVE ACT

**31.** THE PLAINTIFF HAND BOOK IS A IMPLIED CONTRACT OF GOOD FAITH AND FAIR DEALING WHICH OBGLIGATES DEFENDANTS AND CODEFENDANTS AS A MATTER OF LAW TO ACT IN GOOD FAITH AND FAIR DEALING THEIR FORE INTENTIONALY AND NEGLIGENTLY INFLICTED PAIN AND SUFFERING UPON PLAINTIFF. CAUSING DISTRESS UPON HIS INJURIES. WHERE FORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE DEFENDANT CSK AUTO SUPPLY AND ENETIES INDIVIDUAL DEFENDANTS EQUALY AND SEVERALLY AS FOLLOWS:

1. PLAINTIFF LOST WAGES, COMPENSATION AND OTHER BENEFITS PAST AND FUTURE TO BE PROVEN AT TRIAL

2. FOR PUNITIVE AND COMPENSATIORY DAMAGES AS DEEMED JUST BECAUSE OF THE NEGLIGENT, INTENTIONAL MALICIOUS AND OUT RAGEOUS CONDUCT BY AND THROUGH DEFENDANTS AND CONTRARY TO PUBLIC POLICY

3. FOR PREJUGMENT INTREST COST AND ATTORNEY FEES

4. PLAINTIFF SEEKS SPECIAL DAMAGES

5. FOR SUCH FURTHER RELEIF AS THE COURTS DEEMS JUST AND EQUITABLE.

6. EMOTIONAL DISTRESS ON HIS BODY

7. PLAINTIFF WILL AMEND COMPLAINT AS DEMED NECESSARY

DATED THIS 23 DAY OF AUG at FAIRBANKS ALASKA.

*[signature]*
TERRY L SMITH PRO SE
P.O. BOX 60882
FAIRBANKS, ALASKA 99706

C.C. REGISTERED AGENT: NATIONAL REGISTERED AGENTS, INC.
801 W. 10TH ST STE 300
JUNEAU AK 99801

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## FOURTH JUDICIAL DISTRICT

TERRY L. SMITH,
           Plaintiff

VS.

CSK AUTO INC,
AND ENETIES    Defendant

R&R INDUSTRIES.INC SUPPLYER
AND ENETIES
           Co. Defendants

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

APR 02 2004

Clerk of the Trial Courts
By_____Deputy

CASE NO- 4FA-04-670 CIVIL

### AMMENDED COMPLAINT FOR DAMAGES

COMES NOW THE PLAINTIFF TERRY L. SMITH PRO SE DEMANDS A JURY TRIAL FOR HIS COMPLAINT AGAINST THE ABOVE NAMED DEFENDANTS STATES AND ALLEGES AS FOLLOWS:

**I.**

THE PLAINTIFF IS A RESIDENT OF THE FOURTH JUDICIAL DISTRIC, STATE OF ALASKA

**II.**

THE DEFENDANTS CSK AUTO SUPPLY IS A FORIEN CORPORATION WHICH OWNES AND OPERATES RETAIL STORES, WHICH ARE LOCATED THROUGH OUT ALASKA AND THE US.

**III.**

R&R INDUSTRIES IS A MAJOR INDUSTRIAL SUPPLYER TO CSK AUTO SUPPLY CORP AND ENETIES WHO FAILED TO PROVIDE QUALITY PROUDUCTS AND QUALITY MATERIAL FOR PLAINTIFFS SAFETY.

1

### IV.

ON AUGUST 28 2000 PLAINTIFF WAS EMPLOYED BY DEFENDANT CORPORATION AS A FULL TIME DELIVER DRIVER LOCATED AT 605 OLD STEESE HWY WHICH THEIR WAS A SCHUCKS AUTO SUPPLY NOW LOCATED AT 58 COLLEGE ROAD.

### V.

PLAINTIFF WAS SEVERIELY INJURED BY A PRODUCT SUPPLYED EMPLOYEER AND PURCHASED FROM R&R INDUSTRIES CAUSING GRIEVOUS BODILY INJURY CRUSHING PLAINTIFF'S DISC AT L3-L4 L4-L5 L5-S1

### VI

BY REASON OF SUCH WRONGFULL NEGLIGENCE AND BAD FAITH, FRAUD, MALACE, INTERFERANCE, OPPRESSION AND THE COVENANT OF GOOD FAITH AND FAIR DEALING DISCRIMINATION BREACH OF IMPLIED WARRANTY, BATTERY, FRAUDULENT MISREPRESENTATION OF CONSEALMENT, VIOLATION AND FRAUD OF STATE CONSUMER PROTECTION STATUTES, BREACH OF WARRANTY, UNJUST ENRICHMENT, STRICT LIABILITY VIOLATION OF PUBLIC POLICY THE PLAINTIFF HAS BEEN DAMAGED AS FOLLOWS: THE PLAINTIFF TERRY L. SMITH HAS LOST WAGES AND OTHER COMPENSATION AND BENEFITS FROM 3-29-01 TO PRESENT AN AMOUNT TO BE PROVEN AT TRIAL.

### COUNT II

FOR HIS SECOND CAUSE OF ACTION, PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN COUNTS I OF HIS COMPLAINT.

### I.

THAT AT ALL TIMES HEREINAFTER MENTIONED DEFENDANTS CSK AUTO SUPPLY INC A PUBLIC COMPANY AND R&R INDUSTRIES A MAJOR SUPPLYER TO CSK AUTO CORP. SUPPLYED SAID EQUIPMENT TO CSK AUTO CORP AND ENETIES.

### II.

THAT IN THE COURSE OF EMPLOYMENT EMPLOYER GAVE PLAINTIFF A KNOWEN DEFECTIVE SAFETY BELT SUPPLYED BY R&R INDUSTRIES THAT COLLAPSED ON EMPLOYEE THIS IS [FRAUDULENT MISREPRESENTATION OF CONSEALMENT BREACH OF WARRANTY NEGLIGENCE, BAD FAITH]

2

### III.

PLAINTIFFS HAND BOOK AT PAGE 24 STATES THAT: CSK AUTO PROVIDES WORKERS COMPENSATION INSURANCE COVERAGE TO ALL ASSOCIATES FOR PROTECTION AGAINST INJURIES THAT OCCURE WHILE AT WORK. THIS COVERS MEDICAL AND REHABILITION EXPENSES AS WELL AS A PERCENTAGE OF LOST WAGES. THIS IS INTERFIERANCE BY DEFENDANT

### IV.

DURING THE COURSE OF PLAINTIFFS INJURY DEFENDANT INTERFERED WITH PLAINTIFFS RIGHTS PROMUGLATED BY DEFENDANT CORPORATION. THEIR BY INTERFERING WITH PLAINTIFFS MEDICAL ATTENTION WHICH IS BAD FAITH.

### V.

DEFENDANT CORPORATION USED MALACE TOWARDS PLAINTIFF IN THEIR ACTIONS AGAINST PLAINTIFF TURNING ON AND OFF HIS RIGHTFULL BENEFITS AS PROMULAGED BY DEFENDANT CORPORATION. AS PER PAGE 24 OF PLAINTIFF HAND BOOK.

### VI.

DURING THE COURSE OF PLAINTIFFS INJURY DEFENDANT USED OPPRESSION AGAINST PLAINTIFF DURING HIS INJURY CAUSING UNJUST HARD SHIP

### VII.

IN THE COURSE OF PLAINTIFFS MEDICAL ATTITION DEFENDANT USED FRAUD AGAINST PLAINTIFF

### COUNT III.

#### I.
PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN COUNTS I AND COUNT II OF HIS COMPLAINT.

#### II.

THAT IN VIOLATION OF PLAINTIFFS RIGHTS AS AN EMPLOYEE OF DEFENDANT CORPORATION WILLFULLY VIOLATED AND INTENTIONALLY VIOLATED DEFENDANT CORPORATIONS POLICY AND PROCEDURE PROMULAGED BY DEFENDANT CORPORATION AND WITHOUT REASONABLE JUSTIFICATION OR EXCUSE DISCRIMINATED AGAINST PLAINTIFF.

3

### III.

BY REASON OF COEHERSION FRAUD DEFENDANT FRAUDED PLAINTIFF OUT OF BENEFITS PROMULAGED BY DEFENDANT CORPORATION HAND BOOK POLICY AND IN THE COURSE OF SAID POLICY DEFENDANTS CONTRAIRY TO PUBLIC POLICY INTERFERED WITH CONTRACTUAL RELATIONS OF PLAINTIFF. HAVEING BREACHED THE COVENANT OF GOOD FAITH AND FAIR DEALING.

### COUNT IV.

PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I. AND COUNT II. AND COUNT III.

#### I.
#### AS 18.60.075 SAFE EMPLOYMENT

STATES: (a) AN EMPLOYER SHALL DO EVERYTHING NECESSARY TO PROTECT THE LIFE, HEALTH, AND SAFETY OF EMPLOYEES.

#### II.

ON 3-29-01 DEFENDANT CSK AUTO CORP SENT PLAINTIFF OUT ON A DELIVERY WITHOUT PROTECTIVE SAFETY EQUIPMENT. THEIR BY CAUSING GRIEAVIOUS INJURY TO EMPLOYEES LOWER SPINE CRUSHING HIS DISC AT L3-THRU S1

#### III.

EMPLOYER THROUGH R&R INDUSTRIES FAILED TO PROTECT EMPLOYEE AND WARN EMPLOYEE OF HAZARD OF WEARING EMPLOYER SUPPLYED BACK SUPPORT BELTS THAT WERE EMPLOYER MANDATETED TO WEAR PER COMPANY POLICY. PLAINTIFF INJURY IS CONSISTANT WITH FAILED PRODUCT.

### COUNT V.

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE THE ALLIGATIONS CONTAINED IN COUNTS I COUNTS II COUNTS III COUNTS IV

#### I.

#### SPECIAL MATTER

BECAUSE OF THIS ISSUE PLAINTIFF PLEADS A SPECIAL MATTER WHICH THERE IS MORE THAN ONE PERSON INVOLVED IN THIS THAT WERE INJURED AND NEED TO COME FORWARD

#### II.

#### STRICT LIABILITY

OF THE FOLLOWING DEFENDANTS WHO MANUFACTURED OR ASSEMBLED THE PRODUCT IN QUESTION. R&R INDUSTRIES AND SUBSITYS UNKNOWEN DESIGNED AND MANUFACTURED PRODUCT AND SOLD UNSAFE UNREGULATED PRODUCT TO CSK AUTO SUPPLY CORP.

### NEGLIGENCE

OF THE FOLLOWING DEFENDANTS CSK AUTO CORP, R&R INDUSTRIES AND SUBSITYS OWNED A DUTY TO PLAINTIFF TO WARN OF HAZARDS OF UNSAFE UNREGULATED PRODUCT.

### IV.

### BREACH OF WARRANTY

BY THE FOLLOWING DEFENDANTS CSK AUTO CORP, R&R INDUSTRIES INC BREACHED AN IMPLIED WARRANTY AND EXPRESSED WARRANTY AND OWNED DUTY TO PLAINTIFF

### V.

THE PLAINTIFF HAND BOOK IS A CONTRACT OF EMPLOYMENT WHICH OBGLIGATES DEFENDANTS AND CODEFENDANTS AS A MATTER OF LAW TO ACT IN GOOD FAITH AND FAIR DEALING THEIR FORE INTENTIONALY AND NEGLIGENTLY INFLICTED PAIN AND SUFFERING UPON PLAINTIFF. CAUSING DISTRESS UPON HIS INJURIES. WHERE FORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE DEFENDANT CSK AUTO SUPPLY AND ENETIES R&R INDUSTRIES AND ENETIES INDIVIDUAL DEFENDANTS EQUALY AND SEVERALLY AS FOLLOWS:

1. PLAINTIFF LOST WAGES, COMPENSATION AND OTHER BENEFITS PAST AND FUTURE TO BE PROVEN AT TRIAL
2. FOR PUNITIVE AND COMPENSATIORY DAMAGES AS DEEMED JUST BECAUSE OF THE NEGLIGENT, INTENTIONAL MALICIOUS AND OUT RAGEOUS CONDUCT BY AND THROUGH DEFENDANTS AND CODEFENDANTS CONTRARY TO PUBLIC POLICY
3. FOR PREJUGMENT INTREST COST AND ATTORNEY FEES
4. PLAINTIFF SEEKS SPECIAL DAMAGES OF $550,000,000 MILLION DOLLARS
5. FOR SUCH FURTHER RELEIF AS THE COURTS DEEMS JUST AND EQUITABLE.
6. EMOTIONAL DISTRESS ON HIS BODY
7. PLAINTIFF WILL AMEND COMPLAINT AS DEMED NECESSARY

DATED THIS 2ND DAY OF APRIL at FAIRBANKS ALASKA.

TERRY L SMITH PRO SE
P.O. BOX 60882
FAIRBANKS, ALASKA 99706

C.C. REGISTERED AGENT: NATIONAL REGISTERED AGENTS, INC.
801 W. 10TH ST STE 300
JUNEAU AK 99801

5

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
    Plaintiff

VS.

CSK AUTO INC,
AND ENETIES    Defendant

Case No. F04-0012-Civil(RRB)

### MOTION TO AMEND COMPLAINT

COMES NOW PLAINTIFF, TERRY L. SMITH, PRO SE, AND PURSUANT TO FEDERAL RULES OF CIVIL P.(15) asks this court for Permission to amend complaint. see **Properties, Inc. v. Gray, 729 A.2d 300, 303 (Del 1999)** also see **COPPER VALLEY TRADING CO. v. KRATZ 513 P2d 1113 (ALASKA 1973)** STATES: [A TRIAL COURT MAY ALLOW WHATEVER AMENDMENT MAY BE NECESSARY TO RECTIFY ANY DEFICIENCY IN THE PLEADINGS]. THIS AMENDMENT WILL NOT PREJUDICE THE OPPOSING PARTIES, BUT WILL CLAIFIFY THE ISSUSE TO BE TRIED. WHERE FORE PLAINTIFF PRAYS THAT THIS COURT GRANT PLAINTIFF LEAVE TO AMEND COMPLAINT.

DATED THIS 10TH DAY OF June 2004

_____
TERRY L. SMITH PRO SE

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
        Plaintiff

VS.

CSK AUTO INC,
AND ENETIES    Defendant

Case No. F04-0012 Civil (RRB)

CASE NO-4FA-04-670-CIVIL

### NOTICE TO REMAND

PLEASE TAKE NOTICE: THAT PLAINTIFF TERRY L. SMITH GIVES HIS NOTICE TO REMAND JURISDICTION BACK TO SUPERIOR COURT PURSUANT TO 28 U.S.C.A. §1447 (c) on the grounds of Defect Improvidently, As Set fourth in the attached notice of remand filed in the United States District court on May 10, 2004

Dated This 10TH Day OF MAY, 2004

_____
TERRY L. SMITH PRO SE

# LYNCH & BLUM, P.C.
### 425 G Street, Suite 320
### Anchorage, AK 99501
Telephone: (907) 276-3222    Facsimile: (907) 278-9498

## TRANSMISSION MEMORANDUM

Date: 5/19/2004

To: Joan Wilson

Fax #: 257-5399

From: Amy Paulino    Re: 3077.55

Number of Pages: See FAX header for number of pages

Original: Retained

Comments: Please see attached letter of non-opposition to removal.

CONFIDENTIALITY NOTICE: The information contained in this facsimile from LYNCH & BLUM, P.C. is confidential and also may be legally privileged as an attorney-client communication. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the addressee, or the employee or agent responsible to deliver this facsimile to its intended recipient, you are hereby notified that any review, use, dissemination, distribution, disclosure, copying or taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

| | | |
|---|---|---|
| **Timothy M. Lynch**<br>TLYNCH@NORTHLAW.COM<br><br>OF COUNSEL<br><br>**Madelon M. Blum**<br>MBLUM@NORTHLAW.COM | **Lynch & Blum, P.C.**<br>A PROFESSIONAL CORPORATION<br>425 G STREET, SUITE 320<br>ANCHORAGE, ALASKA 99501 | TELEPHONE<br>(907) 276-3222<br><br>FACSIMILE<br>(907) 278-9498<br><br>INTERNET E-MAIL<br>LYNCH&BLUM@NORTHLAW.COM |

May 19, 2004                                                                                       *via facsimile and U.S. mail*

Joan Wilson
Davis Wright & Tremaine, LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501

    Re:   *Terry Smith v. CSK Auto and R&R Industries*
          Our File No. 3077.55

Dear Ms. Wilson:

The above-referenced matter was settled as to R & R Industries, Inc. on May 5, 2004, when my client confirmed its acceptance of Mr. Smith's offer to settle based upon a dismissal with prejudice with each side to bear its own fees and costs. A copy of my letter dated May 6, 2004 confirming the settlement and transmitting a stipulation for dismissal for Mr. Smith's execution is enclosed. CSK Auto, Inc. was not included in the stipulation at the time, as I was unaware that your firm had entered an appearance for CSK Auto.

This letter confirms that R & R Industries, Inc. has no objection to the removal of the action to federal court. However, it considers the matter settled as to it, and it intends to take no further action unless directed to do so by the court.

Sincerely,

Madelon M. Blum

Enclosures

cc:   Terry Smith – w/out enclosures