Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

TERRY L. SMITH,

Plaintiff,

vs.

CSK AUTO INC., d/b/a SCHUCKS AUTO SUPPLY, DOE,

Defendant.

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

OCT 12 2004

Clerk of the Trial Courts
By_______________Deputy

Case No. 4FA-04-2053 Civil

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Terry Smith fails to explain how any of the variously titled causes of action he seeks to assert in this matter escape the bar of res judicata. While Smith states in conclusory terms that several of his claims are new, each of these claims arises out of the same core set of facts that formed the basis of Smith's claims in the prior case. Indeed, Smith seeks the very same relief he sought in the prior case, and does little more than give creative new titles to the same arguments that were previously rejected by the

EXHIBIT G

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

U.S. District Court. Smith's principal contention seems to be that the prior judgment of the U.S. District Court should not be given full faith and credit by this Court because Smith believes that the district court erred in a number of respects when it dismissed his complaint under FRCP 12(b)(6). These are issues for Smith's Ninth Circuit appeal and have no bearing upon whether his present claims are barred by res judicata.

A. All of the Claims Smith Identifies as New Arose Out of the Same Transaction At Issue in the Prior U.S. District Court Case.

Smith's complaint in the prior case pleaded claims for negligence and bad faith, fraud, malice, interference, beach of the covenant of good faith and fair dealing, battery, fraudulent misrepresentation of concealment, violation and fraud of state consumer protection statutes, breach of warranty, unjust enrichment, strict liability, and violation of public policy. See Exhibit A to the Affidavit of Counsel ("Counsel Affid.") filed in support of CSK's opening brief at p. 2, para. VI. The basis for these claims was a workplace injury that Smith suffered while employed by CSK. Id. at p.2, paras. V-VI. Smith sought damages in the prior case for lost wages and other compensation from the date of that injury forward, as well as unspecified damages for "emotional distress on his body." Id. at p.2, para. VI and p.5, para. V. Nevertheless, Smith now contends that his only claim in the prior case was for "employer interference," and that a whole host of claims he now asserts related to his workplace injury – many of which even have the same title – are entirely new. Opposition at p.7.

REPLY TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED 2

ANC 77920v1 53870-5

Smith asserts ten different causes of action in this case. Of these ten, Smith's present claims for "fraudulent misrepresentation," "negligence concealment,"[1] "negligence breach of duty," "actionable negligence," "negligence per se," "negligent infliction of emotion distress to one's personal body" and "proximate cause"[2] are clearly barred by res judicata. The title of these claims is virtually identical to claims asserted in the prior case, and all are based upon Smith's March 29, 2001 workplace injury. Complaint at p.3, paras. 7-8. Smith's present claim for "tortuous interference with implied contractual relationship," while given a longer title, is no different than the claim for "interference" that Smith asserted in the prior case. Smith clarified in his opposition to CSK's motion to dismiss in the prior case that he was suing CSK for "interference of a implied contract." See Exhibit A to the Affidavit of Eric Jenkins ("Jenkins Affid.") filed herewith at p.3.

While Smith did not specifically title one of his claims in the prior action as "violation of AS 18.60.075, Safe Employment Act," he did argue violation of that statute in support of his other claims. See Exhibit A to Jenkins Affid. at p.7. For each of these

[1] Although Smith called his cause of action in the prior case "fraudulent misrepresentation of consealment [sic]," he made the exact same argument that CSK was hiding certain information about the cause of his injury. See Exhibit B to Jenkins Affid. If Smith believes the district court erred in rejecting his arguments, and refusing to permit him discovery on these issues, that is an issue for his Ninth Circuit appeal. Moreover, while Smith calls concealment a cause of action, the allegation that Smith should be permitted to obtain certain information in discovery does not state a claim for relief but merely seeks information to support claims that fail as a matter of law because they fall within the exclusive remedy provisions of the Alaska Workers Compensation Act. Exhibit C to Counsel Affid. at p.2.

[2] Proximate cause is not an independent cause of action but is merely a required element of several different causes of action

causes of action, Smith seeks the same damages that he sought in the prior case; principally lost wages from March 29, 2001 to present. See Complaint at p.3, para. VII, p.9. This is precisely the type of repetitive action that res judicata is meant to foreclose.[3]

B. Smith's Cause of Action for Wrongful Termination Does Not State a Claim for Relief and is Barred by Res Judicata.

The only other claim Smith asserts in this case is for "wrongful termination," and it too is barred by res judicata. While Smith did not assert that he was wrongfully terminated in the prior case, he did bring a claim alleging that, after he became unable to work due to his injury, CSK "interfere[ed] with plaintiff's medical attention," and "turn[ed] on and off his rightfull benefits . . .[sic]" Exhibit A to Counsel Affid. at p.3, paras IV-V. Thus, the scope of Smith's prior complaint covered not only the relationship between the parties during his employment, but also the parties' interaction after his injury occurred.

Res judicata bars not only all claims that were asserted in a prior case, but also all claims that could have been asserted, and which rose out of the same transaction or series of connected transactions. Tolstrup v. Miller, 726 P.2d 1304, 1306 (Alaska 1986). Smith

---

[3] While Smith's complaint purports to seek declaratory and injunctive relief, Smith does not explain what declaratory relief he seeks, nor what he wants the court to enjoin. The prayer for relief contained in Smith's complaint omits any reference to declaratory or injunctive relief. Complaint at pp. 1, 9. Similarly, Smith asserts that his complaint in this case is viable because "there are new Doe Defendants . . ." Opposition at p.8. CSK does not know what Smith is referring to here. In any event, even if Smith is purporting to sue John Doe defendants for something, that is in no way relevant to whether Smith's complaint states a claim against CSK.

REPLY TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED 4

ANC 77920v1 53870-5

cannot bring several claims in one proceeding related to his employment, or the relationship of the parties following his injury, and then file a second case in which he asserts a claim for wrongful termination. See Clark v. Haas Group, Inc., 953 F.2d 1235, 1239 (10th Cir. 1992) (former employee who previously sued for violations of Fair Labor Standards Act could not bring subsequent action for age discrimination and equal pay claims). If Smith felt he was wrongfully terminated following his injury, he was required to bring that claim in the prior case with the other claims that arose out of the same related series of transactions. Tolstrup, 726 P.2d at 1306.

Not only is Smith's wrongful discharge claim barred by res judicata, but it also fails as a matter of law based upon Smith's unequivocal representations that he is totally disabled, and that his disability has prevented him from performing any work for over 3 years. During his deposition in another case involving CSK, Smith testified:

> Q. [by Eric Jenkins, Counsel for CSK] Have you held any employment of any kind since August of 2001?
>
> A. [by Terry Smith] No.
>
> Q. And why not?
>
> A. Because I have a grievous injury.
>
> Q. So you are unable to work.
>
> A. Yes, that's correct.

REPLY TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
5
ANC 77920v1 53870-5

See Excerpts from the September 23, 2004 Deposition of Terry Smith ("Smith Depo.") at pp. 8-9. Smith is no longer working for CSK not because he was wrongfully terminated but because, by his own testimony, he is incapable of performing any work.

Even if Smith were capable of working, Smith's claim for wrongful termination would still fail. Smith bases his claim for wrongful termination on the contention that CSK violated an unspecified "Medical Leave Act." Complaint at p. 9, para.30 ("Defendants secretly terminated employee while employee was under workers compensation system in violation of medical leave act."). Alaska's medical leave law applies only to state employees, while the federal Family and Medical Leave Act grants an employee only 12 weeks of leave. AS 39.20.305; 29 U.S.C. §2612(a)(1). Since Smith is not a state employee, and has been unable to return to work for over three years, neither act would provide Smith with a valid claim for recovery.

C. Allegations of Error By the District Court Do Not Affect the Preclusive Effect of Its Judgment for Purposes of Res Judicata.

Smith's principal contention seems to be that this Court should not give full faith and credit to the judgment of the U.S. District Court because Smith believes that Judge Beistline committed a number of errors. For example, Smith claims that removal was improper, that he was denied a jury trial because the case was resolved on CSK's FRCP 12(b)(6) motion, and that Smith should have been permitted to amend his complaint. These are issues for Smith's pending appeal in the Ninth Circuit and in no way

undermine the preclusive effect of the district court's judgment for purposes of res judicata. 18A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 4433, p. 78 (2nd ed. 2002) ("The bare act of taking an appeal is no more effective to defeat preclusion than a failure to appeal.").

## CONCLUSION

For the foregoing reasons CSK respectfully requests that its motion to dismiss Smith's complaint be granted.

DATED this 12th day of October, 2004.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: [signature]
Eric J. Jenkins, ABA # 0011078

Certificate of Service:

I certify that on Oct 12th, 2004, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: [signature]
Janet Eastman

REPLY TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

7

ANC 77920v1 53870-5

Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

TERRY L. SMITH,

Plaintiff,

vs.

CSK AUTO INC., d/b/a SCHUCKS AUTO SUPPLY, DOE,

Defendant.

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

OCT 12 2004

Clerk of the Trial Courts
By________________Deputy

Case No. 4FA-04-2053 Civil

AFFIDAVIT OF ERIC JENKINS

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

Eric J. Jenkins, being first duly sworn, on oath deposes and says:

1. I am an attorney in the law firm of Davis Wright Tremaine LLP, counsel for Defendant CSK Auto Inc. ("CSK") in the above captioned matter.

2. Attached hereto as Exhibit A is a true and correct copy of a brief that Plaintiff Terry L. Smith filed in opposition to CSK's motion to dismiss his complaint in

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

the case entitled Terry L. Smith v. CSK Auto, Inc. & R & R Industries, Inc., Case No. F04-0012 CV (RRB), United States District Court for the District of Alaska (the "Prior Case").

3. Attached hereto as Exhibit B is a true and correct copy of a brief that Plaintiff Terry Smith filed in the Prior Case in response to a motion by CSK to quash various subpoenas obtained by Smith.

Eric J. Jenkins

SUBSCRIBED AND SWORN TO BEFORE ME THIS 12th DAY OF OCTOBER, 2004.

Notary Public for the State of Alaska
My Commission Expires: 6/28/06

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
Plaintiff

VS.

CSK AUTO INC,
AND ENETIES Defendant

Case No.F04-0012-Civil(RRB)

**OPPOSITION ON MOTION TO DISMISS AND OPPOSITION FOR A MORE DEFINATE STATEMENT**

Comes now Plaintiff PRO SE TERRY L. SMITH FILES his response TO MOTION TO DISMISS AND FOR A MORE DEFINATE STATEMENT. There are GENUINE ISSUSE TO BE TRIED before A JURY. For the purposes of this motion, this Court must accept the Plaintiffs' pleadings as true and not consider the facts outside of the pleadings offered by the Defendants.

**I. ARGUMENT**

**A. The Defendant's Motion to Dismiss is improperly before the Court.**

The Defendants' Motion to Dismiss, filled on April 28, seeks dismissal based solely on Fed. R. Civ. P. 12(b)(6), "failure to state a claim upon which relief can be granted." For a motion to

cc: Wigle 6-28-04

EXHIBIT A
Page 1 of 11

dismiss, the only question before this Court is whether the complaint itself states a legally sufficient claim. For such a motion, this Court may not consider any other pleading or the factual assertions of the Defendants which have yet to be tested by the discovery process. "The grounds for a Rule 12(b)(6) dismissal comprise only pleadings and no more." Fleming v. Lind-Waldock & Co., 922 F.2d 20,23 (1st Cir. 1990). When deciding a motion to dismiss, this Court is required to "take the factual averments contained in the complaint as true, including every reasonable inference helpful to the plaintiff's cause." Garitia Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); Fleming, 922 F.2d at 23 (courts must accept as true the factual allegations of the complaint). This Court may not dismiss this case "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nicholson v. Morgan, 961 F.2d 996, 998 (1st Cir. 1992) (courts are limited to the allegations in the complaint). It must assume, for purposes of this motion, that the Plaintiff will prove those facts.through the discovery process.which defendants refuse to produce plaintiffs safety belt that he was not afforded,their by causing a grievous injury to plaintiff pristine condition back,which plaintiff now has a back that has been perminately injured by defendants negligence,by abusing a back support belt,implying that back

EXHIBIT A

Page 2 of 11

support belt is safety equipment, and mandated plaintiff to wear under duress of losing his job. The defendants motion must fail because the Plaintiff has not been afforded the opportunity to gain access to the information necessary to rebut the defendants assertions.

## II. FACTUAL ALLEGED FACTS

Plaintiff Terry l.Smith was hired by Csk Auto Corp on August 28 2000 as a full time Delivery Driver complaint at count I ¶ IV.Plaintiff greiviously injured his back on March 29 2001 by a product supplyed by Csk Auto Corp, count I at ¶ V.-VI.this is a admitted fact by Csk Auto Corp the cause of injury is a failed back support belt. Count I-VI is allegation of facts as to what happened to plaintiff in count I at ¶ VI plaintiff states his cause of action against Csk Auto corp. for interference of a implied contract brought under the covenant of good faith and fair dealing per public policy which include negligence, bad faith, fraud, oppression, fraudulent misrepresentation of a back support belt, concealment, doctrine of unjust enrichment discrimination. Defendants have admitted to these alleged facts as being true in count I at ¶ I-VI.

## Plaintiffs count II

Plaintiff reallege by reference the allegation in count I Defendants failed to answer to count II at ¶ I,II,IV,V,VI,VII but only give mention to count II at ¶ III.This is an allegation of Plaintiffs benefits being interfered with by Csk Auto Corp.

EXHIBIT A
Page 3 of 11

**Plaintiffs count III**

Plaintiff reallege by reference the allegation in count I,II

Defendants failed to answer count III at ¶ III, but only Answered to ¶ II. Plaintiff alleges interference and fraud Discrimination in violation of public policy. Defendants hold in their possession company policy manuals that need to be produced this is relevant information that defendants are holding.

**Plaintiffs count IV.**

Plaintiff reallege by reference the allegation in count I,II III

Defendants failed to answer the allegation to count IV at ¶ II III. Plaintiff alleges count IV at ¶ I [AS 18.60.075] as an allegation of what defendants failed to do this is a claim of negligence as defendant failed to keep plaintiff safe per this Alaska statutes. Note** defendant Csk Auto sent plaintiff out on a delivery with out any safety equipment, but implied that back support belt was safety equipment, when in fact per O.S.H.A. back support belts are not safety equipment. scienter knew of this and failed to warn plaintiff causing injury to plaintiff.

**Plaintiffs count V.**

Plaintiff reallege by reference the allegation in counts I,II,III,IV.

Plaintiffs count V.is a negligence claim against R&R & Csk Auto Corp. at ¶ II,III,IV.[COUNT V.AT ¶ I,V.IS ALLEGATION]

Defendant Csk Auto Corp. is bring new issues that were not even addressed in plaintiffs complaint. This cause of action is not of a workers compensation claim nor is it a class action claim it is a interference of a contract with negligence and fraud and misrepresentation to deceive plaintiff out of enjoyment of



rightfully benefits promised to him, that were interfered with.

III. LEGAL DISCUSSION

The legality of motion to dismiss is to test the waters of the complaint, a complaint should not be dismissed unless it does appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief citing: **Shooshanian v. Wagner 672 P2d 455(Alaska1983)** a complaint surives a motion to dismiss for failure to state a claim upon which relief can be granted if it alleges even a single set of facts consistent with and appropriate to some enforcible cause of action.citing:**Guerrero v. Alaska Housing Finance Corp;6 P3d 250 (Alaska 200)**

**Fed Civil Rule 8 (e)(2)**

When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.the adequacy of pleadings is reviewed De novo. **Gamble v. Northstore Partnership;907 P2d 477 (Alaska 1995)**

If, within the framework the complaint, evidencemay be introduced which will sustain a grant of relief to the plaintiff the complaint is sufficient. citing **Link v. Barokas & Martin 667 P2d 171 (Alaska 1983)**.Defendants hold relevant evidence in their possession to divert a motion to dismiss against plaintiff and that evidence that defendants hold must be brought forth. The with holding of information and or of the knowledge of concealment of information defendant has a duty of

disclosure to plaintiff of any material evidence as to plaintiffs safety and plaintiffs safety equipment that defendants with held from plaintiff. Must be brought forward this is a genuine issue of material fact and the issue of plaintiffs safety along with contractual interference is a issue to be tried be fore a jury. motion to dismiss should be denied.

## II ARGUMENT

Plaintiff will address defendants legal theories which are their own self made conclusion to their defenses. the first fact is that this case is not of a workers compensation claim, and the fact of this issue is that, you can not litigate damages in a workers compensation claim, like negligence does not leave employer from immunity citing: **Sauve v. Winfree, 907 P.2d 7 (Alaska 1995)**.quoting **Elliot v. Brown, 569 P.2d 1323, 1327 (Alaska 1977)**.The Alaska workers compensation Act is not a barr to Plaintiffs claim of negligence. this is a material fact a tribal issue that must come before a jury. Plaintiffs safety is at issue here and the clear fact of this issue is that defendant Csk Auto Corp failed to provide safety equipment as per required by O.S.H.A.,overloaded plaintiffs weight that he was required to lift by double tapping two cases of antifreeze together. This is also a admitted fact of negligence by the Defendants. and in violation of their own shipping policys and in violation of O.S.H.A. Safety regulation policy under their regulation (standards 29 CFR).

EXHIBIT A
Page 6 of 11

1. **Plaintiffs claims are within Alaska Statutes of limitations**

If a plaintiff is either incompetent or a minor at the time the cause of action accrues, the statute of limitation is tolled until two years after the disability ceases. AS 09.10.140(a); AS 09.10.180; Yurioff v. American Honda Motor Co., 803 P.2d 386 (Alaska 1990). Alaska has adopted the "discovery" rule, which provides that the statute of limitation begins to run when a plaintiff discovers or should have discovered that a claim may have existed. John's Heating Service v. Lamb, 46 P.3d 1024, 1031-32 (Alaska 2002); Hanebuth v. Bell Helicopter, Int'l, 694 P.2d 143, 144 (Alaska 1984); Pedersen v. Zielski, 822 P.2d 903 (Alaska 1991)(statute starts to run on date plaintiff discovers or should reasonably have discovered all elements of his or her cause of action). Plaintiff was injured on 3-29-01 plaintiff filed his complaint on march 23 2004 the amended complaint of April 2, 2004 relates back to the filing of march 23 2004.Under the discovery rule plaintiff is within the statutes, their fore plaintiffs statutes would not run out until 2005 be cause of being a incapacitated person and the cause of injury was unknown at the time. but the injury was known,but as to its cause was not.citing**Pedersen v. Zielski, 822 P. 2d 903, 907 (Alaska 1991).** The court stated in *Pedersen* we made clear that the discovery rule "is broad enough to cover other undiscovered and reasonably undiscoverable elements" of the cause of action.* Plaintiffs grevious injury precluded him from finding what caused his injury.

EXHIBIT A

Page 2 of 11

Defendants motion to dismiss at ¶ 2 pg 4 is a allegation of what happened to plaintiff which according to the inference of the

2. statute under **AS 18.60.075. Safe Employment.**

(a) An employer shall do everything necessary to protect the life, health, and safety of employees including, but not limited to

(1) complying with all occupational safety and health standards and regulations adopted by the department;

(2) furnishing and prescribing the use of suitable protective equipment, safety devices, and safeguards as are prescribed for the work and work place;

(3) adopting and prescribing control or technological procedures, and monitoring and measuring employee exposure in connection with hazards, as may be necessary for the protection of employees; and

(4) furnishing to each employee employment and a place of employment that are free from recognized hazards that, in the opinion of the commissioner, are causing or are likely to cause death or serious physical harm to the employees.

Plaintiff is not sueing under this statutes, but is referring to It as what Csk Auto failed to do is keep employee safe[emphasis] added at *(2)this is a material fact for a jury to decide did Csk Auto corp keep employee safe by sending employee out on a delivery with out any safety equipment. Defendants failed this test, defendants already admitted to it. See **Bachner v. Rich, 554 P.2d 430, 444 (Alaska 1976)** (holding that AS 18.60.075 creates legal duty for employers to keep workplace safe for employees); **State v. Marathon Oil Co., 528 P.2d 293, 297 (Alaska 1974) (same)**.This is nothing but pure negligence on the part of Csk Auto Corp and this is a question for a jury.

EXHIBIT A
Page 8 of 11

3. **Plaintiff was not bringing products liability claims or claims for violation of the consumer protection act claims against employer**

Defendants forget that their was two issues one with R&R industries and the other with Defendant. At ¶ count V pg 4 plaintiffs complaint count I,II,III,IV, is in reference to a back support belt supplied by R&R to Csk Auto Corp and this is a negligence claim and since Csk Auto Corp mandated that employee wear back support belt under duress of threat of loosing his job, strict "liability" hangs on to employer for plaintiffs injuries for their negligence acts, breach of duty to keep employee safe, which is the proximate cause of plaintiffs injures by failing to provide correct safety equipment to employee and implying that back support belt is a mandated safety equipment is abuse of such product, and proximate cause is a jury question citing: **Tellez v. Saban, 933 P2D 1233**

4. **Plaintiff never mention a class action in complaint**

Plaintiff does not have a count VI. As to defendants response this is a new issue, and must not be considered on a motion to dismiss. Their fore Case law states that the standard on an FRCP 12(b)(6) motion is so stringent that a court will rarely encounter circumstances that justify granting such a motion. **Mahone v. Addicks Util. Dist., 836 F.2d 921, 926 (5th Cir. 1988).**

5. opposition to motion for more definate statement

Defendant Csk Auto corp argument that plaintiffs complaint lacks the specificity required by Fed.R.Civ.P 8(a) lacks merit under rule 8(e)(2)States a party may set forth two or more statements of a claim either in one count or defences or in separate counts, when two or more statements are made in the alternative and one of them if made independently would be sufficient,the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. a court is not justified in depriving a party of his rights because he mistakes the nature of his remedy. citing **Mitchell v. Land 355 P2d 682,687 (Alaska 1960)**.Plaintiffs pleading set forth certain cause of action against former defendant R&R industries and R&R did not need a motion for a more definite statement. Their for plaintiff complaint does not lack a motion for a more definite statement. Defendants do not want to answer specific allegations in count I thru Count V of plaintiffs complaint or to produce any safety equipment that plaintiff was not afforded plaintiffs complaint at count IV ¶ I,II,III states this Allegation of Negligence. Defendants motion for a more definite Statement under Fed R.Civ.P, 12 (e) is nothing more than an improper attempt to obtain discovery. how ever,"Rule"12 (e)is designed to strike at unintelligibility, rather than want of detail, **Woods v. Reno commodities inc,600 F.Supp.574,580(D Nev.1984)**.As such,[A] motion for a more definite statement should not be granted to

require evidentry detail that may be subject of discovery "id" Because there is nothing unintelligibility about Plaintiffs complaint and R&R industries understood complaint, Csk Auto Corps motion for a more definite statement should be denied. "id"

Dated this 23 day of June 2004

TERRY L SMITH PRO SE

RECEIVED
FOR
JUL 09 2004
DAVIS WRIGHT TREMAINE
BY

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
Plaintiff

VS.

CSK AUTO INC,
AND ENETIES Defendant

Case No.F04-0012-Civil(RRB)

**OPPOSITION TO MOTION AND MEMORANDUM TO QUASH AND FOR AN AWARD OF ATTORNEY FEES**

PLAINTIFF TERRY L SMITH PRO SE FILES THIS MOTION ON THE GROUNDS THAT DEFENDANTS MOTION AND MEMORANDUM TO QUASH AND FOR AN AWARD OF ATTORNEYS FEES IS BASELESS. THEIR ACTIONS IS NOTHING BUT OF FILING FRIVIOLUS MOTIONS JUST SO DEFENDANTS DO NOT HAVE TO COMPLY WITH FED CIV.R. Rule 26. General Provisions Governing Discovery; Duty of Disclosure STATES IN PART: A PARTY MUST WITHOUT AWAITING A DISCOVERY REQUEST, PROVIDE TO THE OTHER PARTIES,

**(a) Required Disclosures; Methods to Discover Additional Matter.**

**(1) Initial Disclosures.**

Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

EXHIBIT B
Page 1 of 3

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff is only going by what is stated under Fed Civ.R.26 Initial disclosure to try and resolve the issue of who is liable for the poisoning of thousands of Csk auto employees by employer stating and implying that back support belts are safety equipment when in fact they are not. Defendants motions only affirms that they are hiding information as to plaintiffs safety equipment that he was not afforded, this clearly proves negligence which is a cause of action against defendants which plaintiff stated, and the hiding of information just to avoid discovery is unfounded and is nothing but pure fraud at its best, the hiding of plaintiffs safety equipment caused a serious injury to ones body which is negligence at it highest degree.

EXHIBIT B
Page 2 of 3

Their for under Fed Civ. R 26 initial disclosure Defendants are hiding information that is the cause of injury to plaintiff, the information sought is not burden some but in the direct hands of defendants. Which defendants are hiding and refusing to give up, plaintiff has not used the court to compel this discovery but wanted to see if they would give freely the information asto plaintiffs injury and it direct cause of his injury which should have never happened in the first place. their for plaintiff ask this court to quash their motion and memorandum of to quash and for an award of attorneys fees.

Plaintiff prays for Denial against Defendants.

Respectfully, submitted

TERRY L. SMITH PRO SE

Dated This 7TH Day Of July, 2004

EXHIBIT B
Page 2 of 3

Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

TERRY L. SMITH,

Plaintiff,

vs.

CSK AUTO INC., d/b/a SCHUCKS AUTO SUPPLY, DOE,

Defendant.

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

OCT 12 2004

Clerk of the Trial Courts
By________________Deputy

Case No. 4FA-04-2053 Civil

EXCERPTS OF THE DEPOSITION OF TERRY L. SMITH

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

Eric J. Jenkins, being first duly sworn on oath, deposes and says as follows:

Attached hereto are true and correct copies of excerpts from the Deposition of Terry L. Smith taken on September 23, 2004.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Eric J. Jenkins

SUBSCRIBED AND SWORN TO before me this 12th day of October, 2004.

Notary Public in and for Alaska
My Commission Expires: 12-16-05

Certificate of Service:

I certify that on Oct 12th, 2004, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: Janet Eastman

OFFICIAL SEAL
State of Alaska
KRISTINE A. HAMANN
NOTARY PUBLIC
My Commission Expires: December 16, 2005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

KEITH HOWELL, for himself and on behalf of other similarly situated persons,

Plaintiff,

vs.

CSK AUTO, INC. d/b/a SCHUCK'S AUTO SUPPLY,

Defendant.

Case No. 3AN-00-12331 Civil

COPY

TELEPHONIC DEPOSITION OF TERRY SMITH

Pages 1 - 98, inclusive

Thursday, September 23, 2004, 3:02 p.m.

Anchorage, Alaska

Taken on behalf of the Defendant
at
Davis Wright Tremaine
701 West 8th Avenue, Suite 800
Anchorage, Alaska

by them.
Q. You're still employed by them right now?
A. Evidently not.
Q. Did you ever receive a termination letter from CSK?
A. That, you guys, I can't remember, you know. You wouldn't necessarily have to receive a termination letter from CSK to be terminated.
Q. No, but if you did, that would establish when you left your employment.
A. Well, no, not really.
Q. Did you ever resign your employment with CSK?
A. No.
Q. Have you held any employment of any kind since August of 2001?
A. No.
Q. And why not?
A. Because I have a grievous injury.
Q. So you're unable to work?
A. Yes, that's correct.
Q. So, in any event, whether you are still employed by CSK or not isn't really relevant, because you're not able to work anyway; is that right?

A. At this point, no, not right now.
Q. No, you're not able to work?
A. No, not right now.
Q. Okay. When you began your employment with CSK in August of 2000, what store were you working in?
A. I was working for the, what they call the main store, the main M&O store, the original store.
Q. And where is that store located in Fairbanks?
A. Well, it was located on the Steese Highway.
Q. Is that the store that is referred to as the Old Steese Highway store?
A. Yeah, that's correct.
Q. And that was store 1661, right?
A. I do believe it was, yes.
Q. Did you work in that store during your entire employment with CSK?
A. Yes.
Q. Who was the store manager during your period of employment there?
A. Oh, good Lord. The main one that I know is Daryl McGahn, but they went through quite a number

of them, so...
Q. During the period you were employed there, though, was it Daryl McGahn?
A. Yeah, at one point.
Q. Who did you report to while you were employed there?
A. As far as to what now, I mean?
Q. Did you report to Daryl McGahn, or did you report to a commercial manager, or, I mean, who was your supervisor?
A. No, I didn't report to any of those gentleman there. The main guy probably back there was -- actually, no, as in others that were back end managers, so I'm not going to speculate at this time.
Q. So you don't know who your supervisor was?
A. Well, the main supervisor was Daryl McGahn.
Q. Okay.
A. Okay?
Q. And about how long was Daryl McGahn the supervisor there while you were?
A. Oh, boy. Well, when I got back one time he wasn't there, they had evidently let him go.

Q. Well -- okay.
A. See, management changed hands all the time, so...
Q. That's fine. Let's talk then about the period of time from August 23rd, 2000, until the date of your injury in March of 2001.
A. All right.
Q. During that period, August 23rd, 2000 to March 29, 2001, was it your practice to clock in in the morning when you got to work?
A. Oh, yeah.
Q. And was it your practice to clock out at the end of the day when you had completed your work?
A. Yeah, that's correct.
Q. If you took a lunch break during the course of the day, was it your practice to clock out for that lunch break?
A. Yeah, yes. Yeah, it was the practice, you know, to punch out.
Q. If you did not take a lunch, for whatever reason, was it your practice to remain on the clock?
A. Well, if we did not take a lunch that means we were out there running, you know, so...

REPORTER'S CERTIFICATE

I, KATHERINE L. NOVAK, RPR, Registered Professional Reporter, hereby certify:

That I am a Court Reporter and Notary Public for the State of Alaska; that the deponent was duly sworn; that the foregoing proceedings were taken by me in Stenotype Shorthand and thereafter transcribed by me; that the transcript constitutes a full, true and correct record of said proceedings taken on the date and time indicated therein; and that signature is reserved.

Further, that I am a disinterested person to said action.

IN WITNESS WHEREOF, I have hereunto subscribed my hand and affixed my official seal this ________ day of ________________________ 2004.

________________________
Katherine L. Novak, RPR,
and Notary Public for the
State of Alaska.

My Commission Expires 6-10-05