Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

RECEIVED
FOR _____

OCT 2 7 2004

DAVIS WRIGHT TREMAINE
BY _____

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH, <br> Plaintiff <br><br> VS. <br><br> CSK AUTO INC, <br> d.b.a. SCHUCKS AUTO SUPPLY <br> Doe          Defendants | Case No. 4FA-04-2053 Civil |

## MOTION TO STRIKE DEFENDANTS REPLY OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Terry L. Smith Pro SE Files his Motion to Strike Defendants Reply to opposition to Csk Auto Corps Motion Under Alaska R.Civ.P.12(b)(6) motion. This Motion is supported by the Memorandum in Support And Affidavit files herewith and by the Record and Pleadings herein.

Respectfully Submitted, Dated This 25TH Day of OCT ,2004

[signature]
Terry L. Smith Pro SE

EXHIBIT J

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH,<br>    Plaintiff<br><br>VS.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>Doe    Defendants | Case No. 4FA-04-2053 Civil |

**ORDER ON MOTION TO STRIKE DEFENDANT REPLY OPPOSITION**

PLAINTIFF HAVING MOVED THIS COURT FOR AN ORDER TO STRIKE DEFENDANT CSK AUTO CORP REPLY OPPOSITION ON MOTION TO DISMISS ON ALASKA R. CIV P.12(B)(6) MOTION; THE COURT HAVING CONSIDERED THE REQUEST.

**IT IS HERE BY ORDERED** THAT PLAINTIFF REQUEST IS GRANTED DEFENDANTS MOTION IS DENIED.

IT IS SO ORDERED THIS_____DAY OF _____,2004

            _____
            HONORABLE CHARLES R. PENGILLY

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH,<br>Plaintiff<br><br>VS.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>Doe         Defendants | Case No. 4FA-04-2053 Civil |

## MEMORANDUM ON MOTION TO STRIKE DEFENDANTS REPLY OPPOSITION

Plaintiff Terry L. Smith Pro SE Files his Memorandum and asks this court to strike Defendants Reply opposition to dismiss. Defendants are misleading this court their by using this court to decide on issues that were never advanced on appeal to the Ninth Circuit. Plaintiffs current complaint is on different issues that were never litigated in a prior proceeding. nor were they ever advanced on appeal in a prior proceeding. The defendants misrepresent the true issue of the currant proceeding as the same issues which in a prior proceeding was removed to U.S. District Court on errors of Plaintiffs complaint. Which Defendant took advantage of such errors and Plaintiff never

advanced any issues in a prior proceeding on appeal to the Ninth circuit their by any issue in a prior proceeding would have to be advanced on appeal to be fully and fairly litigated Before giving preclusive effect to a prior adjudication under collateral estoppel principles, the Court must consider four factors: (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. **Oates v. Safeco Ins. Co. of Am.**, 583 S.W.2d 713, 719 (Mo. banc 1979). The doctrine of collateral estoppel will not be applied where to do so would be inequitable. *Id.* at 721. Each case must be analyzed on its own facts. *Id.* at 719. Defendants would like this court to think that prior U.S. District Court proceeding was actually litigated in a court of competent jurisdiction, and the issues from a prior U.S. District Court proceeding which was not fully litigated.

litigation between the same parties, a previous jurisdictional determination is **not** applicable where the two causes of action are different. **Pipkin v. Wiggins**, 526 So. 2d 1002, 1003 (Fla. 3d DCA 1988).

## Court Of Competent Jurisdiction

Plaintiff contention in a prior proceeding is that the U.S. District Court lacked Subjectmatter Jurisdiction. Their for In a prior proceeding the U.S. District Court lacked for Subjectmatter jurisdiction and the judgment which renders such jurisdiction is void. Orders relating to the merits of the underlying action are void if issued without subject matter jurisdiction. See, e.g., **Shirley v. Maxicare Texas, Inc.**, 921 F.2d 565 (5th Cir. 1991).Given the facts of a Prior proceeding which were not fully litigated The party asserting collateral estoppel "must show that the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment." **Beall v. Doe**, 281 S.C. 363, 371, 315 S.E.2d 186, 191 (Ct. App. 1984) (citing in part Restatement (Second) of Judgments § 27 (1982). As Defendants want this court to think that Plaintiff stated a Proper claim in a prior proceeding, when in fact plaintiffs Prior complaint is with defect and error which the U.S. District Court would not let Plaintiff correct or amend the Complaint to state a proper claim for relief which leaves a Void as to issues that were not fully litigated in a prior Proceeding. ``An issue is *actually **litigated*** if it is properly raised in the pleadings or otherwise, submitted

for determination and in fact determined. . . . 1 Restatement (Sec- ond), Judgments § 27, comment (d) (1982). An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could **not** have been validly rendered.'' (Emphasis in original; internal quotation marks omitted.) Id.; see also **Gladysz v. Planning & Zoning Commission**, 256 Conn. 249, 260, 773 A.2d 300 (2001); **Lafayette v. General Dynamics Corp.**, 255 Conn. 762, 773, 770 A.2d 1 (2001). Plaintiffs currant issues were not or could have been litigated in a prior proceeding, as Defendants would like this court to believe that Plaintiff Had full opportunity to litigate in prior proceeding when Removal is at issue in the Ninth Circuit, their for no Issue in a prior removal proceeding was properly before This court or was the currant issues properly raised in a Prior proceeding. Plaintiffs Currant complaint is of new Issues that were never brought before in a prior proceeding Their by See also **46 Am. Jur. 2d 841-42, Judgments § 567** (1994) (An ''earlier adjudication is **not** permitted to bar a new action to vindicate rights subsequently acquired, even if the same property is the **subject matter** of both actions. . . . [A] judgment is **not** res judicata as to rights which were **not** in existence at the time of the rendition of the judgment'')."Id"

## CHANGE IN CIRCUMSTANCES

Plaintiff new issues arise in a change of circumstance when Defendants changed position on Plaintiff and new issues in Currant complaint could not have been brought fourth in a Prior proceeding res judicata is also **not** applicable where there has been a change in circumstances. See **Heck v. Heck,** 714 So. 2d 1200, 1200 (Fla. 4th DCA 1998) (different circumstances preclude application of res judicata); **Essenson v. Polo Club Assoc.**, 688 So. 2d 981, 983 (Fla. 2d DCA 1997) (changed circumstances overcome res judicata). Changed circumstances are merely an outgrowth of the general rule that if the question at issue was **not fully litigated** in the earlier proceeding. The fact to Plaintiffs new issues is clear that Defendants are hiding information to avoid Plaintiff of a new cause of action which has been brought to attention to Plaintiff as Defendant Csk Auto Corp. has been scheming to defraud Plaintiff out of overtime wages which Leeds Plaintiff to wonder that Defendant Csk Auto Corp. was hindering and hiding evidence from Plaintiff to preclude them selves from a cause of action, their by using the court system to hide their scheme and fraud only to subdue the court in to thinking that prior U.S. District Court Removal is the same as new issues which Plaintiff also argues that an extraordinary and compelling reason exists to overcome

claim preclusion. See: **Apodaca v. AAA Gas Co.**, 2003-NMCA-085, ¶ 84, 134 N.M. 77, 73 P.3d 215, which stated that a party may overcome policies favoring preclusion when "one of the parties conceals material information, labors under some physical or mental disability that impedes effective litigation,. Defendant have nothing but hindered the true issues and are misleading the court by having this court review issues that are before the Ninth Circuit, given the fact that **Collateral estoppel** does **not** require prior litigation of an entire claim, only a particular issue see: **Club & Cmty. Consulting Corp v. Brown**, 728 S2d 822,823(Fla 4th DCA 1999)Plaintiff New Claims are not of a prior court proceeding and because Their was no claim advanced on the appeal to the Ninth Circuit and the issues that are before the Ninth Circuit are totally opposite of the new issues that are before this court. That even though a question was raised and was mentioned before, in a prior proceeding the question has never been **fully litigated** and cannot properly be barred by preclusion doctrines. ''An issue is *actually litigated* if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . 1 Restatement (Second), Judgments § 27, comment (d) (1982). An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could **not** have been validly rendered.

## **CONCLUSION**

This Motion that Plaintiff Brings is on the fact that Defendants are using this court to advance them selves When prior issues that were never brought before this court Nor were any issues properly stated in a prior proceeding, And given the fact that prior complaint that was removed to U.S. District Court on error and defect of complaint, and That Plaintiff in a prior removal issue did not state any Proper pleading on complaint of prior proceeding, and was Denied by the U.S. District Court From Correcting any errors Or defect in complaint from a prior proceeding, Due process Was not afforded to Plaintiff, When on errors of the U.S. District Court Failed to let Plaintiff amend or correct any Errors in a complaint that was with defect, and given the Nature of this issue Res judicata does not apply if the party against whom an earlier decision is asserted did not have a **"full and fair opportunity"** to **litigate a claim or issue. Kremer v. Chemical Constr. Corp.**, 456 U.S. 461, 480-81 & 481 n.22 (1982) (citations omitted). "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." Id. at 481 (citations omitted); see also **Morgan v. City of Rawlins**, 792 F.2d 975, 979 (10th Cir. 1986).

See also 46 Am. Jur. 2d 841-42, Judgments § 567 (1994) (An ''earlier adjudication is **not** permitted to bar a new action to vindicate rights subsequently acquired, even if the same property is the **subject matter** of both actions. . . . [A] judgment is **not** res judicata as to rights which were **not** in existence at the time of the rendition of the judgment''). Defendant have Defiled Plaintiff the opportunity to cross Exam any witness in a prior proceeding which was a scheme Do defraud Plaintiff out of over time wages, and this court Must take into account was a prior U.S. District Court removal fair when Plaintiff was not given to opportunity to correct any defects in prior complaint. for the reasons stated Plaintiff ask the court to strike Defendants reply to opposition to motion to dismiss complaint for failure to state a claim upon which relief can be granted. And grant Plaintiff his Due Process rights to proceed to trial on Plaintiffs new issues that were never before a court in a prior proceeding.

Respectfully submitted, Dated this 25 Day Of Oct, 2004

Terry L. Smith Pro SE

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH,<br>Plaintiff<br><br>VS.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>Doe          Defendants | Case No. 4FA-04-2053 Civil |

### AFFIDAVIT ON MOTION

Plaintiff Pro Se Terry L. Smith States as follows: In a prior proceeding Plaintiff was removed from superior court to the U.S. District Court on the grounds of diversity and jurisdictional amount and did not plead as to the proper jurisdiction which was [e]rror on the side of U.S.District Court. in not letting Plaintiff amend complaint of a prior proceeding to correct any errors and defects.

1. Plaintiff was not given the opportunity to correct any defect in complaint of a prior proceeding.

2. Plaintiffs U.S. District Court opposition to Dismiss dated 23rd day of June 2004 [PL EXHIBIT A1 OF 11 PG] was considered moot because Plaintiff at the time was not afforded to correct errors in complaint, and because of error by the court which is in review by the Ninth Circuit.
3. Their was no Discovery taken, Plaintiff was threatened by Defendants for asking for discovery when their was no

discovery conference to give information for pre trial discovery. No Discovery on Prior proceeding was taken. Their was no issue in a prior proceeding that discovery was taken.

4. Defendants filed motion to quash Discovery REQUEST [PL EXHIBIT C1]

5. Plaintiff files opposition to quash Discovery [PL EXHIBIT B1]

6. Plaintiff never advanced any Prior proceeding issues to the ninth circuit, because of defects in complaint of prior proceeding. their by no issues were fully litigated and no discovery was taken on any issues.

Plaintiffs prior complaint, was ill with errors and defect U.S. District Court failed to let Plaintiff correct errors and held Plaintiff on defect and error in a prior proceeding.

Further your Affiant Sayeth Naught.

Dated This 25TH Day of OCT, 2004

By: _____
Terry Lee Smith pro se

Subscribed and Sworn to before me this 25th Day Of October, 2004.

By: _____
Notary Public in and for Alaska

My Commission Expires: 10-26-07

[Notary Seal: TRICIA FOGARTY, Notary Public, STATE OF ALASKA]

AFFIDAVID ON MOTION

## CERTIFICATE OF SERVICE

CASE No.4FA-04-2053 CIV

The undersigned hereby certifies that on the 25TH of Oct 2004, A TRUE AND CORRECT COPY OF THE of the foregoing DOCUMENT WAS SERVED VIA:

        (J) FIRST CLASS MAIL
        ( ) FACSIMILE AND MAIL
        ( ) HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 West 8th Avenue
Suite 800
Anchorage, Alaska 99501
Ph: 907 257 5300
Fax: 907 257 5399

*[signature]*
TERRY L SMITH PRO SE
P.O. box 60882
FAIRBANKS, AK 99706

CERTIFICATE OF
SERVICE CSK AUTO.