Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH, Plaintiff<br><br>VS.<br><br>CSK AUTO INC, AND ENETIES   Defendant | Case No. F04-0012-Civil(RRB) |

## OPPOSITION ON MOTION TO DISMISS AND OPPOSITION FOR A MORE DEFINATE STATEMENT

Comes now Plaintiff PRO SE TERRY L. SMITH FILES his response TO MOTION TO DISMISS AND FOR A MORE DEFINATE STATEMENT. There are GENUINE ISSUSE TO BE TRIED before A JURY. For the purposes of this motion, this Court must accept the Plaintiffs' pleadings as true and not consider the facts outside of the pleadings offered by the Defendants.

### I. ARGUMENT

A. The Defendant's Motion to Dismiss is improperly before the Court.

The Defendants' Motion to Dismiss, filled on April 28, seeks dismissal based solely on Fed. R. Civ. P. 12(b)(6), "failure to state a claim upon which relief can be granted." For a motion to

cc: Wigle 6-28-04

EXHIBIT J

PL EXHIBIT A1
Page 1 of 11

dismiss, the only question before this Court is whether the complaint itself states a legally sufficient claim. For such a motion, this Court may not consider any other pleading or the factual assertions of the Defendants which have yet to be tested by the discovery process. "The grounds for a Rule 12(b)(6) dismissal comprise only pleadings and no more." Fleming v. Lind-Waldock & Co., 922 F.2d 20,23 (1st Cir. 1990). When deciding a motion to dismiss, this Court is required to "take the factual averments contained in the complaint as true, including every reasonable inference helpful to the plaintiff's cause." Garitia Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); Fleming, 922 F.2d at 23 (courts must accept as true the factual allegations of the complaint). This Court may not dismiss this case "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nicholson v. Morgan, 961 F.2d 996, 998 (1st Cir. 1992) (courts are limited to the allegations in the complaint). It must assume, for purposes of this motion, that the Plaintiff will prove those facts.through the discovery process.which defendants refuse to produce plaintiffs safety belt that he was not afforded,their by causing a grievous injury to plaintiff pristine condition back,which plaintiff now has a back that has been perminately injured by defendants negligence,by abusing a back support belt,implying that back

EXHIBIT A

support belt is safety equipment,and mandated plaintiff to wear under duress of losing his job.The defendants motion must fail because the Plaintiff has not been afforded the opportunity to gain access to the information necessary to rebut the defendants assertions.

## II. FACTUAL ALLEGED FACTS

Plaintiff Terry l.Smith was hired by Csk Auto Corp on August 28 2000 as a full time Delivery Driver complaint at count I ¶ IV.Plaintiff greiviously injured his back on March 29 2001 by a product supplyed by Csk Auto Corp, count I at ¶ V.-VI.this is a admitted fact by.Csk Auto Corp the cause of injury is a failed back support belt. Count I-VI is allegation of facts as to what happened to plaintiff in count I at ¶ VI plaintiff states his cause of action against Csk Auto corp. for interference of a implied contract brought under the covenant of good faith and fair dealing per public policy which include negligence, bad faith, fraud, oppression, fraudulent misrepresentation of a back support belt, concealment, doctrine of unjust enrichment discrimination. Defendants have admitted to these alleged facts as being true in count I at ¶ I-VI.

### Plaintiffs count II

Plaintiff realllege by reference the allegation in count I Defendants failed to answer to count II at ¶ I,II,IV,V,VI,VII but only give mention to count II at ¶ III.This is an allegation of Plaintiffs benefits being interfered with by Csk Auto Corp.

EXHIBIT A
Page 3 of 11

### Plaintiffs count III

Plaintiff reallege by reference the allegation in count I,II Defendants failed to answer count III at ¶ III, but only Answered to ¶ II. Plaintiff alleges interference and fraud Discrimination in violation of public policy. Defendants hold in their possession company policy manuals that need to be produced this is relevant information that defendants are holding.

### Plaintiffs count IV.

Plaintiff reallege by reference the allegation in count I,II III Defendants failed to answer the allegation to count IV at ¶ II III. Plaintiff alleges count IV at ¶ I [AS 18.60.075] as an allegation of what defendants failed to do this is a claim of negligence as defendant failed to keep plaintiff safe per this

Alaska statutes. Note** defendant Csk Auto sent plaintiff out on a delivery with out any safety equipment, but implied that back support belt was safety equipment, when in fact per O.S.H.A. back support belts are not safety equipment. scienter knew of this and failed to warn plaintiff causing injury to plaintiff.

### Plaintiffs count V.

Plaintiff reallege by reference the allegation in counts I,II,III,IV.

Plaintiffs count V.is a negligence claim against R&R & Csk Auto Corp. at ¶ II,III,IV.[COUNT V.AT ¶ I,V.IS ALLEGATION] Defendant Csk Auto Corp. is bring new issues that were not even addressed in plaintiffs complaint. This cause of action is not of a workers compensation claim nor is it a class action claim it is a interference of a contract with negligence and fraud and misrepresentation to deceive plaintiff out of enjoyment of

EXHIBIT A
Page 4 of 11

rightfully benefits promised to him, that were interfered with.

### III. LEGAL DISCUSSION

The legality of motion to dismiss is to test the waters of the complaint, a complaint should not be dismissed unless it does appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief citing: **Shooshanian v. Wagner 672 P2d 455 (Alaska 1983)** a complaint surives a motion to dismiss for failure to state a claim upon which relief can be granted if it alleges even a single set of facts consistent with and appropriate to some enforcible cause of action. citing: **Guerrero v. Alaska Housing Finance Corp; 6 P3d 250 (Alaska 200)**

### Fed Civil Rule 8(e)(2)

When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. the adequacy of pleadings is reviewed De novo. **Gamble v. Northstore Partnership; 907 P2d 477 (Alaska 1995)**

If, within the framework the complaint, evidencemay be introduced which will sustain a grant of relief to the plaintiff the complaint is sufficient. citing **Link v. Barokas & Martin 667 P2d 171 (Alaska 1983)**. Defendants hold relevant evidence in their possession to divert a motion to dismiss against plaintiff and that evidence that defendants hold must be brought forth. The with holding of information and or of the knowledge of concealment of information defendant has a duty of

EXHIBIT A
Page 5 of 11

disclosure to plaintiff of any material evidence as to plaintiffs safety and plaintiffs safety equipment that defendants with held from plaintiff. Must be brought forward this is a genuine issue of material fact and the issue of plaintiffs safety along with contractual interference is a issue to be tried be fore a jury. motion to dismiss should be denied.

## II ARGUMENT

Plaintiff will address defendants legal theories which are their own self made conclusion to their defenses. the first fact is that this case is not of a workers compensation claim, and the fact of this issue is that, you can not litigate damages in a workers compensation claim, like negligence does not leave employer from immunity citing: <u>Sauve v. Winfree, 907 P.2d 7 (Alaska 1995)</u>.quoting <u>Elliot v. Brown, 569 P.2d 1323, 1327 (Alaska 1977)</u>.The Alaska workers compensation Act is not a barr to Plaintiffs claim of negligence. this is a material fact a tribal issue that must come before a jury. Plaintiffs safety is at issue here and the clear fact of this issue is that defendant Csk Auto Corp failed to provide safety equipment as per required by O.S.H.A.,overloaded plaintiffs weight that he was required to lift by double tapping two cases of antifreeze together. This is also a admitted fact of negligence by the Defendants. and in violation of their own shipping policys and in violation of O.S.H.A. Safety regulation policy under their regulation (standards 29 CFR).

EXHIBIT A
Page 6 of 11

1. <u>Plaintiffs claims are within Alaska Statutes of limitations</u>

If a plaintiff is either incompetent or a minor at the time the cause of action accrues, the statute of limitation is tolled until two years after the disability ceases. AS 09.10.140(a); AS 09.10.180; <u>Yurioff v. American Honda Motor Co.</u>, 803 P.2d 386 (Alaska 1990). Alaska has adopted the "discovery" rule, which provides that the statute of limitation begins to run when a plaintiff discovers or should have discovered that a claim may have existed. <u>John's Heating Service v. Lamb</u>, 46 P.3d 1024, 1031-32 (Alaska 2002); <u>Hanebuth v. Bell Helicopter, Int'l</u>, 694 P.2d 143, 144 (Alaska 1984); <u>Pedersen v. Zielski</u>, 822 P.2d 903 (Alaska 1991)(statute starts to run on date plaintiff discovers or should reasonably have discovered all elements of his or her cause of action). Plaintiff was injured on 3-29-01 plaintiff filed his complaint on march 23 2004 the amended complaint of April 2, 2004 relates back to the filing of march 23 2004.Under the discovery rule plaintiff is within the statutes, their fore plaintiffs statutes would not run out until 2005 be cause of being a incapacitated person and the cause of injury was unknown at the time. but the injury was known,but as to its cause was not.citing<u>Pedersen v. Zielski, 822 P. 2d 903, 907 (Alaska 1991)</u>. The court stated in *Pedersen* we made clear that the discovery rule "is broad enough to cover other undiscovered and reasonably undiscoverable elements" of the cause of action." Plaintiffs grevious injury precluded him from finding what caused his injury.

EXHIBIT A

Defendants motion to dismiss at ¶ 2 pg 4 is a allegation of what happened to plaintiff which according to the inference of the

2. statute under AS 18.60.075. Safe Employment.

(a) An employer shall do everything necessary to protect the life, health, and safety of employees including, but not limited to

(1) complying with all occupational safety and health standards and regulations adopted by the department;

(2) furnishing and prescribing the use of suitable protective equipment, safety devices, and safeguards as are prescribed for the work and work place;

(3) adopting and prescribing control or technological procedures, and monitoring and measuring employee exposure in connection with hazards, as may be necessary for the protection of employees; and

(4) furnishing to each employee employment and a place of employment that are free from recognized hazards that, in the opinion of the commissioner, are causing or are likely to cause death or serious physical harm to the employees.

Plaintiff is not sueing under this statutes, but is referring to It as what Csk Auto failed to do is keep employee safe[emphasis] added at *(2)this is a material fact for a jury to decide did Csk Auto corp keep employee safe by sending employee out on a delivery with out any safety equipment. Defendants failed this test, defendants already admitted to it. See **Bachner v. Rich, 554 P.2d 430, 444 (Alaska 1976)** (holding that AS 18.60.075 creates legal duty for employers to keep workplace safe for employees); **State v. Marathon Oil Co., 528 P.2d 293, 297 (Alaska 1974) (same)**.This is nothing but pure negligence on the part of Csk Auto Corp and this is a question for a jury.

### 3. Plaintiff was not bringing products liability claims or claims for violation of the consumer protection act claims against employer

Defendants forget that their was two issues one with R&R industries and the other with Defendant. At ¶ count V pg 4 plaintiffs complaint count I,II,III,IV, is in reference to a back support belt supplied by R&R to Csk Auto Corp and this is a negligence claim and since Csk Auto Corp mandated that employee wear back support belt under duress of threat of loosing his job, strict "liability" hangs on to employer for plaintiffs injuries for their negligence acts, breach of duty to keep employee safe, which is the proximate cause of plaintiffs injures by failing to provide correct safety equipment to employee and implying that back support belt is a mandated safety equipment is abuse of such product, and proximate cause is a jury question citing: **Tellez v.Saban,933 P2D 1233**

### 4. Plaintiff never mention a class action in complaint

Plaintiff does not have a count VI. As to defendants response this is a new issue, and must not be considered on a motion to dismiss. Their fore Case law states that the standard on an FRCP 12(b)(6) motion is so stringent that a court will rarely encounter circumstances that justify granting such a motion. **Mahone v. Addicks Util. Dist., 836 F.2d 921, 926 (5th Cir. 1988).**

## 5.opposition to motion for more definate statement

Defendant Csk Auto corp argument that plaintiffs complaint lacks the specificity required by Fed.R.Civ.P 8(a) lacks merit under rule 8(e)(2)States a party may set forth two or more statements of a claim either in one count or defences or in separate counts, when two or more statements are made in the alternative and one of them if made independently would be sufficient,the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. a court is not justified in depriving a party of his rights because he mistakes the nature of his remedy. citing **Mitchell v. Land 355 P2d 682,687 (Alaska 1960)**.Plaintiffs pleading set forth certain cause of action against former defendant R&R industries and R&R did not need a motion for a more definite statement. Their for plaintiff complaint does not lack a motion for a more definite statement. Defendants do not want to answer specific allegations in count I thru Count V of plaintiffs complaint or to produce any safety equipment that plaintiff was not afforded plaintiffs complaint at count IV ¶ I,II,III states this Allegation of Negligence. Defendants motion for a more definite Statement under Fed R.Civ.P, 12 (e) is nothing more than an improper attempt to obtain discovery. how ever,"Rule"12 (e)is designed to strike at unintelligibility, rather than want of detail, **Woods v. Reno commodities inc,600 F.Supp.574,580(D Nev.1984)**.As such,[A] motion for a more definite statement should not be granted to

require evidentry detail that may be subject of discovery. "id"
Because there is nothing unintelligibility about Plaintiffs
complaint and R&R industries understood complaint, Csk Auto
Corps motion for a more definite statement should be denied.
"id"

Dated this 25 day of June, 2004

TERRY L. SMITH PRO SE

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

RECEIVED
FOR _____

JUL 0 9 2004

DAVIS WRIGHT TREMAINE
BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
      Plaintiff

VS.

CSK AUTO INC,
AND ENETIES   Defendant

Case No. F04-0012-Civil (RRB)

## OPPOSITION TO MOTION AND MEMORANDUM TO QUASH AND FOR AN AWARD OF ATTORNEY FEES

PLAINTIFF TERRY L SMITH PRO SE FILES THIS MOTION ON THE GROUNDS THAT DEFENDANTS MOTION AND MEMORANDUM TO QUASH AND FOR AN AWARD OF ATTORNEYS FEES IS BASELESS. THEIR ACTIONS IS NOTHING BUT OF FILING FRIVIOLUS MOTIONS JUST SO DEFENDANTS DO NOT HAVE TO COMPLY WITH FED CIV.R. Rule 26. General Provisions Governing Discovery; Duty of Disclosure STATES IN PART: A PARTY MUST WITHOUT AWAITING A DISCOVERY REQUEST, PROVIDE TO THE OTHER PARTIES,

(a) Required Disclosures; Methods to Discover Additional Matter.

(1) Initial Disclosures.

Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

PL EXHIBIT B1
Page 1 of 3

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff is only going by what is stated under Fed Civ.R.26 Initial disclosure to try and resolve the issue of who is liable for the poisoning of thousands of Csk auto employees by employer stating and implying that back support belts are safety equipment when in fact they are not. Defendants motions only affirms that they are hiding information as to plaintiffs safety equipment that he was not afforded, this clearly proves negligence which is a cause of action against defendants which plaintiff stated, and the hiding of information just to avoid discovery is unfounded and is nothing but pure fraud at its best, the hiding of plaintiffs safety equipment caused a serious injury to ones body which is negligence at it highest degree.

EXHIBIT B
Page 2 of 3

Their for under Fed Civ. R 26 initial disclosure Defendants are hiding information that is the cause of injury to plaintiff, the information sought is not burden some but in the direct hands of defendants. Which defendants are hiding and refusing to give up, plaintiff has not used the court to compel this discovery but wanted to see if they would give freely the information asto plaintiffs injury and it direct cause of his injury which should have never happened in the first place. their for plaintiff ask this court to quash their motion and memorandum of to quash and for an award of attorneys fees.

Plaintiff prays for Denial against Defendants.


Respectfully, submitted

*[signature]*
TERRY D SMITH PRO SE

Dated This 7TH Day Of July, 2004

Joan M. Wilson
James H. Juliussen
Davis Wright Tremaine LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TERRY L. SMITH, )
 )
       Plaintiff, )
 ) Case No. F04-0012 Civil (RRB)
vs. )
 )
CSK AUTO INC., and other Entities, ) MOTION AND
 ) MEMORANDUM TO QUASH
R&R INDUSTRIES INC., Supplier and ) AND FOR AN AWARD OF
Entities, ) ATTORNEY FEES
 )
       Defendants. )
_____)

      Defendant CSK Auto, Inc. ("CSK") moves to quash the attached Subpoena For the Production of Documents and Things, and for an award of attorneys fees against Plaintiff Terry L. Smith ("Smith"), on the grounds that that the subpoena is untimely under federal rules of discovery and that CSK has informed Smith on at least three occasions that discovery may not occur until after the planning meeting of the parties. CSK has complied with its conferral obligations under D. AK. LR 37.1

PL EXH bit
C1

As set forth in the Affidavit of Joan M. Wilson ("Wilson Aff.") filed herewith, Smith has on two prior occasions filed discovery requests of CSK in this action. Wilson Aff., ¶ 2, Exhs. A-B. Counsel for CSK wrote Smith informing him that a party may not seek discovery from any source before the parties have conferred as required by Federal R. Civ. P. 26(f). Id. ¶ 3, Exh. C.

Notwithstanding this notice, Smith again served CSK with a Subpoena for the Production of Documents and Things on or after approximately June 15, 2004. Id. ¶ 5, Exh. F. Counsel called CSK and requested that he withdraw the subpoena as it again sought untimely discovery. Counsel informed Smith that CSK would seek attorneys fees if he did not. Smith stated that he needed some time to think about it. Counsel gave him that time, had him called again, and sent an additional letter requesting withdrawal of the subpoena. Smith sent a response refusing to withdraw the subpoena. Id. ¶ 7-9, Exh. G-H.

Federal Rule of Civ. P. 26(d) provides that except in exempted actions -- which this action is not -- or by order or agreement of the parties – neither of which is applicable – "a party may not seek discovery from any source before the parties have conferred, as required by Rule 26(f)." The Rule 26(f) obligation to confer does not arise until 21 days before a scheduling conference or scheduling order is due, neither of which has occurred in this case. Therefore, none of Smith's discovery requests, most particularly, the subpoena for production of documents and things are timely.

Prior to bringing this motion for sanctions CSK has confered with Smith to

MOTION TO QUASH 2
75927v1/53870-5

resolve this dispute pursuant to its obligations under D. AK. LR 37.1. Smith would not withdraw the subpoena. For the foregoing reasons, CSK respectfully requests that his motion to quash be granted and that attorneys fees be awarded for the costs of bringing this motion.

DATED this 30th day of June, 2004.

DAVIS WRIGHT TREMAINE LLP
Attorneys for CSK Auto Inc.

By: _____
Joan M. Wilson
Alaska Bar No. 9611069

Certificate of Service:

I certify that on June 30, 2004, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
(  ) Facsimile and Mail
(  ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

Madelon M. Blum
Lynch & Blum, P.C.
425 G Street, Suite 320
Anchorage, 99501

By: _____
Kris Hamann

MOTION TO QUASH          3
75927v1/53870-5



# Davis Wright Tremaine LLP

ANCHORAGE  BELLEVUE  LOS ANGELES  NEW YORK  PORTLAND  SAN FRANCISCO  SEATTLE  SHANGHAI  WASHINGTON, D.C.

JOAN M. WILSON
Direct (907) 257-5337
joanwilson@dwt.com

SUITE 800
701 WEST EIGHTH AVENUE
ANCHORAGE, AK  99501-3408

TEL (907) 257-5300
FAX (907) 257-5399
www.dwt.com

May 11, 2004

Mr. Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

Re: Plaintiff's First Request for Production, First Request for Testing and Production

Dear Mr. Smith,

We are counsel for CSK Auto, Inc. We write to address the timing of your above-referenced discovery requests. You may not be aware that per Federal Rule of Civil Procedure 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Therefore, we consider your discovery requests untimely.

DAVIS WRIGHT TREMAINE LLP

Very truly yours,

/s/ M. Wilson

Joan M. Wilson

JMW/kah
cc: Mr. James Wigle
    Mr. James Juliussen
74978v1/53870-5

EXHIBIT C
Page 1 of 1

Terry Smith
P.O. Box 60882
Fbk, AK 99706

Davis Wright Tremaine
701 West 8th Ave
Suite 800
Anchorage, AK 99501



7004 1160 0001 2707 6943

CERTIFIED MAIL

U.S. POSTAGE PAID
FAIRBANKS, AK
99701
OCT 25, 04
AMOUNT
$3.82
0000076573-12