RECEIVED
FOR _____

NOV 1 2 2004

Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

DAVIS WRIGHT TREMAINE
BY _____

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

NOV 0 9 2004

Clerk of the Trial Courts
By _____ Deputy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| TERRY L. SMITH, ) | |
| Plaintiff, ) | |
| vs. ) | |
| CSK AUTO INC., d/b/a SCHUCKS ) AUTO SUPPLY, DOE, ) | |
| Defendant. ) | Case No. 4FA-04-2053 Civil |

## OPPOSITION TO SMITH'S MOTION TO STRIKE DEFENDANT'S REPLY

Plaintiff Terry L. Smith's ("Smith") most recent motion purports to be a motion to strike the reply brief that CSK Auto, Inc. ("CSK") filed in conjunction with its motion to dismiss Smith's complaint. In reality, the motion is merely an unauthorized surreply that simply repeats the same arguments that Smith made in opposition to CSK's motion to dismiss. Smith makes no attempt to articulate any basis for this Court to strike CSK's reply brief, nor does further repetition add merit to Smith's arguments. As set forth in

EXHIBIT M

CSK's motion to dismiss, Smith's claims are barred by res judicata. Since all of the issues raised in Smith's motion are already before the Court in conjunction with CSK's motion to dismiss, CSK will address Smith's arguments only briefly.

Smith's principal argument appears to be that res judicata should not apply because Smith believes that he did not get a full and fair chance to litigate his claims before the U.S. District Court. Smith contends that his "prior complaint[] was ill with errors and defect" and that the U.S. District Court refused to let Plaintiff amend his complaint to correct these errors. Affidavit on Motion (dated October 25, 2004) at para.6. Smith does not identify what errors the U.S. District Court refused to let him correct, or how amendment could have altered the U.S. District Court's finding that all of Smith's claims were barred by either the exclusive remedy provisions of the Alaska Workers Compensation Act, or the statute of limitations. See Exhibit C to the Affidavit of Counsel filed September 23, 2004.

Unlike collateral estoppel, application of res judicata does not require a Court to sit in judgment of whether a sister court gave a litigant a full and fair opportunity to litigate his or her claims. If proper procedures were not followed, the plaintiff's remedy is to appeal the first judgment, not file a second action. For these reasons, a party cannot escape res judicata by contending that a claim could not be asserted in a prior action because leave to amend was wrongly denied:

> An order that denies leave to amend the pleadings to advance an additional part of a claim partially asserted might seem to

OPPOSITION TO MOTION TO STRIKE - 2
ANC 78367v1 53870-5

> fall within the principle that a plaintiff should be free to bring a second action on a theory that could not be advanced in the first action. It appears well-settled, however, that claim preclusion bars a second action on the part excluded from the first action. The result is sound. . . Any error should be corrected by appeal in the first proceeding.

Wright & Miller, 18 Federal Practice and Procedure, § 4412, pp. 310-11 (2nd Ed. 2002). See also Huck on Behalf of Sea Air Shuttle Corp. v. Dawson, 106 F.3d 45, 49-50 (3rd Cir. 1997) (fact that plaintiff was denied leave to amend does not give him or her right to file second lawsuit asserting same claim). Insofar as Smith asserts that he did not get a fair hearing before the U.S. District Court, his remedy is to appeal that judgment, not simply file a new action in this Court.

Smith next contends that the U.S. District Court lacked subject matter jurisdiction over his claim. Smith does not explain why he feels that the U.S. District Court lacked jurisdiction, other than to again state that his complaint was "with defect and error which the U.S. District Court would not let Plaintiff correct . . ." Motion at p.3. In response to similar contentions made in the U.S. District Court, Judge Beistline issued an order in which he patiently explained to Smith why the U.S. District Court properly had jurisdiction over his claims based on diversity of citizenship. A copy of Judge Beistline's order is attached as Exhibit A to the Affidavit of Counsel filed herewith.

Finally, Smith argues that res judicata should not be applied in this case because there has been some kind of unspecified change in circumstances, and because CSK is allegedly hiding information from Smith. For changed circumstances to defeat res

OPPOSITION TO MOTION TO STRIKE - 3
ANC 78367v1 53870-5

judicata, the new facts relied upon must arise after the date of the judgment in the first case and constitute a new injury. See Dawson, 106 F.3d at 50. Smith's Complaint alleges no such new facts, but instead seeks to recover the same damages he sought in the previous action, principally lost wages beginning on the date of his March 29, 2001 injury. Complaint at p.3, para VII, p.9). Similarly, Smith's argument that CSK is hiding information from him also fails. Not only does Smith fail to divulge what information CSK is purportedly hiding, but he also fails to explain how these unspecified facts have any bearing on the U.S. District Court's prior determination that his claims are barred by the statute of limitations and the exclusive remedy provisions of the Alaska Workers Compensation Act.

## CONCLUSION

For the foregoing reasons, CSK respectfully requests that Smith's motion to strike be denied, and that CSK's motion to dismiss Smith's complaint be granted.

DATED this 5th day of November, 2004.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: _____
Eric J. Jenkins, ABA # 0011078

OPPOSITION TO MOTION TO STRIKE                    - 4
ANC 78367v1 53870-5

Certificate of Service:

I certify that on Nov. 5th, 2004, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____
Janet Eastman

---

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 • 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 • Fax: (907) 257-5399

OPPOSITION TO MOTION TO STRIKE                - 5
ANC 78367v1 53870-5

Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

NOV 0 9 2004

By_____ Clerk of the Trial Courts
_____Deputy

Attorneys for CSK Auto Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

TERRY L. SMITH,                )
                               )
            Plaintiff,         )
                               )
    vs.                        )
                               )
CSK AUTO INC., d/b/a SCHUCKS   )
AUTO SUPPLY, DOE,              )
                               )
            Defendant.         )   Case No. 4FA-04-2053 Civil
_____)

AFFIDAVIT OF COUNSEL

STATE OF ALASKA              )
                             ) ss.
THIRD JUDICIAL DISTRICT      )

Eric J. Jenkins, being first duly sworn, on oath deposes and says:

1.      I am an attorney in the law firm of Davis Wright Tremaine LLP, counsel for Defendant CSK Auto Inc. ("CSK") in the above captioned matter.

2.      Attached hereto as Exhibit A is a copy of Judge Beistline's June 28, 2004 Order Denying Motion to Remand entered in the case entitled Terry L. Smith v. CSK

<u>Auto, Inc. & R & R Industries, Inc.</u>, Case No. F04-0012 CV (RRB), United States District Court for the District of Alaska.

_____
Eric J. Jenkins

SUBSCRIBED AND SWORN TO BEFORE ME THIS 5th DAY OF NOVEMBER, 2004.



_____
Notary Public for the State of Alaska
My Commission Expires: 6/28/06

AFFIDAVIT OF COUNSEL - 2
ANC 78510v1 53870-5

RECEIVED
FOR _____
JUN 3 0 2004
DAVIS WRIGHT TREMAINE

FILED
JUN 2 9 2004
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

NOV 0 9 2004

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br><br>      Plaintiff,<br><br>vs.<br><br>CSK AUTO INC. and entities, and R&R INDUSTRIES, INC., suppliers and entities.<br><br>      Defendants. | Case No. F04-0012 CV (RRB)<br><br>**ORDER DENYING MOTION TO REMAND** |

I.    INTRODUCTION

      Before the Court is Plaintiff Terry L. Smith with a Motion to Remand (Docket No. 6). Plaintiff argues this matter should be remanded to the Superior Court of the State of Alaska because: (1) Defendant CSK Auto, Inc. did not timely remove this case; (2) an unnamed and unserved entity named M&O Schuck's Auto Supply destroys diversity; and/or (3) Defendant R&R Industries, a California corporation, did not join in removal.[1] Defendant opposes and argues: (1) removal was timely; (2) M&O Schuck's Auto

---

[1] Clerk's Docket No. 12 at 1-2.

Supply does not destroy diversity; and (3) R&R's joinder or consent to removal was not required because R&R settled its claims with Plaintiff within the removal period.[2] Defendant is correct.

## II. STANDARD OF REVIEW

A defendant removing a case to federal court has the burden of establishing that the removal is proper.[3] A suit may be removed if removal jurisdiction pursuant to 28 U.S.C. § 1441 exists and the procedures for removal at 28 U.S.C. § 1446 are followed. Nevertheless, courts must strictly construe the removal statutes against removal and must reject removal jurisdiction if there is any doubt as to whether the removal is proper.

## III. DISCUSSION

### A. Removal was Timely.

Plaintiff claims removal was untimely. The facts, however, reveal differently. Defendant was served on April 8, 2004. Defendant removed the case on May 28, 2004. Thus, the Court concludes removal occurred within the time allotted by 28 U.S.C.

---

[2] Id. at 2-7.

[3] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

§ 1446(b).[4] Plaintiff's argument with respect to M&O Schuck's Auto Supply fares no better.

### B. M&O Schuck's Auto Supply Does Not Destroy Diversity.

Because M&O [Shuck's Auto Supply] was neither identified nor served, it is the equivalent of a fictitious defendant and cannot be used to destroy diversity.[5] Moreover, inasmuch as M&O Shuck's Auto Supply ceased to exist as a separate legal entity[6] two years prior to the date of Plaintiff's alleged injury,[7] the Court further concludes diversity cannot be destroyed even if Plaintiff were allowed to amend his complaint, adding M&O Shuck's Auto Supply to the same. Nor, is consent from a previous co-defendant required for removal.

---

[4]   28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

[5]   Clerk's Docket No. 12 at 3. 28 U.S.C. § 1441(a) provides in relevant part: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

[6]   Id.

[7]   Id.

### C. R&R's Consent is Not Required for Removal.

Plaintiff resolved all of his disputes with R&R on May 5, 2004, within the removal period. Consequently, R&R's consent to removal is no longer required.[8] And, even if R&R's non-objection were required, it is without dispute that R&R does not object to removal.[9]

### IV. CONCLUSION

For these reasons, and for reasons more carefully articulated in Defendant's Opposition to Motion for Remand (Docket No. 12),[10] the Court concludes it maintains diversity over this matter and/or that diversity exists. Therefore, Plaintiff's Motion to Remand (Docket No. 6) is **DENIED**.

ENTERED at Anchorage, Alaska, this 28 day of June, 2004.

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8] Id. at 4.

[9] Id., Ex. D ("This letter confirms that R&R Industries, Inc., has no objection to the removal of the action to federal court.").

[10] Although implicitly argued in Plaintiff's Motion to Remand (Docket No. 6), the Court notes the jurisdictional amount required for diversity jurisdiction, i.e., $75,000, is satisfied. 28 U.S.C. § 1332(a)(1). Indeed, Plaintiff seeks $550 million in special damages alone. Clerk's Docket No. 9, Ex. C at 5.

ORDER DENYING MOTION TO REMAND - 4
F04-0012 CV (RRB)

F04-0012--CV (RRB)
J. WILSON (DAVIS)
T. SMITH

EXHIBIT A
Page 4 of 4