Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

NOV 1 2 2004

Clerk of the Trial Courts
By_____Deputy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| TERRY L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CSK AUTO INC., d/b/a SCHUCKS ) | |
| AUTO SUPPLY, DOE, ) | |
| ) | |
| Defendant. ) | Case No. 4FA-04-2053 Civil |

## REPLY TO OPPOSITION TO MOTION TO VACATE PRETRIAL SCHEDULING CONFERENCE

Smith opposes CSK's motion to vacate the pretrial scheduling conference for this matter by simply repeating the same arguments he made in opposition to CSK's ARCP 12(b)(6) motion to dismiss. In so doing, Smith reinforces the reasons why this Court should rule on CSK's motion to dismiss before requiring the parties to hold a pretrial scheduling conference or exchange initial disclosures. If CSK's motion is granted, then

EXHIBIT N

this case will be dismissed, and there will be no need to incur further costs addressing claims that have already been disposed of by the U.S. District Court.

Oral argument on CSK's motion to dismiss Smith's complaint has been scheduled for November 22, 2004. Holding a pretrial scheduling conference and exchanging initial disclosures in advance of a decision on CSK's motion would impose unnecessary burden and expense upon this Court and CSK. CSK anticipates that its motion will be granted and that this case will be dismissed based upon res judicata. However, assuming arguendo that one or more of Smith's claims were to survive dismissal, a decision on CSK's motion would still dramatically narrow the claims at issue in these proceedings.

Smith contends that CSK is hiding information, and "must be brought forth to this court to divulge information before trial." Opposition at p.2. Since a motion under ARCP 12(b)(6) "tests the legal sufficiency of the complaint's allegations," "well pleaded allegations of the complaint are deemed admitted for purposes of the motion but [not] unwarranted factual inferences and conclusions of law . . ." Dworkin v. First National Bank of Fairbanks, 444 P.2d 777, 779 (Alaska 1968). Thus, in bringing its motion to dismiss, CSK contends that Smith's complaint fails as a matter of law because his claims are barred by the res judicata. The outcome of CSK's motion is not dependent upon the truth or falsity of the allegations set forth in Smith's complaint. Ordering the parties to hold a pretrial scheduling conference and exchange initial disclosures will not revive claims that are barred by res judicata. Rather, it would simply impose an unwarranted

REPLY TO OPPOSITION TO MOTION TO VACATE
PRETRIAL SCHEDULING CONFERENCE - 2
ANC 78569v1 53870-5

burden on a defendant that has already had to incur substantial costs defending against the same claims before the U.S. District Court.

## CONCLUSION

For the foregoing reasons CSK respectfully requests that its motion to vacate the pretrial scheduling conference for this matter be granted.

DATED this 8th day of November, 2004.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: _____
Eric J. Jenkins, ABA # 0011078

Certificate of Service:

I certify that on Nov. 8th, 2004, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____
Janet Eastman

REPLY TO OPPOSITION TO MOTION TO VACATE
PRETRIAL SCHEDULING CONFERENCE - 3
ANC 78569v1 53870-5