RECEIVED
FOR _____
NOV 17 2004
DAVIS WRIGHT TREMAINE
BY _____

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| TERRY L. SMITH,<br>　　　　　Plaintiff<br><br>VS.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>Doe　　　　　Defendants | Case No. 4FA-04-2053 Civil |

**REPLY TO OPPOSITION TO PLAINTIFFS MOTION TO STRIKE DEFENDANTS OPPOSITION**

Plaintiff Terry L.Smith Files his Reply as Defendants keep misconstruing a Remand as a Complete Trial. When their was no trial by a jury as requested be for a prior proceeding was removed from Superior Court. The U.S.District court had no subjectmatter jurisdiction and that is why Plaintiff has the Ninth Circuit Looking At the Fraud That was involved in a removal from Superior Court." **Restatement §27**, cmt. d. Conversely, a judgment is not conclusive in a second action "as to issues which might have been but were not litigated and determined in the prior action." Id. cmt. e. Their by nothing in a prior proceeding was litigated nor was their a

EXHIBIT O

determination as to what was advanced on appeal. furthermore if an issue has been determined, but the judgment is not dependent on it, relitigation of the issue in a subsequent case is not precluded. Id. at cmt Restatement §27, cmt.h Defendants want this court to think that their was a total hearing and oral argument when their was none. Plaintiff could not advance any issues in U.S. District Court since the Court held Plaintiff from Correcting Defects in his Complaint in a Prior Proceeding Their by nothing in a prior Proceeding was Litigated and their was no Discovery Taken, The U.S. District Court did not set a pre trial Scheduling Conference nor did it have any hearing on any issues that Plaintiff wanted to Correct Defect in Complaint. See **RESTATEMENT (SECOND) OF JUDGMENTS**, § 27 & cmt. h (1982) ("[n]ecessarily determined" means "essential to the judgment"; "[i]f issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action is not precluded"). Defendants have hidden the true fact to this issue and the hidding of relevant information see **Apodaca v. AAA Gas Co.**, 2003-NMCA-085, ¶ 84, 134 N.M. 77, 73 P.3d 215, which stated that a party may overcome policies favoring preclusion when "one of the parties conceals material information, therefore

plaintiff contends that Defendants are hiding relevant information to preclude them from a cause of action. Defendants do not say what was actually litigated in a prior proceeding to preclude them from the currant cause of action In determining what issues were actually litigated or determined by the earlier judgment, the court in the second proceeding is "free to go beyond the judgment roll, and may examine the pleadings and the evidence [if any] in the prior action." **18 James W. Moore** et al., **Moore's Federal Practice** [section] 132.03[4][i] (3rd ed. 1997) [hereinafter 18 Moore's Federal Practice]. "If the rendering court made no express findings on issues raised by the pleadings or the evidence, the court may infer that in the prior action a determination appropriate to the judgment rendered was made as to each issue that was so raised . . . ." Id. <u>The burden is on the party asserting issue preclusion to show "with clarity and certainty what was determined by the prior judgment."</u> 18 **Moore's Federal Practice** [section] 132.05[1]. **<u>"It is not enough that the party introduce the decision of the prior court. Rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." Id.</u>** Defendants have not shown Plaintiff or this court as to what was actually litigated in a prior proceeding when nothing in a prior proceeding was advanced on appeal to the Ninth CircuitAs a

general rule, an issue is "actually litigated" only when it is properly raised by the pleadings, submitted for a determination, and actually determined. *In re Garner,* **56 F.3d at 680** (citing **Restatement (Second) of Judgments** § 27 cmt. d (1982) The Restatement of Judgments further instructs that "[a]n issue is not actually litigated if ... it is raised by a material allegation of a party's pleading but is admitted (explicitly or by virtue of a failure to deny) in a responsive pleading. given the effect of this issue and that plaintiff could not nor would the U.S. District Court let Plaintiff Correct Defect and errors in complaint in a prior proceeding which left nothing to litigate except a remand issue which is on appeal to the Ninth Circuit to look at the way Plaintiff was removed from Superior Court by way of fraud and given the fact to the currant issues Which were never before a court and were never litigated in a prior proceeding Defendant still mischaracterize Prior U.S District Court proceeding as a fully litigated cause of action when the reality of it, An issue is *actually **litigated*** if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . 1 **Restatement (Second), Judgments** § **27, comment** (d) (1982). An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could **not** have been validly rendered.''

(Emphasis in original; internal quotation marks omitted.) Id.; see also **Gladysz v. Planning & Zoning Commission**, 256 Conn. 249, 260, 773 A.2d 300 (2001); **Lafayette v. General Dynamics Corp.**, 255 Conn. 762, 773, 770 A.2d 1 (2001). Plaintiff has a remand issue on appeal to the Ninth Circuit and Defendants want this court to think that prior issues has been fully litigated which is misleading, this court as to issues which in a prior Removal from Superior Court has been litigated and advanced on appeal.

## CONCLUSION

Defendant have not shown this court which issues were actually Litigated and put forth on appeal to the Ninth Circuit to preclude them from the currant cause of action. The U.S.District Court Committed error and The Ninth Circuit is looking at the Remand issue along with Subject-matter Jurisdiction for error. As stated Plaintiff reiterates his motion to strike Defendants motion to dismiss and asks this Court To Proceed to trial by a Jury on the Currant issues.

Respectfully Submitted,

*[signature]*
Terry L. Smith Pro SE

Dated This 15TH Day of NOV, 2004

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## FOURTH JUDICIAL DISTRICT

TERRY L. SMITH,
          Plaintiff

VS.

CSK AUTO INC,
d.b.a. SCHUCKS AUTO SUPPLY
Doe          Defendants

Case No. 4FA-04-2053 Civil

### AFFIDAVIT

Plaintiff Pro Se Terry L. Smith States as follows: The following attachment hereto as Pl exhibit is copy of The following Exhibits that were filed in U.S. District Court Case No. F04-0012 and the Ninth Circuit Case NO 04-35699.

1. Is Copy notice to remand Dated May 10th 2004 in Case NO. F04-0012 Pl Exhibit A1.

2. Is Copy motion to amend Complaint Dated June 10th in Case No. F04-0012 Pl Exhibit A2.

3. Is copy motion for review to remand Dated August 31 2004 In Case No.04-35699 Pl Exhibit A3.

4. IS Copy Plaintiff Reply to Defendants opposition to Motion for review to remand Dated September 20th 2004 in case No. 040-35699 Pl Exhibit A4

Please take note that their were no Issue in a prior proceeding on appeal to the Ninth Circuit nor are their any Currant issues on appeal in a prior Removal on appeal their for nothing in the currant or prior proceeding were litigated.

Further your Affiant Sayeth Naught.

Dated This 15TH Day Of NOV ,2004

By: _____
    Terry Lee Smith pro se

Subscribed and Sworn to before me this 15th Day

of Nov ,2004.

By: Carol Diann Irish
    _____
    Notary Public in and for
Alaska
My Commission Expires: 4-16-2007



OFFICIAL SEAL
CAROL DIANN IRISH
NOTARY PUBLIC
STATE OF ALASKA
My Commission Expires: April 16, 2007

AFFIDAVID

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
        Plaintiff

VS.

CSK AUTO INC,
AND ENETIES     Defendant

Case No. F04-0012 Civil (RRB)

CASE NO-4FA-04-670-CIVIL

### NOTICE TO REMAND

PLEASE TAKE NOTICE: THAT PLAINTIFF TERRY L. SMITH GIVES HIS NOTICE TO REMAND JURISDICTION BACK TO SUPERIOR COURT PURSUANT TO 28 U.S.C.A.§1447 (c) on the grounds of Defect Improvidently, As Set fourth in the attached notice of remand filed in the United States District court on May 10,2004

Dated This 10TH Day OF MAY ,2004

_____
TERRY L. SMITH PRO SE

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
             Plaintiff

VS.

CSK AUTO INC,
AND ENETIES    Defendant

Case No. F04-0012 Civil (RRB)

CASE NO-4FA-04-670-CIVIL

### MOTION TO REMAND

PLAINTIFF TERRY L. SMITH PRO SE BRINGS THIS MOTION UNDER 28

U.S.C.A. § 1447 (c) which governs remand back to the state

courts. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c) (emphasis added). The plain language of § 1447(c) gives "no discretion to dismiss rather than remand an action" removed from state court over which the court lacks subject-matter jurisdiction. International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 89 (1991)

the question before this court is purely one of law, is

to review the issue de novo. See Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th
Cir. 1993).

Dated this_____Day of_____2004

_____
TERRY L. SMITH PRO SE

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

U.S. DISTRICT COURT
DISTRICT OF ALASKA

2004 JUN 10 AM 10: 38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
        Plaintiff

VS.

CSK AUTO INC,
AND ENETIES    Defendant

Case No. F04-0012-Civil(RRB)

## MOTION TO AMEND COMPLAINT

COMES NOW PLAINTIFF, TERRY L. SMITH, PRO SE, AND PURSUANT TO FEDERAL RULES OF CIVIL P.(15) asks this court for Permission to amend complaint. see **Properties, Inc. v. Gray, 729 A.2d 300, 303 (Del 1999)** also see **COPPER VALLEY TRADING CO. v. KRATZ 513 P2d 1113 (ALASKA 1973)** STATES: [A TRIAL COURT MAY ALLOW WHATEVER AMENDMENT MAY BE NECESSARY TO RECTIFY ANY DEFICIENCY IN THE PLEADINGS]. THIS AMENDMENT WILL NOT PREJUDICE THE OPPOSING PARTIES, BUT WILL CLAIFIFY THE ISSUSE TO BE TRIED. WHERE FORE PLAINTIFF PRAYS THAT THIS COURT GRANT PLAINTIFF LEAVE TO AMEND COMPLAINT.

DATED THIS 10TH DAY OF June 2004

TERRY L. SMITH PRO SE

Terry L Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY L. SMITH,<br>      Plaintiff -Appellant<br><br>VS.<br><br>CSK AUTO INC,<br>AND ENETIES    Defendant - Appellees | COURT OF APPEALS NO, 04-35699 |

### PLAINTIFF-APPELLANT REPLY TO DEFENDANTS OPPOSITION TO MOTION FOR REVIEW TO REMAND

Plaintiff Terry L. Smith Pro SE files his Reply. Plaintiffs Complaint Should have never been removed from Superior Court of Fourth Judicial District at Fairbanks Alaska. The issue of Removal was the way removal Took place and that Plaintiffs Complaint was with defect and the court Failed to look closely At removal when Defendant Csk Auto with out Proper notice and Removed both Plaintiff and former defendant R&R Industries See: [exhibit [a] letter of July 14] clarifies this and that Defendant Csk Auto Corp. failed to join R&R industries in Removal from Superior Court. UNDER 28 U.S.C.A.§ 1332/ Under the

General rule, failure to join all defendants **properly joined And served in the state action** renders the notice of removal Defective. See <u>Acme Brick Co. v. Agrupacion Exportadora De Maquinara Ceramica</u>, 855 F. Supp. 163, 165(N.D. Tex. 1994) Citing <u>**Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services**</u>, 925 F.2d 866 (5th Cir.), Cert. denied, 502 U.S. 866, 116 L. Ed. 2d,There by removal was Defective and should be void, Because of Defect in Plaintiffs Complaint the lower court failed to let Plaintiff Correct any Defects in complaint See <u>**Foman v. Davis,**</u> 371 U.S. 178, 182 (1962) Rule 15(a) declares that leave to amend "shall be freely Given when justice so requires"; this mandate is to be heeded. Their by the lower court failed to let Plaintiff Correct any Defects in Complaint.As On the face of Plaintiffs complaint [1]Their were no Federal Issues [2]The Issue of Jurisdiction and Venue if not clearly stated was Defect in complaint [3]The Amount in controversy was defect Error and the lower court Failed to let Plaintiff correct his Defects there by Defendants Removed Plaintiff on errors of Complaint and by their failure to Join former Defendant R&R Industries is also error.[4]Their was Lack of subjectmatter Jurisdiction when the complaint only Stated [s]tate issues not Federal issues there for The U.S. District Court lacked total Subjectmatter jurisdiction. Under Alaska Statute 09.05.015(a)(3) gives Alaska courts personal Jurisdiction "in an action claiming injury to person or property

In or out of this state arising out of an act or omission in This state by the defendant." Citing: **Kennecorp Mortgage & Equities, Inc. v. First Nat'l Bank of Fairbanks**, 685 P.2d 1232, 1236-37 (Alaska 1984).

## BACKGROUND

PLAINTIFF Filed his complaint on March 23 04 on the issue of Interference of contract by Defendants Csk Auto Corp. and R&R Industries. On April 28th 04 Defendant Csk Auto Corp. removed Both Plaintiff and Former Defendant R&R industries from Superior Court with out proper notice failed to join R&R industries at That time. See: [exhibit [a] letter of July 14] clarifies this Issue as to who was not properly joined in removal. On April 28th 04 former Defendant R&R industries responded to Plaintiffs Complaint in Superior Court. On May 3rd 04 Plaintiff settled his issues with R&R industries by phone and was waiting for paper work from R&R industries. On May 10th 04 Plaintiff filed notice to remand based on Defect of removal.between 5.14.04 and 5.19.04 See[Exhibit [b] invoice notes from] Defendant Csk Auto Corp. was Conferring with R&R industries to send a Casual letter by fax to ms Wilson attorney for Csk Auto to OK removal. On May 20th 04 Ms Wilson attorney for Csk Auto Corp. files See:[Exhibit[c] affidavit] stating that R&R industries did not object to removal When in fact Csk Auto Corp. Brought a non Party to a action to OK removal to U.S. District Court. Their for Csk Auto Corp. used

R&R industries for removal which the lower court recognized Letter in its order denying motion to remand See:[Exhibit [d]] The lower courts decision was error as to Removal was improper When R&R industries was not properly joined in removal and Regardless even if R&R was still in the picture R&R was not Properly joined in removal which is error on the lower court. This is a question of law and must be reviewed.

## ARGUMENT

Removal was improper when Defendant R&R industries was not Joined in removal only after the fact that R&R industries Approved removal by interfering See:[Exhibit[a] 'Id'.in order To be removed from superior court their must be diversity of Citizenship between the parties. Citing:[ **Harker v. Kopp**,D.C. Ill.1959, 172 F.Supp.180] Csk Auto Corp. Failed this test since Under the doctrine of Minimal contacts Csk Auto Corp.available Citing:[**International Shoe Co. v. State of Wash**;326 U.S.310,66 S.Ct.154,90 L.Ed. 95.] Its self to the jurisdiction of the State of Alaska. Under Alaska Statute 09.05.015(a)(3),subject Its self to the States personal jurisdiction under the minimum Contacts principle. Citing:[**Lichina v.Futura,Inc**;D.C.Colo;260 F.Supp.252,254]This was error on the lower court to over look this issue of minimum contact doctrine. Under 28 U.S.C.§ 1332 AND 28 U.S.C.§ 1441(A) Diversity and amount in controversy was Not satisfied, only on the defect of plaintiffs complaint did

Removal take place and the lower court failed to let Plaintiff Correct any defect in complaint under Fed Rule 15(a) declares That leave to amend "shall be freely Given when justice so Requires"; this mandate is to be heeded. This was not heeded by the lower court to let Plaintiff correct any defects in his complaint. Their fore plaintiff was held hostage by lower court and Defendant Csk Auto Corp.on Plaintiffs defective complaint. SEC.28 U.S.C. § 1441(c) which was amended in 1990, restricting its application to cases invoking only federal question jurisdiction section 1441(c) does not authorize the instant removal their for removal was improper under 1441(C) which Plaintiff did not state a (*)federal question on face of complaint to be removed from Superior Court.given the fact that R&R industries was out of the Picture and all else being compleat the lower court lacked in Subjectmatter jurisdiction. The seemingly obvious proposition that a removed case may not go forward in federal court unless Article III standing requirements are met as to some claims may not obtain in cases removed to federal court pursuant to all removal statutes. **In International Primate Protection League v. Administrators of Tulane Educ. Fund,** 500 U.S. 72, 78 n.4 (1991), The lower court and Defendants failed to look at **SEC.28 U.S.C. § 1441(c)** which was amended in 1990, restricting its application to cases invoking only federal question jurisdiction their for their was error by the lower court in not recognizing this issue

and to remand this case for lack of subjectmatter jurisdiction The first principles central to our federal system. The judicial power of the lower federal courts derives from **Article III** of the **United States Constitution** and various Acts of Congress. **U.S. Const. art. III, §§ 1, 2**; see **Casas Office Mach. v. Mita Copystar Am.**, 42 F.3d 668, 674 (1st Cir. 1994). As diversity of citizenship is the sole basis for invoking subject matter jurisdiction in the present case, without a preponderance of evidence establishing diversity the district court would lack judicial power to adjudicate this controversy under section 1332(a)(1). **Bank One, Tex., N.A. v. Montle**, 964 F.2d 48, 50 (1st Cir. 1992), opinion after remand, 974 F.2d 220 (1st Cir. 1992); **Mansfield, Coldwater & Lake Mich. Ry. v. Swan**, 111 U.S. 379, 381-82 (1884).

the factual findings underlying a district court ruling on citizenship under 28 U.S.C. § 1332(a)(1) are reviewed for clear error. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 11 (1st Cir. 1991). The lower court lacked subjectmatter jurisdiction and failed to let plaintiff correct any defects in his complaint under Rule 15(a)their for removal was improper and Plaintiff Motion must be reviewed for errors by the lower court and Motion Should be Granted to remand this case back to Superior Court of the fourth Judicial District.

## CONCLUSION

The District court errored when it did not remand this case on The failure to join all defendants [**properly joined And served in the state action** renders the notice of removal Defective. Their by the fact that removal was done on the defect and errors In plaintiffs complaint which lower court denied plaintiff to correct any defects and errors in his complaint which rendered plaintiff in total disbelief as the lower court committed error by failing to look at this very relevant issue of SEC.**28 U.S.C.§ 1441(c)** which was amended in 1990, restricting its application to cases invoking only federal question jurisdiction their for their was error by the lower court in not recognizing this issue and as to Defendant Csk Auto Corp. is in denial as they avail them selves to the jurisdiction of the State of Alaska under the doctrine of minimum contact in doing business in this state. Which makes them a citizen of the state of Alaska their by both Plaintiff and Defendant are citizens of the same state. And this Court should remand this case back to Superior Court for lack of subjectmatter jurisdiction.

Respectfully Submitted           DATED THIS 20TH DAY OF Sept, 2004

TERRY L. SMITH PRO-SE

---

*This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. Because "[t]he well-pleaded complaint rule applied to the original jurisdiction of the district court as well as to their removal jurisdiction," Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 468 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983), a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in pleading its case, Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. at 2429.

**CERTIFICATE OF SERVICE**

CASE No. 4FA-04-2053 CIV

The undersigned hereby certifies that on the 15TH of NOV 2004, A TRUE AND CORRECT COPY OF THE of the foregoing DOCUMENT WAS SERVED VIA:

(✓) FIRST CLASS MAIL
( ) FACSIMILE AND MAIL
( ) HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 West 8th Avenue
Suite 800
Anchorage, Alaska 99501
Ph: 907 257 5300
Fax: 907 257 5399

*[signature]*
TERRY L SMITH PRO SE
P.O. box 60882
FAIRBANKS, AK 99706

CERTIFICATE OF
SERVICE CSK AUTO.