IN THE SUPERIOR COURT FOR THE STATE OF ALASKA AT FAIRBANKS

CD: 4FA4104-93  
Date: November 22, 2004  
Case: **4FA-04-2053CI**

**TERRY SMITH**  
vs.  
**CSK AUTO**

Judge: Pengilly  
Clerk: Mitchell

PROCEEDINGS: Motion to Dismiss for Failure to State a Claim

COUNSEL PRESENT  
<u>Plaintiff</u>: Pro Se  
<u>Defendant</u>: Eric Jenkins (Telephonic)

---

Clerk places phone call to Eric Jenkins

03:17:34  On record

03:17:55  Jenkins: Arguments are fairly well presented in briefing. Nature of causes of action and causes are confusing. We view this as a rather egregious attempt to avoid the preclusive effect of prior judgment. This the type of case res judicata exists for.

03:21:19  He has given interesting titles to various causes of action. Paragraph 6 states causes of action. CKS removed this case to federal court and filed a motion to dismiss. One ground was exclusion related to worker's comp claim. Judge Beistline found all barred because of worker's comp or statute of limitations. Appeal pending before 9th Circuit when this action was filed on 8/23/04. Complaint is strikingly familiar to complaint in prior action. Identifies injuries which give rise to claims. Same underlying cause. On-the-job injury on 3/29/01. Seeking lost wages and other compensation since date of injury. He did drop dollar amount for special damages, but otherwise identical.  
(Review of claims.) All being asserted in prior complaint.

03:28:49  He claims he is still unable to work, so there has been no termination.

03:29:14  Doctrines of preclusion . . . res judicata discussed.

03:31:01  Court: Have read brief and understand doctrines.

Claims arise out of same injury. Barred by res judicata.

03:32:16  Smith: Prior proceeding was removed to federal court. I never did get to litigate all of that. It wasn't advanced to 9th circuit, only remand issue went to 9th circuit. They wouldn't let me correct any defects. It was a worthless thing to file. I never got to litigate any issues. Claim is not worker's comp. It is pure fraud and negligence. They are hiding information from me. I just found out from Senator Murkowski's office that my employer was putting medical devices on my body without my

CD: 4FA4104-93
Date: November 22, 2004
Case: **4FA-04-2053CI**

|  |  |
|---|---|
| | permission. I'm still out of balance on this. I showed Murkowski my problem. She did research. She found that the back support belts are governed by . . . . |
| 03:35:24 | I quoted in my little brief (reads from brief). Nothing was reviewed on appeal. I had no chance to litigate. This is brand new. I have a pure negligent action against those guys. They violated the safety act without my knowing about it. It crushed my back, I ain't got no life anymore. |
| 03:36:37 | Jenkins: Cite he referred to is collateral estoppel. Judgment is final even if on appeal. His claims failed as a matter of law and he didn't get a trial. He is construing that as an inability to litigate. He says he is bringing a negligence action, there as also a negligence claim in the last case. The claim in this case is arising out of the same injury. He feels remedies offered don't fully compensate him for injuries. |
| 03:38:45 | **COURT:** **Take under advisement.** **Will have decision out within next week.** |
| 03:39:03 | Jenkins: Smith and I met for pretrial scheduling. We agreed to wait to serve any initial disclosures until ruling on this matter. |
| 03:39:49 | Off record |

**044**