Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 W. 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for CSK Auto Inc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| TERRY L. SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>CSK AUTO INC., d/b/a SCHUCKS AUTO SUPPLY, DOE,<br><br>    Defendant. | JUL 17 2006<br><br>Case No. 4FA-04-2053 Civil |

### ANSWER TO COMPLAINT

Defendant CSK Auto, Inc. ("CSK") answers the complaint of Plaintiff Terry L. Smith ("Smith") as follows:

1. Answering paragraph 1, paragraph 1 alleges no facts requiring a response.

2. Answering paragraph 2, paragraph 2 alleges no facts requiring a response. Insofar as paragraph 2 alleges any facts that require a response, all such facts are denied.

3. Answering paragraph 3, CSK admits that this Court has jurisdiction over the parties and the subject-matter, admits that it does business in this state, admits that

EXHIBIT CC

Smith resides in the Fourth Judicial District of the State of Alaska, and admits that venue is proper. The remainder of paragraph 3 states legal conclusions to which no response is required.

4. Answering paragraph 4, CSK denies the facts alleged therein.

5. Answering paragraph 5, CSK admits that Smith was employed by CSK as a full time delivery driver on August 28, 2000. CSK further admits that Smith worked at a CSK store located on Old Steese Highway in Fairbanks, Alaska, and that CSK currently operates a retail auto parts store at 58 College Road in Fairbanks, Alaska. Insofar as paragraph 5 alleges additional facts, such facts are denied.

6. Answering paragraph 6, CSK admits only that Smith suffered a workplace injury while employed by CSK. CSK denies all remaining facts alleged in paragraph 6.

7. Answering paragraph 7, CSK admits only that Smith suffered a workplace injury while employed by CSK. CSK lacks information or knowledge sufficient to admit or deny the remaining facts alleged in paragraph 7 and therefore denies the same.

8. Answering paragraph 8, CSK admits only that Smith's injury occurred on March 29, 2001. CSK denies all remaining facts alleged in paragraph 8.

## COUNT I

(Count I was dismissed by the Alaska Superior Court)

9. Answering paragraph 9, paragraph 9 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 9

ANSWER TO COMPLAINT – 2
ANC 93477v1 53870-5

alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

10. Answering paragraph 10, paragraph 10 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 10 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

11. Answering paragraph 11, paragraph 11 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 11 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

12. Answering paragraph 12, paragraph 12 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 12 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT II

(Count II was dismissed by the Alaska Superior Court)

13. Answering paragraph 13, paragraph 13 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 13 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

ANSWER TO COMPLAINT – 3
ANC 93477v1 53870-5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

14. Answering paragraph 14, paragraph 14 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 14 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

15. Answering paragraph 15, paragraph 15 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 15 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

16. Answering paragraph 16, CSK admits only that Smith suffered his workplace injury on March 29, 2001. The remaining facts alleged in paragraph 16 are not relevant to any claims remaining in this action and do not require a response. Insofar as paragraph 16 alleges any additional facts that relate to Smith's claim for wrongful termination, all such facts are denied.

## COUNT III

(Count III was dismissed by the Alaska Superior Court)

17. Answering paragraph 17, paragraph 17 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 17 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

ANSWER TO COMPLAINT – 4
ANC 93477v1 53870-5

18.  Answering paragraph 18, paragraph 18 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 18 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

19.  Answering paragraph 19, paragraph 19 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 19 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT IV

(Count IV was dismissed by the Alaska Superior Court)

20.  Answering paragraph 20, paragraph 20 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 20 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT V

(Count V was dismissed by the Alaska Superior Court)

21.  Answering paragraph 21, CSK admits only that Smith suffered a workplace injury. The remainder of paragraph 21 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 21 alleges

ANSWER TO COMPLAINT – 5
ANC 93477v1 53870-5

any additional facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT VI

(Count VI was dismissed by the Alaska Superior Court)

22. Answering paragraph 22, paragraph 22 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 22 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT VII

(Count VII was dismissed by the Alaska Superior Court)

23. Answering paragraph 23, paragraph 23 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 23 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT VIII

(Count VIII was dismissed by the Alaska Superior Court)

24. Answering paragraph 24, paragraph 24 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 24 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

25. Answering paragraph 25, paragraph 25 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 25 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

26. Answering paragraph 26, paragraph 26 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 26 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

27. Answering paragraph 27, paragraph 27 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 27 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT IX

(Count IX was dismissed by the Alaska Supreme Court)

28. Answering paragraph 28, paragraph 28 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph 28 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

29. Answering paragraph 29, paragraph 29 alleges no facts that are relevant to any claims remaining in this action and does not require a response. Insofar as paragraph

29 alleges any facts relating to Smith's claim for wrongful termination, all such facts are denied.

## COUNT X

30. Answering paragraph 30, CSK denies all facts alleged therein.

31. Answering paragraph 31, the first two and one-half lines of paragraph 31 state legal conclusions to which no response is required. To the extent that any facts are alleged in paragraph 31 that require a response, all such facts are denied.

Any allegations in the plaintiff's complaint that are not specifically admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES

32. The complaint fails to state a claim upon which relief can be granted.

33. All of Smith's remaining claims are barred by the applicable statute of limitations.

34. Insofar as Smith asserts a claim under the Family and Medical Leave Act, the Family and Medical Leave Act does not apply to Smith because, among other things, CSK does not have the required number of employees working in the relevant geographic region.

35. Smith cannot state a claim for wrongful termination because he contends that he has been totally disabled since the date of his injury.

ANSWER TO COMPLAINT – 8
ANC 93477v1 53870-5

36. Smith's claims are barred by res judicata, collateral estoppel, and or law of the case doctrine.

37. Smith is estopped from asserting a claim for wrongful termination.

### PRAYER FOR RELIEF

WHEREFORE, CSK prays for the following relief:

A. That Smith's complaint be dismissed with prejudice;

B. That CSK be awarded its reasonable attorney's fees and costs incurred in this action; and

C. For such other and further relief as this Court deems just and equitable.

DATED this 13th day of July, 2006.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: _____
Eric J. Jenkins, ABA # 0011078

Certificate of Service:

I certify that on July 13, 2006, a true and correct copy of the foregoing document was served via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____
Janet Eastman

ANSWER TO COMPLAINT – 9
ANC 93477v1 53870-5