Eric J. Jenkins
James J. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

TERRY L. SMITH                                    )
                                                  )
                    Plaintiff,                    )
                                                  )
          v.                                      )
                                                  )
CSK AUTO, INC.,                                   )
                                                  )     Case No. 4:06 - cv - 00020 (RRB)
                    Defendant.                    )
                                                  )
_____          )

## OPPOSITION TO MOTION TO REMAND

     CSK Auto, Inc. ("CSK") removed this case to federal court after Smith filed a

paper stating for the first time that his claim for wrongful termination was a claim under

the Family and Medical Leave Act ("FMLA"), not the laws of the state of Alaska as he

had previously asserted.  In an effort to defeat CSK's right of removal, Smith now

contends that he is also bringing a claim under an Alaska statute, AS 23.30.247, that

prohibits retaliation against employees for filing workers compensation claims.  Smith

argues that removal is therefore barred under 28 U.S.C. § 1445(c) because this case

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

purportedly arises under the Alaska workers compensation laws.  Smith is wrong, and his motion to remand the case must be denied, for at least three independent reasons:

**First**, claims for retaliation against an employee for filing a workers compensation claim do not arise under the workers compensation laws within the meaning of 28 U.S.C. § 1445(c);

**Second**, Smith's complaint does not plead the claim he purports to assert, and this Court would have supplemental jurisdiction over any such claim were Smith to amend to assert it; and

**Third**, any claim by Smith that he was wrongfully discharged in retaliation for filing a workers compensation claim would be frivolous since such a claim is barred by Smith's repeated assertions that his physical condition has prevented him from holding a job or performing any work since the date of his injury – **five years ago**.

Smith's motion to remand the case should therefore be denied.

BACKGROUND

As set forth in CSK's Notice of Related Cases, this case follows the dismissal of a substantially similar case by this Court in 2004.  In Terry L. Smith v. CSK Auto, Inc., et al., Case No. F04-0012 CV (RRB) (the "First Federal Case") Smith filed a very similar complaint against CSK containing most of the same claims as his complaint in this action.  In an order dated July 9, 2004, this Court dismissed Smith's claims in the First Federal Case with prejudice, finding that all of Smith's claims were barred by the statute of limitations or the exclusive remedy provisions of the Alaska Worker's Compensation

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8ᵗʰ Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Act.  The Ninth Circuit affirmed that judgment in an opinion dated April 13, 2006.

Smith filed the present case in the Alaska Superior Court on or about September 1, 2004, while his appeal of the First Federal Case was pending.  Smith's complaint in this case was largely a copy of the complaint he filed in the First Federal Case, with the only relevant exception being that he added a vague assertion that CSK "secretly terminated employee while employee was under worker compensation system in violation of medical leave act."  Complaint at para. 30 (filed July 14, 2006, with Notice of Removal).

The Alaska Superior Court granted CSK's motion to dismiss this case based on the res judicata effect of this Court's judgment in the First Federal Case.  The Alaska Supreme Court affirmed that judgment in all respects, save that it found that Smith's wrongful termination claim was not barred by res judicata.  The Alaska Supreme Court noted that it was not clear what law Smith was purporting to bring his claim under, but hypothesized that he could potentially have a claim under the Family and Medical Leave Act if that was the claim he was purporting to bring.  Smith v. CSK Auto, Inc., 132 P.3d 818, 823 (Alaska 2006).  The Court held that Smith had no claim under state law.  Id.

Upon remand of this case to superior court, Smith stipulated at the pretrial conference for this case that his claim for wrongful termination – the only claim remanded by the Alaska Supreme Court – arose solely under AS 39.20.305, which governs family and health leave for state employees.  See Exhibit A to the Affidavit of Counsel ("Counsel Affid.") filed July 16, 2006; Second Affidavit of Counsel filed herewith at para. 5.  Smith denied that he was asserting any federal claim in this action.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8ᵗʰ Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Exhs. A & B to Counsel Affid." Shortly thereafter, however, Smith discovered that AS 39.20.305 applies only to public employees. Thus, on June 27, 2006, Smith filed a pleading stating that he was in fact asserting a claim under the FMLA, and acknowledging that AS 39.20.305 did not provide a cause of action. See Exh. C to Counsel Affid. (stating that he is bringing an FMLA claim and acknowledging that "Alaska does not have a private sector to file under").

Following removal of this case to federal court, Smith's "wrongful termination" claim mutated yet again and now purports to be both a claim under the FMLA, and a claim under AS 23.30.247 based on CSK purportedly having retaliated against him for filing a workers' compensation claim. See Memorandum on Motion to Remand. Thus, the two claims Smith now purports to be bringing are a claim for wrongful termination under the FMLA, and a claim under AS 23.30.247 that CSK terminated him in retaliation for filing a workers compensation claim.

A.    Smith's Claim that CSK Terminated Him for Filing a Workers Compensation Claim Does Not Arise Under the Workers Compensation Laws.

28 U.S.C. § 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." AS 23.30.247 in turn prohibits an employer from discriminating against an employee who has filed a claim for workers' compensation benefits. Multiple courts addressing claims brought under statutes similar to AS 23.30.247 have held that such claims do not arise under the workers compensation laws for purposes of 28 U.S.C.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

§ 1445(c) and may be removed to federal court.

In <u>Beaver v. NPC International, Inc.</u>, _____ F.Supp.2d ___, 2006 WL 2090100 (D.Or. 2006), the U.S. District Court for the District of Oregon was only last month faced with the identical issue now before this Court.  The Plaintiff in <u>Beaver</u> asserted, among other things, a claim for violation of an Oregon statute barring discrimination against an employee based on the employee's exercise of the right to seek workers compensation. <u>Id</u>. at p.3.  Rejecting the plaintiff's suggestion that such an action arises under the workers compensation laws and is therefore not removable, the Court noted that the purpose of the workers' compensation laws is to provide "a mechanism for compensation of workplace injuries," and that this is accomplished through a dedicated administrative system.  <u>Id</u>. at p. 4.  The court went on to note that a statutory claim for retaliation against an employee who filed a workers' compensation claim does not implicate the concerns that led Congress to enact 28 U.S.C § 1445(c), and that such a claim does not "arise under" the workers' compensation system within the meaning of that statute.  <u>Id</u>. at p. 5.

<u>Beaver</u> is consistent with the decision of the Seventh Circuit Court of Appeals in <u>Spearman v. Exxon Coal USA, Inc.</u>, 16 F.3d 722 (7th Cir. 1994):

> That federal law supplies the definition of 'workmen's compensation laws is beyond doubt.  A state could not prevent removal of ordinary tort cases by calling its common law of torts a workmen's compensation law.  Our conclusion that the <u>Kelsay</u> tort lacks the essential no-fault element of workers' compensation laws stands untouched by the Supreme Court's analysis in <u>Lingle</u> – and we continue to believe that it is correct.  Section 1445(c) was enacted in 1958.  An apt way to understand its meaning is to ask how a

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

sophisticated legal audience would have understood the words 'workmen's compensation law' at that time. As we observed in <u>Lingle</u>, liability without fault (and with limited recovery) for injuries in the course of employment was the standard definition in 1986, and was the prevailing definition in 1958 and before . . . No case or definition from the 1950s and before – at least none we could find – treats unlimited liability for an intentional tort as part of a workers' compensation program. Perhaps this is because such liability is a relatively recent. Illinois did not add an anti-retaliation component to its statutes until 1975, see 820 ILCS 305/4(h), and even then it omitted any private remedy . . . Old words may gain new meaning as circumstances change, but old words in statutes retain their meaning; change depends on amendment. Thus after an independent consideration of the subject we adhere to <u>Lingle</u>. A fault-based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it.

<u>Id</u>. at 724-25 (internal citations omitted). A claim for retaliation in response to the filing of a workers' compensation claim is not a claim that "arises under the workmen's compensation laws" within the meaning of 28 U.S.C. § 1445(c), and such a claim may be removed to federal court. Consequently, Smith's motion to remand this case to state court must be denied.

      B.    <u>This Court Can Exercise Supplemental Jurisdiction Over a Claim for Retaliation under AS 23.30.247 if Smith Were to Plead Such a Claim.</u>

Smith's attempt to defeat removal by virtue of 28 U.S.C. § 1445(c) is not only misplaced, but it also puts the cart before the horse as Smith has not pleaded any such claim in his complaint. At present, Smith's complaint merely alleges that CSK "secretly terminated employee while employee was under worker compensation system in violation of medical leave act." Complaint at para. 30. No facts are pleaded to suggest

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

that the alleged termination was in retaliation for filing a workers' compensation claim. Rather, Smith asserted in the superior court at the time this case was removed that his claim was under the FMLA, after abandoning his earlier assertion that his claim was solely under AS 39.20.305.  See Exh. C to Notice of Removal.

Even if Smith were to amend his complaint to assert a claim under AS 39.20.305, this Court would have jurisdiction over such a claim pursuant to 28 U.S.C. § 1367. Section 1367 grants this Court supplemental jurisdiction over "all claims that are so related to claims in the action" over which the Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."  Smith's claims under the FMLA and AS 23.30.247 clearly meet this test as they are merely alternative legal theories pursuant to which Smith hopes to recover for his supposedly wrongful termination.

C.     Smith Could Not Defeat Removal By Asserting a Claim Under AS 23.30.247 Because Any Such Claim Would be Frivolous.

Even if Smith had pleaded a claim under AS 23.30.247, and such a claim arose under the workers' compensation laws, removal of this case still would not be barred by 28 U.S.C. § 1445(c) because Smith's purported claim under AS 23.30.247 is frivolous.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Plaintiffs seeking to prevent the removal of a case to federal court not infrequently attempt to fraudulently join persons or claims that would bar removal. In the related context of diversity cases, federal courts have repeatedly held that the assertion of a frivolous claim against a non-diverse defendant will not bar removal. See <u>Thomas v. Jim Walter Homes, Inc.</u>, 918 F. Supp. 1498, 1502 (M.D. Ala. 1996). This flows from the related principle that frivolous claims are disregarded for jurisdictional purposes. See <u>Snegirev v. Sedwick</u>, 407 F.Supp.2d 1093, 1096 (D. Alaska 2006). A claim is frivolous if it is clear that the plaintiff could not possibly establish a required element of his or her claim. <u>Id.</u> (claim may be dismissed as frivolous where it is so defective that it could not be saved by amendment); <u>Thomas</u>, 918 F. Supp. at 1503.

To state a claim that he was wrongfully discharged in retaliation for the filing of a workers' compensation claim, Smith must establish that he was ready and able to work. See <u>Rowland v. Val-Agri, Inc.</u>, 766 P.2d 819, 822 (Kan. App. 1988) (employee injured in industrial accident who is unable to return to work cannot bring claim for retaliatory discharge). Common sense dictates that an employee cannot simultaneously claim that he is incapable of working for purposes of seeking workers compensation benefits, and that his employer is wrongfully denying him employment to support a retaliatory discharge claim. <u>Id.</u> This point was not lost on the Alaska Supreme Court, which remanded based on the theoretical possibility (in the absence of any facts alleged by Smith or identification of the statute his claim was based on), that Smith might technically have a claim under the FMLA if he were terminated during the first 12 weeks

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

following his injury. <u>Smith</u>, 132 P.3d at 823. Although Smith was not asserting a claim under AS 23.30.247 at that time, the Alaska Supreme Court held that his complaint did not state a claim for wrongful discharge under Alaska law.[1]    <u>Id</u>.

Smith has filed no less than three affidavits in support of motions for waivers of cost bonds and other obligations in which he asserts that he has not worked since the date of his injury in 2001, and that his injuries prevent him from performing any employment. <u>See</u> Exhibits A, B, & C to the Second Affidavit of Counsel filed herewith. Smith does not allege that he was capable of working following his injury, or that he sought to return to work. Smith cannot assert that he is unable to work when seeking to avoid posting a cost bond, and then argue that CSK wrongfully refuses to employ him when seeking to stave off dismissal of his claims. Smith's new retaliatory discharge claim is wholly frivolous.

CONCLUSION

Smith's motion to remand this case to state court fails both because he has not pleaded a claim under AS 23.30.247, and because such a claim does not arise under the workers' compensation laws within the meaning of 28 U.S.C. § 1445(c). Indeed, such a

---

[1] The Alaska Supreme Court suggested that Smith might technically have a claim under the FMLA if he were terminated before his 12 weeks of leave expired even if he were unable to work. This assumes, incorrectly, that the facts hypothesized by the Alaska Supreme Court are correct, and that Smith is covered by the FMLA. The Alaska Supreme Court noted that the claim might not withstand a summary judgment motion and that it was not purporting to suggest that the facts it hypothesized were true. It merely suggested that CSK had not established for purposes of Alaska R. Civ. P. 12(b)(6) that Smith could not possibly state a claim.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

claim would also be frivolous were Smith to amend to assert it due to the fact that Smith

has repeatedly asserted that he has been unable to work since the date of his injury.  For

the foregoing reasons, CSK respectfully requests that Smith's motion for remand be

denied.

Dated this 7th day of August, 2006.


DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.


By:_____/s/ Eric J. Jenkins_____.
      Eric J. Jenkins, ABA# 0011078
      James J. Juliussen, ABA# 9211082
      701 W. 8th Ave., Suite 800
      Anchorage, AK  99501
      Phone: (907) 257-5300
      Fax: (907) 257-5399
      ericjenkins@dwt.com
      jamesjuliussen@dwt.com

Certificate of Service:

I certify that on August 7, 2006, a true and
correct copy of the foregoing document
was served via:

 ( X ) First Class Mail
 (    ) Facsimile and Mail
 (    ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By:  /s/ Joyce Sheppard            .
            Joyce Sheppard

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399