Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CSK AUTO, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:06 - cv -00020 (RRB) |

OPPOSITION TO MOTION FOR RECUSAL

Plaintiff Terry L. Smith's ("Smith") Motion for Recusal is utterly without merit and should be denied by the Court. Smith argues that Judge Beistline is biased against him because Judge Beistline ruled against him in another case he brought against CSK Auto, Inc. ("CSK") in 2004, and because CSK referenced that case when it filed the notice of related cases required by Dist. Ak LR 40.2. Smith alleges no facts that call into question the impartiality of Judge Beistline or provide any grounds for recusal.

Disqualification of a federal judge is governed by 28 U.S.C. § 455 which provides that a judge shall "disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." 28 U.S.C. § 144 likewise provides for disqualification where a judge has a personal bias or prejudice against one of the litigants. A party does not meet the standard for disqualification simply by pointing to prior adverse rulings:

> The standard to be applied is an objective one, to foster not only actual impartiality but also the appearance of impartiality . . . the alleged bias must, however, be personal, as distinguished from judicial, in nature. A denial of recusal is thus not an abuse of discretion if the complaint is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench.

United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984) (internal citations omitted). Potlatch Corp. v. United States, 548 F.Supp. 155, 156 (N.D.Cal. 1982) ("[d]isqualification is not warranted on the ground that [the judge] has ruled adversely to the moving party at some earlier stage of the case").

Smith contends that Judge Beistline is not impartial because he dismissed Smith's Complaint for failure to state a claim in the case entitled Smith v. CSK Auto, Inc., et al., Case No. F04-0012 CV (RRB) (hereinafter the "First Federal Case"). That decision was affirmed by the Ninth Circuit Court of Appeals. See Smith v. CSK Auto, Inc., Appellate Case No. 04-35699. The fact that Judge Beistline ruled against Smith in a case between the same parties has absolutely no bearing on the impartiality of Judge Beistline, and is not grounds for disqualification. Carmichael, 726 F.2d at 160.

At the commencement of this action, CSK filed a notice of related cases noting this Court's prior decision in the First Federal Case. CSK was required to do so under

OPPOSITION TO MOTION FOR RECUSAL - 2
ANC 94766v1 53870-5

Dist. AK. LR 40.2. That this case is related to the First Federal Case is beyond question. This cases involve the same parties, and the same basic events as the First Federal Case. Eight of Smith's nine claims in this case were previously dismissed as barred by the res judicata effect of this Court's judgment in the First Federal Case. See Smith v. CSK Auto, Inc., 132 P.3d 818, 823 (Alaska 2006). The only claim that remains in this action is Smith's contention that he was wrongfully terminated (even though he contends he has not been able to return to any type of work in the 5 years since that injury) following the workplace injury at issue in the First Federal Case.[1] Smith has absolutely no basis for asserting that this Court's resolution of that claim will be anything but impartial.

For the foregoing reasons, CSK respectfully requests that the Court deny Smith's Motion for Recusal.

Dated this 8th day of August, 2006.

>
> DAVIS WRIGHT TREMAINE LLP
> Attorneys for Defendant CSK Auto, Inc.
>
> By:__s/ Eric J. Jenkins_____
>     Eric J. Jenkins, ABA# 0011078
>     James H. Juliussen, ABA# 9211082
>     701 W. 8th Ave., Suite 800
>     Anchorage, AK  99501
>     Phone: (907) 257-5300
>     Fax: (907) 257-5399
>     ericjenkins@dwt.com
>     jimjuliussen@dwt.com

---

[1] Smith's newfound contention that CSK violated the Family and Medical Leave Act prompted removal of the case to this Court.

OPPOSITION TO MOTION FOR RECUSAL - 3
ANC 94766v1 53870-5

Certificate of Service:

I certify that on Aug. 8th, 2006, a true and correct copy of the foregoing document was served via:

( X ) First Class Mail
(   ) Facsimile and Mail
(   ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: __s/ Janet Eastman_____
　　　　　Janet Eastman

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

OPPOSITION TO MOTION FOR RECUSAL - 4

ANC 94766v1 53870-5