Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907)488-8824

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 AUG 16 PM 3:35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TERRY L. SMITH,
    Plaintiff

VS.

CSK AUTO INC,
d.b.a. SCHUCKS AUTO SUPPLY
    Defendant

CASE No. (4) –06-CV-00020-RRB

## REPLY TO OPPOSITION TO MOTION FOR RECUSAL

Comes now the, plaintiff herein, hereby files his reply to opposition to motion for recusal. this motion for recusal would not have come into light had it not been for defendants judge shopping as defendants asked for assignment of Judge Beistline personaly. under 28 U.S.C. § 455 (a) Requires a Judge to disqualify him self for impartiality and given the fact to this issue is a prior proceeding two years back Plaintiff brought action and was moved to federal court and Judge Beistline Rendered a unfavorable decision in F04-0012 CV RRB which now has brought into play the impartiality of Plaintiffs non related issues to a prior proceeding. As stated by the Alaska Supreme Court issues are non related to a prior proceeding in the federal Court System. The plain language of 28 § U.S.C. 455 (b)(2) is Clear: Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

1

questioned. the U.S. Supreme Court in <u>Liteky v. U.S.</u>, 510 U.S. 540, 557 (1994) clearly requiring disqualification under the circumstances presented here 455(b) requires recusal, even if the judge believes they do not create an appearance of impropriety. Any circumstance in which a judge's impartiality might reasonably be questioned, whether or not touched on in section 455(b), requires recusal under section 455(a). <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 860 n.8 (1988). The statute requires recusal in any case "in which [the judge's] impartiality might reasonably be questioned." Because of that language, every circuit has adopted some version of the "reasonable person" standard see: <u>In re United States</u>, 666 F.2d 690, 695 (1st Cir Cir1981). Also see <u>United States v. Lovaglia</u>, 954 F.2d 811, 815 (2d Cir. 1992) <u>Blanche Rd. Corp. v. Bensalem Township</u>, 57 F.3d 253, 266 (3d Cir. 1995); <u>United States v. DeTemple</u>, 162 F.3d 279, 286 (4th Cir. 1998), *e.g., cert. denied,* 119 S. Ct. 1793 (1999) ; <u>Vieux Carre Prop. Owners v. Brown,</u> 948 F.2d 1436, 1448 (5th Cir. 1991) <u>United States v. Nelson</u>, 922 F.2d 311, 319 (6th Cir. 1990); <u>In re Hatcher</u>, 150 F.3d 631, 637 (7th Cir. 1998); <u>Little Rock Sch. Dist. v. Arkansas</u>, 902 F.2d 1289, 1290 (8th Cir. 1990); <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986); <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987); <u>Parker v. Connors Steel Co.</u>, 855 F.2d 1510, 1524 (11th Cir. 1988); <u>Baldwin Hardware Corp. v. Franksu Enter. Corp.</u>, 78 F.3d 550, 557 (Fed. Cir. 1996); <u>In re Barry</u>, 946 F.2d 913, 914 (D.C. Cir. 1991); The Reasonable standard should apply In the motion to recusal as Defendants have brought into play the impartiality of Plaintiff Non-related issues that was removed from State Court to the federal court. and No matter how closely related the two cases were factually or legally . . . the fact remains that they are separate 'proceedings as Plaintiff currant proceedings have nothing to do with a

2

prior proceeding in F04-0012-CV RRB given the fact that other courts The First, Fifth, Sixth, Tenth, and Eleventh Circuits have said that close questions should be decided in favor of recusal and the reasonable standard rule should apply. It would seem that it is unreasonable not to have a impartiality and a fairness of the proceeding hanging over Plaintiffs head thinking that was the court impartial based upon a prior proceeding. This issue of recusal not only promotes the fairness of the trial but, also puts at ease Whether defendants have gained a dismissal in their favor, when in fact that there are triable issues to be tried. Plaintiff invoked rule 144 with affidavit which the court must except as true and 144 is triggered *only* by the submission of an affidavit and motion for recusal (in assessing a section 144 motion, judge "must accept the facts alleged in the affidavit as true, as they may not be controverted"). *See also* United States v. Rankin, 870 F.2d 109, 110 (3d Cir. 1989). The fact that Recusal is like a peremptorily challenge of Of a Judge as Civil rule 42 permits this challenge, and given the fact that it would be Unreasonable to think that Plaintiff would not get a fair hearing based on defendants asking for Judge Beistline to render a favorable decision for the defendants. The statute requires recusal in any case "in which [the judge's] impartiality might reasonably be questioned." And because of defendants actions by asking for personally for Judge beistline to render a decision in favor of defendants in this non-related issue from a prior proceeding. Plaintiff is now questioning whether impartiality can be had in this case and under the reasonable person standard the question of recusal should be decided in favor of recusal. For the forgoing reasons Plaintiff Respectfully ask that the court grant his motion for recusal and that another District court Judge Be assigned to this case as their now is a question as to impartiality of this case and impartiality must be removed from

3

doubt. as The statute requires recusal in any case "in which [the judge's] impartiality might reasonably be questioned.

Respectfully Submitted,

*[signature]*
Terry L. Smith Pro Se

Dated This 16 Day of AUG ,2006

## CERTIFICATE OF SERVICE
U.S. District Court Case No (4)-06-00020-RRB

I Certify that a Copy of the forgoing Document was served on the 16 Day of AUG ,2006 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[X] FIRST CLASS MAIL
[ ] FACSIMILE AND MAIL
[ ] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468

*[signature]*
Terry L. Smith Pro SE
P.O. Box 60882
Fairbanks, Alaska 99706-0882

CERTIFICATE OF SERVICE

4