Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907)488-8824

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 AUG 16 PM 3: 36

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>    Plaintiff<br><br>Vs.<br><br><br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE  Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

## PLAINTIFF'S REPLY TO OPPOSITION ON MOTION FOR REMAND

Comes now, the plaintiff Terry L. Smith herein, hereby Replies to Defendants opposition to remand. In the first instance as the plaintiff's job was not unionized, and as the federal statute involved in this case does not pre-empt state Worker's Compensation law claims. There is one instance in which an action arising under a state Worker's Compensation law may be removed - where that claim is preempted by federal law and thus construed, under the "well-pleaded complaint" rule, as a federal claim instead. This may occur where the employee's claim requires reference to and construction of the terms of a collective bargaining agreement, transforming the action into one under the federal labor laws. Such a case was very recently decided by this Court, in **Joseph Lydon v. Boston Sand & Gravel Company,** *15 F.Supp.2d 150 (D.Mass. 1998),* as Lyndon is a union

Worker and is unionized where as Plaintiff is nonunionized employee and their for that 29 U.S.C. § 2651(a) and (b) of the FMLA carefully avoid any preemption of state anti-discrimination laws and state laws that provide greater family or medical leave rights. The U.S. Supreme Court has made it clear, in **American Fire Casualty v. Finn**, 342 U.S. 6 (1951), that the effect of §1441(c) is that where an otherwise-removable claim is part of the same cause of action as a nonremovable claim, §1441(c) bars removal even of the otherwise-removable claim, and requires remand. The Fact that Plaintiffs claim is intertwined within a workers compensation act Bars Removal of a FMLA Claim. See Also **Gonsalves v. Amoco Shipping Company**, 733 F.2d 1020 (2nd Cir. 1984), which involved a federal Jones Act claim made similarly non-removable under §1445(a), to show the interaction of §1445 and §1441(c) in requiring remand of the whole case. Plaintiff has not pleaded the "well-pleaded complaint" rule as is required in a removal Plaintiff only stated he was terminated in violation of the Fmla Act. In violation of public policy which Plaintiff was under the workers compensation act. Given the fact that under fed rules of civil Procedure 8 (a)(2) states that a short and plain statement of the claim showing that the pleader is entitled to releif. See Also: **New England Concrete Pipe Corporation v. D/C Systems of New England, Inc., et al.**, *658 F.2d 867 (1st Cir. 1981)* show that §1441(c) applies to cases removed on the basis of federal question jurisdiction as well as those removed under diversity jurisdiction. Also See: Armistead v. C & M Transport, Inc., et al., 49 F.3d 43 (1st Cir. 1995), Plaintiff never pleaded a federal question to be removed "A civil action *in any State court* arising under the workmen's compensation laws of such State *may not be removed* to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added); *see also* **Horton v. Liberty Mut. Ins. Co.**,

367 U.S. 348, 352 (1961) The key word here is workers compensation as employee was terminated while under the workers compensation act inviolation of the family medical leave act. Defendant Csk Auto has removed Employee claim inviolation of the Fmla Act. As this Claim can be Brought in state court under 28 U.S.C.§ 2617 states in clarity at

(2) Right of action

An action to recover the damages or equitable relief prescribed in paragraph (sic) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of—

(A) the employees;

Under the Statute Plaintiff Pleaded jurisdiction to the state Court and Defendants Conceded to the jurisdiction of the state court and just because Plaintiff mentioned the FMLA Act Removed Plaintiffs State Claim of Wrongful termination in violation of public policy using the Workers Compensation Act to terminate in violation of the FmLa Act. When the Family medical leave act clearly states that this claim can be brought in state court The nonremovability provision of § 1445(c) simply protects the plaintiff, and nonconsenting defendants, from having the plaintiff's choice of a state-court forum disturbed. Plaintiff Choice of Jurisdiction was disturbed as Defendants Conceded Jurisdiction and then removed Plaintiff without proper jurisdiction as there is a Workers compensation violation issue intertwined with a FMLA violation and under the Law Can not be Removed From state Court. as Plaintiff is a non unionized Employee and has not Pleaded a federal issue under the well pleading rule. The Defendants mislead the court as To disturb a remand back to state court when this Action was Pleaded as to state court jurisdiction and then conceded to the jurisdiction of the state court when under 29 §

U.S.C. 2617 Plaintiff has brought a state action, and never stated a federal question in his pleading their by removal was with out warrant when jurisdiction was in states hands.

Defendants three independent reasons are moot as Defendant Csk Auto Inc Retaliated against Employee by denying him his rightful benefits promulgated by his hand book in violation of public policy of good faith and fair dealing see: **Guin v. Ha,** 591 P2d 1281 (Alaska 1979) In *every* contract, including contracts of insurance, there is an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement this is retaliation by clear choice and defendants violated Plaintiff and interfered with Plaintiffs rights promulgated by defendants violated public policy of good faith and fair dealing.
**Second** Plaintiff asserts a wrong doing under the Workers Compensation Act which is a non removable issue intertwined with a FMLa Claim and is non removable as employee has not plead a federal issue as a Fmla Claim can be Brought under state Jurisdiction under 29 U.S.C. § 2617 clarifies this issue.
**Thirdly** Plaintiff claim of wrongful termination in violation of public policy stands on its merits as Defendants used the Workers compensation act in violation of the family medical leave act to secretly terminate by recommendation of third party interference of Plaintiff benefits and to black ball Plaintiff from rehire as to his injuries. Plaintiff Remand must be noted that removal was improper and remand back to state court Is proper under the law and under 29 U.S.C. § 2617 allows state action of FMLA Claims to be brought in violation of such statutes.

A. Plaintiff Claim of wrongful termination while under the workers compensation act Sec. 23.30.247 clarifies that plaintiff can bring action against employer States in part An Employer who violates this section is liable to the employee for damages to be assessed By the court in a private civil action. Defendants opposition at A is moot at pg 4 1445 (c) Nonremovable actions clarifies this States (c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States. **Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352 (1961)** See **Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1244-47 (8th Cir. 1995)** The U.S. Supreme Court has made it clear, in **American Fire Casualty v. Finn**, 342 U.S. 6 (1951), that the effect of §1441(c) is that where an otherwise-removable claim is part of the same cause of action as a nonremovable claim, §1441(c) bars removal even of the otherwise-removable claim, and requires remand Plaintiff motion for remand must be granted.

B. Defendants cannot argue 1445 c as Plaintiff claim is a non removable claim as Plaintiff plead Jurisdiction to the state court and defendants conceded to the jurisdiction of the state court and Plaintiff is a nonunionized employee See **Joseph Lydon v. Boston Sand & Gravel Company,** 15 F. Supp. 2d 150 (1998). Unionized employee could be removed to federal courts. Defendants have no cause to remove issue from state court as this case was non removable and Defendants removed with out proper jurisdiction as their was not the "well-pleaded complaint" rule, in plaintiffs pleading. The fact that removal was done just to avoid penalties makes the removal non proper their fore this case should be remanded back to the state court for trial.

C. The issue is not that for plaintiff to defeat removal is that the removal was improper under the Alaska workers compensation act as Plaintiff never stated a federal jurisdictional issue nor did he state a jurisdictional amount as required to be removed to the federal district court and under 29 U.S.C. § 2617 allows state action of FMLA their by under the workers compensation act sec 23.30.247 Plaintiff asserts his claim as Plaintiffs claim is not frivolous as defendant discriminated against Plaintiff in their Preference as to whom shall be hired and who shall not be hired and this is in violation of Public policy of good faith and fair dealing. It is unconscionable for a employer to render Recommendations from third parities to interfere with plaintiffs right to his benefits and a Job this interference has hampered plaintiff to get his job back. The fact that even thou Plaintiff cannot work due to his injuries he can maintain and action for retaliatory discharge see: **Gregory N. Bullard v. Alcan Aluminum corp** Nos. 03-5334

6th cir (2004)stated In workers compensation parlance, Mr. Bullard's temporary total disability meant that he could not return to work but had not reached maximummedical improvement from his injury. See K.R.S. § 342.0011(11)(a). His transition to permanent partial disability meant that he remained disabled but could return to work. See K.R.S. § 342.0011(11)(b). Certainly, then, Mr. Bullard could not have returned to work between his April 12 firing and June 5, 2000 even had he not been fired. After that, however, the ALJ determined that Bullard could return to work in another position. Able to work beginning June 5, Plaintiff was rightfully entitled to recover lost wages from that date until the date of trial

Defendants assertions are wrong Plaintiff can recover even thou he was not ready and willing to work the fact that the Employer knew About Plaintiffs injuries and the fact that Defendant Csk Auto Corp Could have made accommodations but failed to due so and employee can recover for lost wages as well as punitive damage on his claim. The fact that Defendant refused and failed to accommodate Plaintiff in a different job setting is discrimination at its best as to whom shall be hired and who shall not be hired.

## CONCLUSION

Defendants removed a valid state claim under the fmla Act 29 U.S.C. § 2617 allows state action of FMLA and in violation of the Workers compensation act which is non removable from state court Plaintiff Count X is a wrongful termination in violation of the FMLA act while Plaintiff was under the Workers compensation act which is a jury Question and this case should be remanded back to state court as Plaintiff never stated a federal question under the well pleaded rule, and the fact that Plaintiff can maintain an action for wrongful termination even thou he is not able to work as stated Defendant refused and failed to accommodate Plaintiff in a different job setting is discrimination at its best as to whom shall be hired and who shall not be hired. This Case should be remanded back to state court for trial on Plaintiffs issues.

Respectfully Submitted

Terry L. Smith Pro Se

Dated this 16 Day Of Aug ,2006

# CERTIFICATE OF SERVICE
U.S. District Court Case No (4)-06-00020-RRB

I Certify that a Copy of the forgoing Document was served on the 16 Day of Aug ,2006 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[x] FIRST CLASS MAIL
[] FACSIMILE AND MAIL
[] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468

Terry L. Smith Pro SE
P.O. Box 60882
Fairbanks, Alaska 99706-0882

CERTIFICATE OF SERVICE