UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH, ) | |
| ) | 4:06-cv-020 RRB |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| CSK AUTO, INC. ) | |
| ) | |
| Defendant. ) | |

## I.  MATTER PRESENTED

At docket 9, plaintiff Terry L. Smith filed a motion seeking the recusal of the judge assigned to preside in this case, Hon. Ralph R. Beistline.  The motion is supported by an affidavit at docket 10 and a memorandum at docket 11.  Mr. Smith relied on both 28 U.S.C. § 144 and 28 U.S.C. § 455 to support his request that Judge Beistline recuse. Judge Beistline himself addressed the request to the extent that it was based on § 455. That is an appropriate procedure.[1]  However, because the request is also based on § 144, at docket 21, Judge Beistline referred that aspect of the request to recuse to another judge.  That is the proper procedure.[2]

## II.  BACKGROUND

Mr. Smith unsuccessfully prosecuted claims against defendant CSK Auto, Inc. in an earlier action in this court, case number F04-012 CV (RRB) which is now identified

---

[1] *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

[2] 28 U.S.C. § 144.

as case number 4:04-cv-012 RRB.[3]  Judge Beistline was the judicial officer who presided over that case.  During the course of that litigation Judge Beistline granted CSK's motion to dismiss Mr. Smith's claims.  Judgment was entered against Mr. Smith who then appealed to the Court of Appeals for the Ninth Circuit which recently affirmed the judgment.[4]

In the meantime, Mr. Smith had filed the present lawsuit against CSK in state court where the trial court determined that his claims were foreclosed by this court's judgment.  Mr. Smith appealed that decision to the Alaska Supreme Court which affirmed with respect to all of Mr. Smith's claims, save his wrongful termination claim.[5]  That claim was remanded to the state trial court.  Following proceedings in the trial court, it emerged that Mr. Smith's remaining claim was based in whole or in part on federal law, so CSK then removed the lawsuit to this court.

### III.  DISCUSSION

A litigant seeking to disqualify a judge must establish that the judge's bias or prejudice reflects an inability to fairly preside over a proceeding.[6]  This usually requires that the alleged bias or prejudice arise from an extrajudicial source .[7]   An examination of Mr. Smith's affidavit in support of the motion to recuse pursuant to § 144 discloses that one of his concerns is his belief that defendant improperly removed this case from state court and then asked that it be assigned to  Judge Beistline.  The removal issue is a legal issue which has no bearing on whether Judge Beistline should recuse.  Defendant did not actually ask for Judge Beistline, but did note that there had been a

---

[3]When this court converted to Electronic Case Filing ("ECF"), it adopted a modified case numbering system consonant with the programing dictates of ECF.

[4]Doc. 59 in Case No. 4:04-cv-012 RRB.

[5]*Smith v. CSK Auto, Inc.*, 132 P.3d 818 (Alaska 2006).

[6]*See, e.g., Litekey v. United States,* 510 U.S. 540, 551-52, 114 S. Ct. 1147, 1155-56 (1994).

[7]*United States v. Hernandez,* 109 F.3d 1453, 1454 (*quoting Litekey,* 510 U.S. at 554-56, 114 S. Ct. at 1157).

related case before Judge Beistline. Advising the court of related cases is a routine practice endorsed by this court and many other courts to achieve efficiencies that may flow from assigning related cases to a single judge. Mr. Smith says that because Judge Beistline draws all of this court's Fairbanks cases, he should recuse. This concern has no bearing on whether Judge Beistline should recuse. Courts often have a single judge preside over all cases filed in a particular location to more efficiently administer justice. Finally, and this likely is the heart of the matter, Mr. Smith feels that Judge Beistline should recuse because he rendered an unfavorable decision in an earlier case. This is not a grounds for recusal. Prior "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[8]

## IV. CONCLUSION

For the reasons set out above, the undersigned judge concludes that Mr. Smith has not shown any bias or prejudice which would require Judge Beistline to recuse in this case. Accordingly, the motion at docket 9 is **DENIED**.

DATED at Anchorage, Alaska this 25th day of August 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[8] *Litekey,* 510 U.S. at 555, 114 S. Ct. at 1157 (*citing United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S. Ct. 1698, 1710 (1966)).