IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CSK AUTO, INC.,<br><br>　　　　Defendant. | Case No. 4:06-cv-0020-RRB<br><br>**ORDER DENYING MOTION FOR REMAND** |

**I.  INTRODUCTION**

　　　　Before the Court is Plaintiff Terry L. Smith with a Motion to Remand at Docket 6, pursuant to 28 U.S.C. § 1447(c).[1] Plaintiff argues his "Workers Compensation retaliation claim falls under State Claim and is pre-Empted from removal under 28 U.S.C. § 1445."[2] Defendant CSK Auto, Inc. opposes at Docket 15 and argues

---

　　[1]　　28 U.S.C. § 1447(c) provides in relevant part:

　　A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded.

　　[2]　　Clerk's Docket No. 6 at 2.  28 U.S.C. § 1445(c) provides:
(continued...)

removal is proper because: (1) "claims for retaliation against an employee for filing a workers compensation claim do not arise under the workers compensation laws within the meaning of 28 U.S.C. § 1445(c)"[3]; (2) Plaintiff's "complaint does not plead the claim he purports to assert, and this Court would have supplemental jurisdiction over any such claim were [Plaintiff] to amend to assert it"[4]; and (3)

> [A]ny claim brought by [Plaintiff] that he was wrongfully discharged in retaliation for filing a workers compensation claim would be frivolous since such a claim is barred by [Plaintiff's] repeated assertions that his physical condition has prevented him from holding a job or performing any work since the date of his injury - <u>five years ago</u>.[5]

Because the Court concurs with respect to Defendant's first two arguments, Plaintiff's Motion to Remand at Docket 6 is hereby **DENIED**.[6]

---

[2](...continued)
"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

[3]   Clerk's Docket No. 15 at 2.

[4]   <u>Id.</u>

[5]   <u>Id.</u> (emphasis in original).

[6]   Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See <u>Mahon v. Credit Bureau of Placer County, Inc.</u>, 171 F.3d 1197, 1200 (9th Cir.1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in
(continued...)

**II. FACTS**

Plaintiff filed the present case in the Alaska Superior Court on or about September 1, 2004, while his appeal of a substantially similar case, Terry L. Smith v. CSK Auto, Inc., et al., 4:04-CV-0012-RRB, was pending.[7] His Complaint (Docket 1, Ex. A) initially alleged that Defendant "secretly terminated employee while employee was under worker compensation system in violation of medical leave act."[8] That claim, however, has significantly morphed over time.

Plaintiff's Amended Complaint (Docket 18) now brings: (1) a claim for wrongful termination under the Family and Medical Leave Act ("FMLA")[9]; and (2) a claim under Alaska Stat. § 23.30.247 that Defendant terminated him in retaliation for filing a workers compensation claim.[10]

---

[6](...continued)
support of their positions, ordinarily oral argument would not be required). As a result, Plaintiff's Motion for Oral Argument at **Docket No. 8** is hereby **DENIED**.

[7] Clerk's Docket No. 15 at 3. "The Ninth Circuit affirmed that judgment in an opinion dated April 13, 2006." Id. See Smith v. CSK Auto Inc., 176 Fed. Appx. 839 (9th Cir. 2006).

[8] Id. (citing Complaint at para. 30 (filed July 14, 2006, with Notice of Removal)).

[9] Clerk's Docket No. 18 at 2. See Smith v. CSK Auto, Inc., 132 P.3d 818, 823 (Alaska 2006)(where the Alaska Supreme Court hypothesized that Plaintiff could potentially have a claim under the FLMA is that was the claim he was purporting to bring).

[10] Id. at 1. Inasmuch as the remainder of the facts are
(continued...)

**III. STANDARD OF REVIEW**

A defendant removing a case to federal court has the burden of establishing that the removal is proper.[11] A suit may be removed if removal jurisdiction pursuant to 28 U.S.C. § 1441 exists and the procedures for removal at 28 U.S.C. § 1446 are followed. Nevertheless, courts must strictly construe the removal statutes against removal and must reject removal jurisdiction if there is any doubt as to whether the removal is proper.[12]

**IV. DISCUSSION**

Because: (1) "[a] claim for retaliation in response to the filing of a workers' compensation claim is *not* a claim that 'arises under the workmen's compensation laws' within the meaning of 28 U.S.C. § 1445(c)"[13]; and (2) this Court has supplemental jurisdiction over Plaintiff's Alaska Stat. § 23.30.247 claim,

---

[10] (...continued) more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

[11] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[12] Id.

[13] Clerk's Docket No. 15 at 6 (emphasis added). See, e.g., Beaver v. NPC Intern., Inc., 2006 WL 2090100 (D. Or. 2006); Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir. 1994).

pursuant to 28 U.S.C. § 1367,[14] the Court concludes Plaintiff's claims may be removed to federal court.

**V.  CONCLUSION**

For these reasons, and for reasons more carefully articulated in Defendant's Opposition to Motion to Remand at Docket 15, Plaintiff's Motion for Remand at Docket 6 is hereby **DENIED**.

ENTERED this 29th day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[14]  28 U.S.C. § 1367 provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.