Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH )<br>　　　　Plaintiff, )<br>　　v. )<br>CSK AUTO, INC., )<br>　　　　Defendant. )<br>　　　　　　　　　　　　　　　) | Case No. 4:06 - cv -00020 (RRB) |

<u>MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT OR IN THE ALTERNATIVE TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

Plaintiff Terry L. Smith ("Smith") has purported to file an "Amended Complaint" without leave of court or the consent of Defendant CSK Auto, Inc. ("CSK"). The Amended Complaint introduces seven additional "counts," most of which are anything but new. Several of these counts have previously been adjudicated in this case, in Smith's prior case against CSK, in Smith's worker's compensation proceeding, or in some instances in all three forums. No facts are alleged in support of any of these so-

called counts; Smith merely recites legal conclusions.  Smith's Amended Complaint should be stricken or, in the alternative, dismissed for several basic reasons:

*First*, Smith's Amended Complaint is of no legal effect since it was filed after service of CSK's answer to Smith's original complaint and without leave of court or the consent of CSK;

*Second*, amendment of Smith's complaint would be futile because Smith does not plead sufficient facts to state a claim under any of his counts, and cannot relitigate claims that were previously dismissed; and

*Third*, Smith has failed to plead special damages with specificity.

Smith's Amended Complaint should be stricken or, in the alternative, dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND

On or about August 16, 2006, Smith filed an Amended Complaint in this Court. See Docket No. 18.  Smith's Amended Complaint was not accompanied by a motion to amend, nor has Smith filed any motion to amend his complaint in this Court.  CSK did not, and does not, consent to the amendment.  The amendment was filed after CSK answered Smith's original Complaint.  See Exh. CC to Notice of Compliance with Minute Order (filed 8/4/2006) at Docket 14.

Smith's Amended Complaint seeks to introduce seven "counts," none of which consists of anything more than a one sentence recitation of legal conclusions.  Only one

of these seven counts concerns Smith's wrongful termination claim – the only claim within the scope of the Alaska Supreme Court's order remanding this case. See Smith v. CSK Auto, Inc., 132 P.3d 818 (Alaska 2006). At lease four of the remaining six "counts" have already been adjudicated. The remaining two are sufficiently vague that it is not even clear what type of claim Smith is purporting to bring.

The first count in Smith's Amended Complaint, designated Count XI, states in full:

> **4.  Workers Compensation – Discrimination and Retaliation**
> The plaintiff sustained a work-related injury, within the meaning of the laws of the State of Alaska under Alaska Statutes. Retaliated against Plaintiff by denying benefits [sic].

Amended Complaint at para.4. Count XI appears to be asserting that CSK retaliated against Smith for sustaining his workplace injury by denying him workers' compensation benefits. Smith has received workers' compensation benefits, and the additional benefits, if any, to which he is entitled is an issue for the Alaska Workers' Compensation Board. See Exh. A to the Affidavit of Counsel filed herewith.

The second count in Smith's Amended Complaint, Count XII, states in full:

> **5.  Intentional Interference**
> The facts set forth above state a claim of unprivileged international interference by defendants with the plaintiff's employment with defendant Csk [sic] Auto Inc. and his potential re-employment by defendants Csk Auto Inc.

MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
OR IN THE ALTERNATIVE TO DISMISS                            3
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 100660v2 53870-5

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

Amended Complaint at para. 5.  Count XII seems to be a repeat of allegations set forth in Smith's Complaint in the First Federal Case[1] that CSK tortiously interfered with the contract between CSK and Smith.  Paragraph 12 of Smith's Amended Complaint in the First Federal Case stated:

> By reason of coehersion fraud defendant frauded plaintiff out of benefits promulgated by defendant corporation hand book policy and in the course of said policy defendants contrairy to public policy interfered with contractual relations of plaintiff having breached the covenant of good faith and fair dealing [sic].

Attached hereto as Exhibit A[2] (and filed as Exh. D to Notice of Compliance with Minute Order at Docket 14).  Smith's original complaint in this case contains an allegation identical to the foregoing.  See Complaint at para.III (p.4).

Count XIII of Smith's Amended Complaint restates his claim for wrongful termination under the Family and Medical Leave Act:

> 6.   Plaintiff REALLEGE retaliation under the Family and Medical Leave Act.  As their was a "mixed motive" to defendants actions against Plaintiff while under the Alaska Workers Compensation Act.  In violation of Public Policy. To act in good faith and dealing [sic].

Amended Complaint at para.6.  Again, no facts are alleged in support of this claim.

Count XIV of Smith's Amended Complaint asserts a claim for breach of the covenant of good faith and fair dealing:

---

[1] The "First Federal Case" refers to Smith v. CSK Auto, Inc. et al., Case No. 4:04-cv-012 RRB.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
OR IN THE ALTERNATIVE TO DISMISS            4
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 100660v2 53870-5

> **7. Breach of implied Contract of the Covenant of good faith and fair dealing in violation of public policy.**
> The facts set forth above state a claim against Csk Auto Inc. – for Breach of implied Contract of The covenant of good faith and fair dealing in violation of public policy. Violated Plaintiffs right to be treated with good faith and to be treated fairly. And not to be discriminated against [sic]

Amended Complaint at para. 7.  Smith made essentially the same allegations in his Amended Complaint in the First Federal Case, and in his first complaint in this action. See Complaint at paras. 9, 12, 31; Exh. A hereto at paras. III (p.4) and V (p.5).

Count XV of Smith's Amended Complaint relates to the alleged denial of some sort of "preference in hiring" and states:

> **8. Workers Compensation – Discrimination Denial of Preference in Hiring.**
> The plaintiff lost his job with Csk Auto Inc. as a result of an injury compensable by CSK Auto Inc. under the Laws of the State of Alaska under Alaska Statutes.  Discriminates as to preference in injury hiring.  Having a injured arm or wrist ect [sic].

Amended Complaint at para. 8.  CSK is not sure what type of claim Count XV purports to be.  It appears, however, to relate to the issue of reemployment benefits under the Alaska Workers Compensation Act.  See AS 23.30.041.  Smith's right to reemployment benefits is a claim that has been litigated under the AWCA and, in any event is a claim

---

[2] Smith's complaint in the First Federal Case is on a superior court caption because the case was removed to this Court by CSK.

MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
OR IN THE ALTERNATIVE TO DISMISS    5
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 100660v2 53870-5

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

that must be pursued before the Alaska Workers' Compensation Board. <u>See</u> Exh. A to Counsel Affid.; AS 23.30.110.

Count XVI of Smith's Amended Complaint appears to be a claim for fraud, though it's not clear what entity Smith actually accuses of wrongful conduct:

> **9.  Workers Compensation – Retaliatory Discharge- Mixed motive**
> Defendant Csk Auto used falsified information from third party to make their decision in Not retaining Plaintiff as to his injuries [sic].

Amended Complaint at para.9.  Smith seems to be claiming that a third party provided CSK with falsified information of some sort that caused CSK to take unspecified action with respect to Smith.  It is not clear if the alleged action related to Smith's employment or his injuries.

The final count in Smith's Amended Complaint, Count XVII, asserts a claim for intentional infliction of emotional distress:

> **10.  Negligent or Intentional Infliction of Emotional Distress**
> Defendant Csk Auto used third party to stop treatment causing intentional infliction of Emotional distress to ones body [sic].

Amended Complaint at para. 10.  Smith made this same claim in both the First Federal Case, and in his original complaint in this case.  <u>See</u> Exh. A hereto at p.5, paras. V and 6; Complaint at Count VIII, para. 24.  The Alaska Supreme Court specifically noted in its

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

decision in this case that Smith's claim for intentional infliction of emotion distress is barred by res judicata. Smith, 132 P.3d at 822.

## ARGUMENT

Smith's Amended Complaint was filed without leave of court and is therefore of no legal effect. Even if Smith were to seek leave to amend his complaint, the Amended Complaint he has filed with the Court would have to be dismissed for failure to state a claim upon which relief can be granted. Smith pleads no facts in support of his claims and attempts to assert claims that are barred by res judicata and are outside the scope of the Alaska Supreme Court's order remanding this case.

A.   Smith's Amended Complaint is of No Legal Effect and Should be Stricken.

Fed. R. Civ. P. 15(a) provides that, following service of the Defendant's answer, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Consequently, "an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect." Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998). An amended pleading that is filed without leave of court may be stricken. F.D.I.C. v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000). Smith neither sought leave of court, nor obtained the consent of CSK to the filing of his amended complaint. Consequently, that amended complaint is without legal effect and should be stricken. Id.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

### B. DHE's Amended Complaint Does Not State a Claim Upon Which Relief Can be Granted.

Apart from Smith's failure to obtain leave of court to amend his complaint, leave to amend would be properly denied in any event, or alternatively the amended complaint should be dismissed, because it fails to state a claim upon which relief can be granted. A proposed amendment is properly denied as futile if the amended complaint would be subject to dismissal. 6 Charles A. Wright, et al., Federal Practice & Procedure § 1487, at 643 (2nd Ed.1990).

#### 1. Smith has failed to allege sufficient facts under any of his counts to state a claim for relief.

Fed. R. Civ. P. 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." If the allegations in the pleading would not entitle the plaintiff to any relief, either because the pleadings lack "a cognizable legal theory" or do not contain "sufficient facts alleged under a cognizable legal theory," then the plaintiff's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). "Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, they are meaningless as a practical matter and legally insufficient to state a claim. <u>Parisi v. Coca-Cola Bottling Co. of New York</u>, 995 F.Supp.298, 300-01 (E.D.N.Y. 1998).

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
OR IN THE ALTERNATIVE TO DISMISS        8
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 100660v2 53870-5

Apart from stating that he was injured on the job, that he received workers' compensation benefits, and that he is no longer employed by CSK, Smith alleges essentially no meaningful facts in support of any of his claims. It is simply not possible to glean from the single sentence conclusory "counts" set forth in Smith's Amended Complaint what facts transpired that give rise to Smith's claims, or lead him to believe that he is entitled to relief from CSK. Consequently, Smith's Amended Complaint does not state a claim for relief and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. <u>Smith cannot amend to assert claims that are barred by res judicata and are outside the scope of the Alaska Supreme Court's order remanding this case</u>.

The Alaska Supreme Court dismissed all of Smith's claims in this case as barred by the res judicata effect of this Court's judgment in the First Federal Case. On appeal, the Alaska Supreme Court reversed only the dismissal of Smith's claim for wrongful termination and affirmed the superior court's judgment in all other respects. <u>Smith</u>, 132 P.3d at 824. The Court remanded for the sole purpose of permitting Smith to pursue his wrongful termination claim, and did not give Smith a license to relitigate claims that have already been dismissed one or more times. <u>Id</u>. at 823-24.

As set forth above, Counts XII, XIV, and XVII of Smith's Amended Complaint merely repeat claims that were already dismissed by this Court in the First Federal Case, or by the Alaska Superior Court in this case. These claims are barred by res judicata and cannot be resurrected by filing an amended complaint. <u>Id</u>. at 820. Counts XI and XV of

Smiths's Amended Complaint appear to relate to allegedly wrongful denials of workers' compensation benefits or other matters addressed in Smith's workers' compensation case. They may not be relitigated in this case, nor may such claims be asserted anywhere but in an administrative proceeding before the Alaska Workers' Compensation Board.  AS 23.30.110.

The only claims that are not plainly barred by res judicata are Smith's claim for wrongful discharge under the Family and Medical Leave Act (Count XIII), and his claim that CSK took action related to his employment or injuries based on some sort of false information provided by an unnamed third party (Count XVI).  No facts are alleged in support of either claim to demonstrate whether Smith can state a claim for relief.  Indeed, it is unclear what type of misconduct Count XVI is intended to allege.

         3.     <u>Smith has failed to plead special damages with particularity</u>.

Paragraph 4 of the prayer for relief in Smith's Amended Complaint seeks "special damages."  Fed. R. Civ. P. 9(g) provides that "[w]hen items of special damages are claimed, they shall be specifically stated."  Smith's bald assertion that he is entitled to special damages does not satisfy Rule 9(g), and should be stricken.

    C.    <u>Any Further Attempts by Smith to Amend his Complaint Must be Limited to Clarifying His Wrongful Termination Claim.</u>

Based on Smith's prior conduct, CSK has every reason to expect that Smith will persist in attempting to relitigate matters that have been resolved in his prior cases against

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

CSK and do not concern the sole claim that the Alaska Supreme Court held Smith may pursue. Smith, 132 P.3d at 824. Monetary sanctions are no impediment to such conduct as Smith has filed affidavits setting forth his precarious financial condition, and already owes CSK over $2,000 for an attorney fee judgment rendered in the First Federal Case. Exh. C to Counsel. Affid. (filed 8/8/2006) at Docket 16. To avoid costly and time consuming motion practice over future attempts at amendment of Smith's complaint, CSK respectfully requests that the Court order that any future amendments of Smith's complaint must be limited to outlining the facts that are alleged in support of Smith's claim for wrongful termination.

/

/

/

/

/

/

/

/

/

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
OR IN THE ALTERNATIVE TO DISMISS             11
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 100660v2 53870-5

## CONCLUSION

For the foregoing reasons, CSK respectfully requests that Smith's Amended Complaint be stricken, or in the alternative that it be dismissed for failure to state a claim upon which relief may be granted.  CSK further requests that the Court direct that any future attempts at amendment by Smith be restricted to clarifying his claim for wrongful termination.

Dated this 29th day of August, 2006.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.


By:   s/ Eric J. Jenkins
      Eric J. Jenkins, ABA# 0011078
      James H. Juliussen, ABA# 9211082
      701 W. 8th Ave., Suite 800
      Anchorage, AK  99501
      Phone: (907) 257-5300
      Fax: (907) 257-5399
      ericjenkins@dwt.com
      jimjuliussen@dwt.com

Certificate of Service:

I certify that on August 29, 2006, a true and correct copy of the foregoing Motion to Strike was served on the following via:

( ) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By:      s/ Janet Eastman
         Janet Eastman

MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT
OR IN THE ALTERNATIVE TO DISMISS            12
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 100660v2 53870-5