Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CSK AUTO, INC., )<br>)<br>Defendant. )<br>)  | Case No. 4:06 - cv -00020 (RRB) |

OPPOSITION TO MOTION FOR RECONSIDERATION TO REMAND CASE

Plaintiff Terry L. Smith's ("Smith") motion for reconsideration provides no basis for reversing this Court's order denying remand of this case to state court. In its August 29, 2006 Order Denying Motion for Remand (the "Order"), this Court held that remand of this case was inappropriate because: (1) claims for retaliation against an employee for filing a workers compensation claim do not arise under the workers compensation laws within the meaning of 28 U.S.C. § 1445(c ); and (2) that Smith's complaint does not plead

the retaliation claim he purports to assert in any event.  Smith's motion for reconsideration does not call into question either of these conclusions.

As this Court noted in its Order, a claim under AS § 23.30.247 that the plaintiff's employer retaliated against the plaintiff for filing a workers' compensation act claim is not a claim that arises under the workers' compensation laws within the meaning of 28 U.S.C. § 1445(c).  Order at p. 4. (citing Beaver v. NPC Intern., Inc., 2006 WL 2090100 (D.Or. 2006) and Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir. 1994)).  Such a claim lacks the essential no-fault element of a workers' compensation claim.  Spearman, 16 F.3d at 724-25.  Smith cites no authority to the contrary, nor do the two cases he cites in his brief even address the relevant issues.  Dougan v. Aurora Electric, Inc., 50 P.3d 789, 796 n.32 (Alaska 2002) mentions AS § 23.30.247 in a footnote merely to confirm that discrimination claims are outside of the jurisdiction of the Alaska Workers' Compensation Board.  That is consistent with the fact such claims are not workers' compensation claims within the meaning of 28 U.S.C. § 1445(c) because, in contrast to a workers' compensation claim, they incorporate a fault-based regime with common law damages.  American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951), does not even address 28 U.S.C. § 1445(c) or the issue of what constitutes a workers' compensation law.  That case dealt with an attempt by a plaintiff to recover fire insurance proceeds following the destruction of his home.  Id. at 8.  Thus, even if Smith were permitted to amend his complaint to assert a claim that he was discriminated against for

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

filing a workers' compensation claim, that claim would be removable for the reasons stated in this Court's Order.

In addition to the fact that Smith's discrimination claim would be removable in any event, this Court agreed with CSK in its Order that Smith's complaint does not plead any claim for discrimination in retaliation for the filing of a workers' compensation claim. Smith's "Amended Complaint" does not correct that defect. As an initial matter, it was filed without leave of court or the consent of CSK, and CSK has moved to strike and/or dismiss it. More importantly, as stated in CSK's pending motion to dismiss, Smith's complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) because his claims consist of nothing more than vague and conclusory one sentence assertions. It is simply not possible to determine what claims Smith is purporting to bring because he has yet to plead sufficient facts in support of any of those claims to constitute a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Merely reciting terms such as "discrimination" does not establish a viable claim; sufficient facts must be pleaded to give substance to those allegations. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In sum, Smith's motion for reconsideration should be denied because Smith has no claim before this court for retaliation in response to the filing of a workers' compensation claim and even if he were permitted to amend to assert such a claim, it is not a workers' compensation claim within the meaning of 28 U.S.C. § 1445(c).

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

OPPOSITION TO MOTION FOR RECONSIDERATION
TO REMAND CASE                                                             - 3
ANC 108669v1 53870-5

Dated this 14th day of September, 2006.

        DAVIS WRIGHT TREMAINE LLP
        Attorneys for Defendant CSK Auto, Inc.

By:   s/ Eric J. Jenkins
       Eric J. Jenkins, ABA# 0011078
       James H. Juliussen, ABA# 9211082
       701 W. 8th Ave., Suite 800
       Anchorage, AK 99501
       Phone: (907) 257-5300
       Fax: (907) 257-5399
       ericjenkins@dwt.com
       jimjuliussen@dwt.com

Certificate of Service:

I certify that on September 14, 2006, a true and correct copy of the foregoing Opposition to Motion for Reconsideration to Remand Case was served via:

( X ) First Class Mail
(   ) Facsimile and Mail
(   ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By:   s/Janet Eastman
       Janet Eastman

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

OPPOSITION TO MOTION FOR RECONSIDERATION
TO REMAND CASE                   - 4
ANC 108669v1 53870-5