```
                                              FILED
                                        US DISTRICT COURT
                                        DISTRICT OF ALASKA
Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706                     2006 SEP 19 PM 2:04
(907)488-8824
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>           Plaintiff<br><br>Vs.<br><br><br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE    Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

### PLAINTIFFS OPPOSITION TO STRIKE AMENDED COMPLAINT OR IN THE ALTERNATIVE TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELEIF CAN BE GRANTED

Comes now, the Plaintiff Terry L. Smith herein, hereby files his Opposition to strike

amended complaint as this case has not been placed upon the trial calendar under Federal

Rule 15. Amended and Supplemental Pleadings

**(a) Amendments.**

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and **the action has not been placed upon the trial calendar**, the party may so amend it at any time within 20 days after it is served.

Defendants did not follow chamber orders, which they were to refile their answer in

Federal Court and because this was not done Plaintiff amended his complaint per Rule 15

As such is allowed as this case has not been put upon the trial calendar. Upon removal

1

from superior Court Plaintiff filed a motion to amend Complaint and such [1] amended complaint was taken notice by the U.S. District Court. Under Federal Rule 15 Amendment should be freely given when justice so requires the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962)(citation omitted). We expressly adopted this interpretation of Rule 15. See, e.g., Siemion v. Rumfelt, 825 P.2d 896, 898 (Alaska 1992). Here again Defendants have mischaracterizes Plaintiffs amended complaint when Plaintiff has filed a motion to amend complaint and after removal filed a notice of pending motions that were filed in a non removable claim defendant now claims that Plaintiff did not give notice as the court took notice of the amended complaint and Defendant is without merit to strike amended complaint.

**First** of all Plaintiffs amended complaint has legal affect since Plaintiff gave notice to the court and the court took notice of such amended complaint, as per rule 15 <u>**the action has not been placed upon the trial calendar**</u> Csk Auto Cannot complain on this issue.

**Second.** Plaintiff amended complaint is not futile as in pleading Plaintiff only need to make a short statement and a statement of a single set of circumstances and given the facts to this issue Plaintiff pleadings gave enough notice of the issues to be actionable.

**Third** Plaintiff has plead special Damages in [1] special dameges are lost wages and benefits, as to include all medical dential ect, vacation time pay, and all 401k benefits these are special damages that were plead and are noticed to be proven at trial .

## Back Ground

On August 16 Plaintiff filed a amended complaint in the Court. Defendants never did answer the complaint in District Court as was required by minute order from chambers filed July 26 2006 on July 18 Plaintiff filed a motion to amend complaint in superior court which was not ruled upon. On August 2nd plaintiff filed a notice of pending

motions that were not ruled upon in superior court. And when the court took such notice of the amended complaint in it ruling [Docket 18] is sufficient notice by the court of the amend complaint. Under rule 8 Plaintiff need only state a short and plain statement of the claim that the pleader is entitled to relief and plaintiffs amended complaint states such facts to be noticed by defendants, as plaintiff complaint is of different circumstances.

Plaintiff amend complaint is with in the concerns of his wrongful termination claim

As defendants terminated plaintiff while he was protected under the Alaska workers

Compensation Act. AS.23.30.247 states at **(a)** An employer may not **discriminate in** hiring, promotion, or **retention policies** or practices against an employee who has in good faith filed a claim for or received benefits under this chapter. An employer who violates this section is liable to the employee for damages to be assessed by the court in a private civil action.

### 4. Workers Compensation - Discrimination and Retaliation

The plaintiff sustained a work-related injury, within the meaning of the laws of the State of Alaska under Alaska Statutes. Retaliated against Plaintiff by denying benefits.

The fact to this issue is Defendants denied Plaintiffs claim as employee hand book clearly stated that workers compensation is a benefit and that benefit was denied to Plaintiff not only is this discriminatory it is also part of a retaliation of denial of benefits per his employment hand book.

### 5. Intentional Interference
The facts set forth above state a claim of unprivileged intentional interference by defendants with the plaintiff's employment with defendant Csk Auto Inc. and his potential re-employment by defendants Csk Auto Inc.

Here again is a classic example of intentional interference by Csk Auto inc. they have interfered with plaintiffs rights to not discriminate in their retention policy's as Csk Auto Inc has prevented a injured employee from retaining his job back in a different position.

This issue is not of the same cause of action as in the 4FA-04-067 that issue was a

different circumstance as is plaintiffs wrongful termination in violation of the Family Medical Leave Act while plaintiff was under the workers compensation statute interfered with employment benefits under the act. This is a separate issue from plaintiffs safety issue in count III at paragraph III in a prior proceeding in 4FA-04-067/04-cv-012 RRB there is a difference between coercion and intentional interference this is two distinct and separate issues and are not the same and must not be disturbed different circumstance.

6. Plaintiff REALLEGE Retaliation under the Family and Medical Leave Act. As their was a "mixed motive" to defendants actions against Plaintiff while under the Alaska Workers Compensation Act. In violation of Public Policy. To act in good faith and dealing.

Here is another misconception by defendants denial of such facts as Plaintiff was under the family medical leave act. When their was a mixed motive for defendant action against Plaintiff to terminate a employee while under medical care is inviolation of public policy Which was done in bad faith is question for the jury in this issue.

### 7. Breach of implied Contract of The Covenant of good faith and fair dealing in violation of public policy

The facts set forth above state a claim against Csk Auto Inc. - for Breach of implied Contract of The Covenant of good faith and fair dealing in violation of public policy . Violated Plaintiffs right to be treated with good faith and to be treated fairly. And not to be discriminated against

This issue is not the same as stated by defendants as this issue is a discrimination issue which is a separate issue from the first federal complaint and not in conjunction with plaintiffs amended complaint filed on August 16 2006 as plaintiff termination was discriminatory and no other employees were terminated with arm or hand injuries this is a pure violation of plaintiffs right to employment in retention hiring from being injured and is inviolation of the family medical leave act. Is in violation of public policy unlawful discrimination in preference to employment retention in hiring injured employees back

4

### 8. Workers Compensation - Discrimination Denial of Preference in Hiring

The plaintiff lost his job with Csk Auto Inc. as a result of an injury compensable by Csk Auto Inc. under the Laws. of the State of Alaska under Alaska Statutes. Discriminates as to preference in injury hiring. Having a injured arm or wrist ect.

This issue has nothing to due with AS.23.30.041 as that is a rehabilitation statute and Csk violated AS. 23.30.247 in their Discrimination of preference in hiring retention of injured employees has violated plaintiffs right under AS. 23.30.247 which is a jury question and must be brought forth for trial on discrimination. [note Defendants exhibit A] is subject to appeal by the Alaska workers comp appeals commission. Which the C&R was procured by fraud and duress and this issue and contract is on appeal and has nothing to due with discrimination and is not applicable in this issue as their has not been a decision in that issue in appeal No 06-010 which is on appeal to the commission. And is moot point.

### 9. Workers Compensation – Retaliatory Discharge-Mixed motive
Defendant Csk Auto used falsified information from third party to make their decision in Not retaining Plaintiff as to his injuries.

This action is part of plaintiffs wrongful termination as now plaintiff has found out that their was interference from third party by recommending to Csk Auto not to rehire employee/Plaintiff and defendant through Attorney Erick Jenkins had the audacity for plaintiff to ask Davis Wright Tremaine for his job back which clarifies that there is interference by Davis Wright Tremaine and other to prevent plaintiffs from getting his job back. As there is a mixed motive question as to preference in retention hiring which is a violation of public policy and a violation of AS 23.30.247discrimination interference by third party to prevent plaintiff from getting his job back is a jury question.

5

**10. Negligent or Intentional Infliction of Emotional Distress**
Defendant Csk Auto used third party to stop treatment causing intentional infliction of Emotional distress to ones body.

This is a misconception of fact which defendant used third partys proffered information to terminate and interfere plaintiffs right to retention and this interference in not the same as claimed by defendant in any prior proceeding as this reflects that third party has caused distress to ones body. This is part of plaintiffs wrongful termination issue in violation of the family medical leave act. Is a Different issue .

## ARGUMENT

Plaintiff amended complaint was filed as defendant never answered in federal court which as per chamber rules they were to refile their answer. When this did not happen plaintiff filed per rule 15 and the court took notice and did not complain of the amended complaint at [Docket 18] quoting from order denying remand. Since the court took notice of the amended complaint and There is a genuine issue of material fact only when there is sufficient evidence that a reasonable juror could find for the party opposing the motion. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 251-52, 106 S.Ct. 2505 (1986). Given the Facts in this issue there is no trial date and plaintiff can amend before trial is placed upon the calendar. a court must find that constructive notice was "reasonably calculated, under all of the circumstances, to apprise all interested parties of the pending action." Id. (citing **Felix v. New York City Police Dep't**, 811 F. Supp. 124, 127 (D.N.Y. 1992) (quoting **Gleason v. McBride**, 869 F.2d 688, 692 (2d Cir. 1989)). As stated by other courts and the united states supreme court has adopted and reiterated the liberal amendment policy articulated by the United States Supreme Court in **Foman v. Davis**, 371 U.S. 178 (1962): Rule 15(a) declares that leave to amend "shall be freely given when justice so re quires". . .

6

. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test this claim on the merits. . . . The leave sought should, as the rules require, be "freely given." Id. at 182 (quoted in <u>Magestro v. State,</u> 785 P.2d 1211, 1213 n.5 (Alaska 1990); <u>Betz v. Chena Hot Springs Group</u>, 742 P.2d 1346, 1348 (1987), and <u>Wright v. Vickaryous</u>, 598 P.2d 490, 495 (Alaska 1979)). the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." Quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 2d sec. 1367, at 509-10 (1990) here again the Defendants have mischaracterize Fed R. Civ.P. 8(a)(2) requires a short plain statement of the claim showing that the pleader is entitled to relief as this is what plaintiff has done in the amended complaint as stated plaintiff was discriminated against him because of his injuries and under the law discrimination is not allowed and this is a question for the jury to decide as plaintiff has a demand for jury trial summons. Defendant movement under 12 (b)(6) is nothing but a boiler plate motion to evade the real excuse of discrimination in their preference in retention hiring as opposed to hiring persons with injured arms and or wrist as this is being done and is a discriminatory practice and must be stopped. Given the events in this issue and plaintiff need not elaborate on the issue of discrimination as it is a proven fact and their for cannot be dismissed as it is a question for a jury to decide the issue of discrimination. And wrongful termination by using the workers compensation system while employee was protected under the family medical leave act. Is all genuine issue of material facts in this case and must be noticed by the court of such material facts and the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. 5A Wright & Miller sec. 1368 (supp. 2000).

## CONCLUSION

Plaintiffs claim of discrimination cannot be brought under the Alaska workers compensation act as they do not have jurisdiction to hear and award damages for discrimination as plaintiff under AS. 23.30.247 has to bring discrimination and wrongful termination and a violation of the family medical leave act in a court of equities as the workers compensation system doesn't have jurisdiction in this issue their for employers statement that plaintiff must litigate his wrongful termination and discrimination and violation of the family medical leave act under the Alaska workers compensation act is moot as the workers compensation act cannot award damages it can only adjudicate a dispute if the legislature has granted it adjudicatory authority. See **Far N. Sanitation, Inc. v. Alaska Pub. Util. Commn**, 825 P.2d 867, 871 & 873 (Alaska 1992) (holding that agency does not have powers beyond those which are authorized by legislative grant, express or implied). See also **Blanas v. Brower Co.**, 938 P.2d 1056, 1061 (Alaska 1997) (quoting with approval idea that a public service commission is an administrative agency created by statute and as such has no inherent powers, but only such as have been expressly granted to it by the legislature or have, by implication, been conferred upon it as necessarily incident to the exercise of those powers expressly granted) (quoting **Greater Anchorage Area Borough v. City of Anchorage**, 504 P.2d 1027, 1033 (Alaska 1972)). Employees work related injury falls out side of the workers compensation act and such as Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 20 S.E.2d 530 (1942)(holding that the employee had recourse to a common law claim for damages where his injury did not fall within the purview of the Act). See also **Smothers v.Gresham transfer Inc**. Under Smothers, a worker may now bring a negligence action in certain circumstances against his

8

employer if denied compensation because his work was not a "major contributing cause" of his injury or illness. **Errand v. Cascade Steel Rolling Mills, Inc.,** 320 Or 509, 525, 888 P2d 544 (1995), this court held that the exclusive remedy provisions in ORS 656.018 (1993) did not preclude workers whose workers' compensation claims had been denied from bringing civil actions against their employers in an effort to recover damages for their work-related injuries. It would be inconceivable to hold employee hostage as employees claim has been denied compensation. As the Alaska Workers compensation act. Is not exclusive to Plaintiffs remedy's under the Act. For the fore going reasons Plaintiff Respectfully request that the court except Plaintiffs amended complaint as the court took notice of such amended complaint and defendants failed to refile their answer in the U.S. District Court as this case has not been put upon the calendar of the court for trial. And Defendants motion to strike amended complaint must be denied.

Respectfully Submitted

Terry L. Smith Pro Se

Dated This 19th Day Of Sept ,2006

CERTIFICATE OF SERVICE
U.S. District Court Case No (4)-06-00020-RRB

I Certify that a Copy of the forgoing Document was served on the 19TH Day of Sept ,2006 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[X] FIRST CLASS MAIL
[] FACSIMILE AND MAIL
[] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468

Terry L. Smith Pro SE
P.O. Box 60882
Fairbanks, Alaska 99706-0882

CERTIFICATE OF SERVICE