Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br><br>        Plaintiff,<br><br>   v.<br><br>CSK AUTO, INC.,<br><br>        Defendant. | Case No. 4:06 - cv -00020 (RRB) |

## REPLY TO OPPOSITION TO MOTION TO STRIKE SMITH'S AMENDED COMPLAINT OR IN THE ALTERNATIVE TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Terry L. Smith's ("Smith") Opposition to CSK Auto, Inc.'s ("CSK") motion to strike, or in the alternative to dismiss, his Amended Complaint does nothing more than confirm that the relief sought by CSK is appropriate. Smith's Amended Complaint was filed without leave of court and it fails to state any viable claims for relief. Not only does the pleading lack a "short and plain statement of the claim showing that the pleader is entitled to relief," but Smith's explanation of his claims is frequently

contrary to, or more confusing than, the cursory and conclusory language in his Amended Complaint. Fed. R. Civ. P. 8(a)(2). The Federal Rules of Civil Procedure, and fundamental fairness to the defendant, require that Smith's pleading allege sufficient facts to give fair notice of what claims he is trying to bring, and that he not be permitted to repeatedly reassert claims that have already been resolved against him.

A.    <u>Smith's Amended Complaint was Filed Without Leave of Court</u>.

Smith argues in his Opposition that he did not need leave of court to amend his complaint because CSK answered his original complaint in state court prior to removal, and Smith interprets this Court's Order to Petitioner Subsequent to Removal to require CSK to file a new answer in this Court. This Court's July 26, 2006 Order states that any "motions" that were filed in State court and undecided at the time of removal must be re-filed in this Court. Order (dated July 26, 2006). CSK's answer is not a motion, and nothing in this Court's Order requires CSK to file a new answer in this Court. CSK's Answer was attached as Exhibit CC to its Notice of Compliance With Minute Order (Docket No. 14). Since CSK answered Smith's Complaint before Smith filed his Amended Complaint, Smith's Amended Complaint could not be filed without leave of Court. <u>See</u> Fed. R. Civ. P. 15. Smith's Amended Complaint is therefore of no legal effect. <u>Murray v. Archambo</u>, 132 F.3d 609, 612 (10th Cir. 1998).

REPLY TO OPPOSITION TO MOTION TO STRIKE
SMITH'S AMENDED COMPLAINT                - 2
ANC 109211v1 53870-5

B.  <u>Smith's Complaint Does Not State a Viable Claim for Relief</u>.

Even if Smith's Amended Complaint were accepted for filing, it would have to be dismissed for failure to state a claim upon which relief can be granted. Not one of the Counts in Smith's Amended Complaint constitutes a "short and plain statement of the claim showing that the pleader is entitled to relief," or includes the basic facts required to give substance to Smith's conclusory allegations. Fed. R. Civ. P. 8(a)(2). <u>See</u> also <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990) (pleading is subject to dismissal where it fails to plead sufficient facts to give notice of the claim); <u>Parisi v. Coca-Cola Bottling Co. of New York</u>, 995 F.Supp. 298, 300-01 (E.D.N.Y. 1998) (complaint is subject to dismissal where "the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains"); <u>Rasidescu v. Midland Credit Management, Inc.</u>, 435 F.Supp.2d 1090, 1099 (S.D.Cal. 2006) ("even *pro se* plaintiffs must allege, with at least some degree of particularity, overt acts taken by each defendant which support his claims"). Moreover, as set forth in CSK's opening brief, the Alaska Supreme Court's order remanding this case limits Smith to litigating his wrongful termination claim. <u>Smith v. CSK Auto, Inc.</u>, 132 P.3d 819, 823-24 (Alaska 2006).

    1.  <u>Count XI of Smith's Amended Complaint Attempts to Relitigate Issues Decided in His Workers' Compensation Proceeding</u>.

Count XI (Paragraph 4) of Smith's Amended Complaint asserts that CSK retaliated against Smith for sustaining a work related injury by denying him benefits.

REPLY TO OPPOSITION TO MOTION TO STRIKE
SMITH'S AMENDED COMPLAINT - 3
ANC 109211v1 53870-5

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Smith's Opposition now seems to state that the benefits allegedly denied were workers' compensation payments:

> The fact to this issue is Defendants denied Plaintiffs claim as <u>employee hand book clearly stated that workers compensation is a benefit and that benefit was denied to Plaintiff not only is this discriminatory it is also part of a retaliation</u> of denial of benefits per his employment hand book [sic].

Opposition at p.3 (emphasis added).  To the extent Smith feels that he was denied worker's compensation benefits to which he was entitled, he must pursue the administrative procedures set forth in the Alaska Workers' Compensation Act.  See AS 23.30.110.  Smith is not permitted to relitigate adverse rulings in his workers' compensation proceeding under the guise of a "retaliation" claim.

> 2. <u>Count XII of Smith's Amended Complaint Fails Because CSK Can Not be Liable for Intentional Interference with a Contract to Which it Was a Party</u>.

Smith explains on page 3 of his Opposition that his claim for "intentional interference" (Count XII) is based on some unspecified actions that CSK supposedly took that interfered with Smith's employment with CSK.  A claim for tortious interference with contract cannot be brought against a party to the contract that was supposedly interfered with.  <u>Odom v. Lee</u>, 999 P.2d 755, 761 (Alaska 2000) ("there can be no tortious interference claim among parties to the same contract").  Thus, Smith's allegation that CSK intentionally interfered with his employment with CSK does not state a claim.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

REPLY TO OPPOSITION TO MOTION TO STRIKE
SMITH'S AMENDED COMPLAINT - 4
ANC 109211v1 53870-5

### 3. Smith Does Not Plead Sufficient Facts in Support of Count XIII to Determine What Claim He is Attempting to Bring.

Count XIII of Smith's Amended Complaint states that there was a "mixed motive" for CSK's "actions" against Smith and that Smith therefore has a claim under the Family and Medical Leave Act ("FMLA").  Smith does not plead the basic facts regarding what "actions" he complains of, he does not state that these actions took place during a time when he was supposedly entitled to FMLA leave, and he does not explain what "mixed motive" he contends induced CSK to take these "actions."  Count XIII does not state an FMLA claim.  Indeed, although outside the scope of this motion, Smith cannot state an FMLA claim because the statutory requirements for coverage are not met.

### 4. Smith Does Not Plead Sufficient Facts in Support of Count XIV to Determine What Claim He is Attempting to Bring.

Count XIV of Smith's Amended Complaint purports to bring a claim for breach of the implied covenant of good faith and fair dealing based on the "facts" set forth in his first three counts.  Smith states in his Opposition with regard to this claim that "plaintiff termination was discriminatory and no other employees were terminated with arm or hand injuries this is a pure violation of plaintiffs right to employment in retention rehiring . . . [sic]" Opposition at p.4.  It is unclear whether this supposed claim relates to retention or rehiring, or whether Smith asserts that CSK terminated him because of a hand or arm injury, or merely that he was terminated and happens to have those ailments.  Moreover, prior to filing his Amended Complaint, Smith's claim has been that his workplace injury

was to his spine, not his arm or hand.  <u>See</u> Smith Affidavit (dated Jan. 11, 2005) attached as Exhibit A to Second Affidavit of Counsel (Docket No. 16).  In any event, Smith does not plead the basic facts required to give fair notice of what claim he is attempting to bring.  Indeed, Smith does not even allege that CSK knew of this supposed arm and/or hand condition.

### 5. Smith Does Not Plead Sufficient Facts in Support of Count XV to Determine What Claim He is Attempting to Bring.

Count XV appears to be some sort of a claim that CSK discriminated against Smith by not giving him a preference in rehiring after he lost his job.  Amended Complaint at para. 8.  With respect to this claim, Smith's Opposition states:

> This issue has nothing to due with AS 23.30.041 as that is a rehabilitation statute and CSK violated AS 23.30.247 in their Discrimination of preference in hiring retention of injured employees has violated plaintiffs right under AS 23.30.247 which is a jury question [sic].

Opposition at p.5.  Smith does not allege that he ever reapplied for employment with CSK, nor does he plead that he is capable of performing the essential functions of any job CSK has available.  Smith has consistently told CSK and this Court that he cannot perform any work.  Exhibit A to Second Affidavit of Counsel (Docket No. 16).  Moreover, nothing in AS 23.30.247 requires an employer to give workers who were injured on the job a preference in hiring if they later reapply for employment.  That statute merely bars an employer from refusing to hire an employee because the employee filed a claim for workers' compensation benefits.  Count XV does not state a claim.

REPLY TO OPPOSITION TO MOTION TO STRIKE
SMITH'S AMENDED COMPLAINT      - 6
ANC 109211v1 53870-5

6. <u>Count XVI of Smith's Complaint Lacks Any Meaningful Facts and is Internally Inconsistent</u>.

Count XVI of Smith's complaint alleges that CSK used falsified information from a third party to make their decision "in Not retaining Plaintiff as to his injuries." Complaint at para. 9. The discussion of this claim in Smith's Opposition mentions nothing about a failure to <u>retain</u> Smith, but now alleges that CSK's counsel somehow interfered with Smith's ability to get his job back. Opposition at p. 5. That is not the claim that is pleaded in Smith's Amended Complaint, and these allegations again lack the basic facts required to give CSK notice of the claim that is being made.

7. <u>Count XVII Does Not State a Claim for Intentional Or Negligent Infliction of Emotional Distress</u>.

Count XVII of Smith's Amended Complaint simply states that "Defendant CSK Auto used third party to stop treatment causing intentional infliction of Emotion distress to ones body." As noted in CSK's opening brief, the Alaska Supreme Court specifically held that this claim is barred by res judicata. <u>Smith</u>, 132 P.3d at 822. In an effort to avoid the res judicata bar, Smith changes course yet again in his Opposition and now claims that the actions at issue do not relate to his "treatment," but rather some alleged interference by a third party with CSK's retention of Smith as an employee. Opposition at p. 6 ("this interference . . . reflects that third party has caused distress to ones body"). Smith does not identify the third party, nor do the actions of the unidentified third party state a cause of action against CSK. Moreover, Smith has failed to plead that CSK's

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

actions giving rise to this claim were "outrageous," or that he suffered <u>severe</u> emotional distress as required to state a claim for intentional infliction of emotional distress. <u>Lybrand v. Trask</u>, 31 P.3d 801, 803 (Alaska 2001).  Smith's claim for negligent infliction of emotional distress fails for these same reasons, and because Smith does not plead that he suffered physical injury as a result of the acts that he now alleges caused him emotional distress.  <u>Hancock v. Northcutt</u>, 808 P.2d 251, 258 (Alaska 1991) (physical injury is generally required for a claim for negligent infliction of emotional distress).

## CONCLUSION

Smith's Amended Complaint was filed without leave of court and should be stricken or dismissed for failure to state a claim.  Each of Smith's various causes of action fails to give notice of the claim he is attempting to bring because Smith's allegations are exceedingly vague and Smith fails to plead the basic facts necessary to give substance to his claims.  By no means does Smith's Amended Complaint comply with the requirement set forth in Fed. R. Civ. P. 8(a) that it contain a short and plain statement of the claim showing that the pleader is entitled to relief.  CSK is entitled to fair notice of the claims that Smith is attempting to bring, and should not be subjected to further attempts by Smith to relitigate matters that have already been decided.

For the foregoing reasons, CSK respectfully requests that its motion be granted, and that the Court strike Smith's Amended Complaint, or in the alternative that Smith's

Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated this 26th day of September, 2006.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By:   s/ Eric J. Jenkins
      Eric J. Jenkins, ABA# 0011078
      James H. Juliussen, ABA# 9211082
      701 W. 8th Ave., Suite 800
      Anchorage, AK  99501
      Phone: (907) 257-5300
      Fax: (907) 257-5399
      ericjenkins@dwt.com
      jimjuliussen@dwt.com

Certificate of Service:

I certify that on September 26, 2006, a true and correct copy of the foregoing Opposition to Motion for Reconsideration to Remand Case was served via:

(  ) First Class Mail
(  ) Facsimile and Mail
(  ) Hand Delivery

on the following:

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____
         Janet Eastman

REPLY TO OPPOSITION TO MOTION TO STRIKE
SMITH'S AMENDED COMPLAINT                          - 9
ANC 109211v1 53870-5