RECEIVED
FEB 23 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>　　　　　Plaintiff<br><br>Vs.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE　　　Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

### PLAINTIFF'S RENEWED MEMORANDUM ON MOTION FOR REMAND

Plaintiff Terry L. Smith asks this Court to remand this case back to the Superior Court as This case should have not been removed from state Court as the Alaska supreme Court verified that Plaintiff has a State Action and not a federal Action. This mix –up occurred as Plaintiff Could not find the Statute to correctly state his jurisdiction and this was known to defendants. Plaintiff realleges the jurisdiction to the State Of Alaska under AS: Sec.23.10.500 is the Correct Jurisdiction Statement which is under Labor and Workers Compensation is under the Alaska Family Medical Leave Act.

(1) that this case be remanded in full to the Fairbanks Superior Court, as its removal is expressly barred by §1445(c) and §1441 of Title 28, and § 1445. (c) A Civil action in any State Court Arising under the workmens compensation laws of such state may not be

2

removed to any district court of the United States Defendants have moved a valid Nonremovable action from State Court to district court of the United States. Plaintiffs Workers Compensation retaliation claim falls under State Claim and is pre-Empted from removal under 28 U.S.C.§ 1445. (c) Prohibits removing this case in this situation, this case was removed without jurisdiction to do so and must be remanded in its entirety to The Fairbanks Superior Court Fourth Judicial District from which it was removed. the United States Supreme Court, and other Circuits, make it clear that the United States Congress' clearly-expressed intention to allow a plaintiff to file a case like this one in state court – and to keep it there - must be honored by this Court. The U.S. Supreme Court has made it clear, in **American Fire Casualty v. Finn**, 342 U.S. 6 (1951), that the effect of § 1441(c) is that where an otherwise-removable claim is part of the same cause of action as a nonremovable claim, § 1441(c) bars removal even of the otherwise- removable claim, and requires remand. Plaintiff FMLA Claim is a State action as Plaintiff is a non – union Employee and jurisdiction is proper in the Superior State Court as State law predominates. AS: Sec.23.10.500 is under the Labor and Workers Compensation Statutes and is a state Statute not a federal statute and requires remand. Respectfully Submitted,

/s/ Terry L. Smith
Terry L. Smith Pro Se

Dated This 22 Day Of Feb ,2007

## CERTIFICATE OF SERVICE
Case 4:06-cv-00020-RRB

I Certify that a Copy of the forgoing Document was served on the 22 Day Of Feb _____,2007 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[X] FIRST CLASS MAIL
[] FACSIMILE AND MAIL
[] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468


Terry L. Smith Pro Se
P.O. Box 60882
Fairbanks, Alaska 99706-0882

CERTIFICATE OF SERVICE