§ 23.10.440    LABOR AND WORKERS' COMPENSATION    646

**Collateral references.** — Validity and construction of statute giving employee the right to review and comment upon personnel record maintained by employer. 64 ALR4th 619.

**Sec. 23.10.440. Posting of information on sexual harassment. [See delayed repeal note.]** (a) An employer shall post in the workplace a notice prepared by the State Commission for Human Rights that

(1) sets out the federal definition of sexual harassment;

(2) advises employees of the name, address, and telephone number of the state and federal agencies to which inquiries and complaints concerning sexual harassment may be made; and

(3) sets out the deadlines for filing a complaint of sexual harassment with the agencies listed in (2) of this subsection.

(b) The employer shall select prominent and accessible locations for posting the notice that will permit each of the employees of the employer to read the notice during the course of their regular employment duties.

(c) The State Commission for Human Rights shall prepare and make available to employers notices that meet the requirements of this section.

(d) The department may impose a civil fine not to exceed $500 on an employer for violation of this section.

(e) In this section, "employer" means an employer that employs 15 or more employees at one time and includes the state, the University of Alaska, the Alaska Railroad Corporation, and political subdivisions of the state. (§ 1 ch 65 SLA 1992)

**Delayed repeal.** — Under § 2, ch. 65, SLA 1992, this section is repealed January 1, 2007.

**Collateral references.** — When is supervisor's or coemployee's hostile environment sexual harassment imputable to employer under state law. 94 ALR5th 1.

## Article 8. Drug and Alcohol Testing by Employers.

Section
600. Employer protection from litigation
610. Limits on causes of action for disclosures
615. Employer's compliance voluntary
620. Employer policy
630. Collection of samples
640. Testing procedures

Section
645. On-site testing
650. Training of test administrators
655. Disciplinary procedures
660. Confidentiality of results; access to records
670. Effect of mandatory testing obligations
699. Definitions

**Cross references.** — For provisions relating to controlled substances, see AS 11.71.
**Effective dates.** — Section 1, ch. 106, SLA 1997, which enacted this article, took effect on September 30, 1997.

Secs. 23.10.500 — 23.10.550. [Renumbered as AS 39.20.500 — 39.20.550.]

**Sec. 23.10.600. Employer protection from litigation.** (a) If an employer has established a drug and alcohol testing policy and initiated a testing program under AS 23.10.600 — 23.10.699, a person may not bring an action for damages against the employer for

(1) actions in good faith based on the results of a positive drug test or alcohol impairment test;

(2) failure to test for drugs or alcohol impairment or failure to test for a specific drug or another controlled substance;

(3) failure to test or, if tested, failure to detect a specific drug or other substance, a medical condition, or a mental, emotional, or psychological disorder or condition; or

(4) termination or suspension of a drug or alcohol prevention or testing program or policy.

647    EMPLO

(b) A person may not br employer who has establis under AS 23.10.600 — 23 positive test result and the was in error and ignored th the truth or the wilful inte

(c) In a claim, including an employer's action was k

(1) there is a rebuttable complied with the provisio

(2) the employer is not false positive test result w

(d) A person may not bi taken related to a false ne

(e) A person may not l employer to establish a pr( drug testing or alcohol im

**Sec. 23.10.610. Limit:** bring an action for defai against an employer who ment testing under AS 2: testing unless

(1) the results of the authorized employee, age tested prospective emplo] the information;

(2) the information dis

(3) the false positive t

(4) all elements of an reputation as establishe(

**Sec. 23.10.615. Emp** — 23.10.699 by employe

**Sec. 23.10.620. Emp** may only carry out the t alcohol after adopting employees of the policy. ' policy to each employee the same manner as th including inclusion in a employees. The employ drug testing.

(b) The written polic (1) a statement of th( (2) a description of testing;

EXHIBIT A
Page 1 of 3

(2) "unpaid compensation" means the pay, salary, or allowances, or other compensation due on account of the services of the decedent for the state. (§ 1 ch 72 SLA 1964)

**Revisor's notes.** — In 1991, the reference in this section to AS 39.20.360 was substituted for a reference to AS 39.20.310 to correct a manifest error in ch. 72, SLA 1964.

## Article 5. Pregnancy, Childbirth, and Family Leave for Public Employees.

**Section**
500. Employment benefits and privileges for health and family care
510. Employee notice
520. Employee transfer

**Section**
530. Application to other laws
540. Investigation and conciliation of complaints
550. Definitions

**Cross references.** — For legislative findings and purpose related to the enactment of this article, see § 2, ch. 96, SLA 1992 in the Temporary and Special Acts.

**Sec. 39.20.500. Employment benefits and privileges for health and family care.** (a) An employer shall grant an employee whose health is affected by pregnancy, childbirth, or a related medical condition the same employment benefits and privileges that the employer grants to other employees with similar ability to work who are not so affected, including allowing the employee to take disability or sick leave or other accrued leave that the employer makes available to temporarily disabled employees.

(b) An employee is eligible to take family leave if the employee has been employed by the employer for at least 35 hours a week for at least six consecutive months or for at least 17 ½ hours a week for at least 12 consecutive months immediately preceding the leave. The leave may be unpaid leave. However, the employee may choose to substitute, or the employer may require the employee to substitute, accrued paid leave to which the employee is entitled. An employer shall permit an eligible employee to take family leave because of a serious health condition for a total of 18 workweeks during any 24-month period. An employer shall permit an eligible employee to take family leave because of pregnancy and childbirth or adoption for a total of 18 workweeks within a 12-month period; the right to take leave for this reason expires on the date one year after the birth or placement of the child. If the employee is entitled to a longer period of time under (a) of this section, then the longer period applies. An eligible employee is entitled to take family leave

(1) because of pregnancy and the birth of a child of the employee or the placement of a child, other than the employee's stepchild, with the employee for adoption; an employer may require that an employee using family leave under this paragraph take the leave in a single block of time;

(2) in order to care for the employee's child, spouse, or parent who has a serious health condition; in this paragraph, "child" includes the employee's biological, adopted, or foster child, stepchild, or legal ward; and

(3) because of the employee's own serious health condition.

(c) Notwithstanding (b) of this section, if a parent or child of two employees employed by the same employer has a serious health condition, the employer is not required to grant family leave to both employees simultaneously.

(d) During the time that an employee is on leave under this section, the employer shall maintain coverage under any group health plan at the level and under the conditions that coverage would have been provided if the employee had been employed continuously from the date the leave began to the date the employee returns from leave under (e) of this section. However, the employer may require that the employee pay all or part of the costs for maintaining health insurance coverage during a period of unpaid leave.

(e) Unless the employer'
or unreasonable, when an
shall restore the employee
(1) to the position of em
(2) to a substantially si
other terms and condition:
(f) This section does not
number of employees emp
including those employed
workweeks in which the
facilities. (§ 6 ch 96 SLA

**Revisor's notes.** — Formerl
numbered in 2002.
**Collateral references.** — A:

**Sec. 39.20.510. Emplo**
foreseeable based on an e:
supervision, the employee
need for leave in a manne
under that section is fores
employee shall also make
as not to disrupt unduly
health care provider of the
SLA 1992)

**Revisor's notes.** — Former.
numbered in 2002, at which tim

**Sec. 39.20.520. Empl**
fer to a suitable position t
person other than the req
the employee and the em
(1) it is an existing un!
employee is currently e:
employee's current positi
(2) transfer to the posi
(3) the employee is q
position; and
(4) the transfer will r
bargaining contract or er
(b) An employer shall
section at a rate at leas
compensation that apply
(1) the employee was
(2) the position into w
1992)

**Revisor's notes.** — Forme

[Left column — partial text from binding side:]

s, or other compensation
1 ch 72 SLA 1964)

correct a manifest error in ch.

**Leave for Public**

ier laws
l conciliation of complaints

in the Temporary and Special

for health and family
is affected by pregnancy,
it benefits and privileges
ty to work who are not so
ick leave or other accrued
ed employees.
ree has been employed by
tive months or for at least
ately preceding the leave.
ioose to substitute, or the
paid leave to which the
loyee to take family leave
eks during any 24-month
e family leave because of
weeks within a 12-month
te one year after the birth
r period of time under (a)
iployee is entitled to take

iloyee or the placement of
for adoption; an employer
iragraph take the leave in

t who has a serious health
ological, adopted, or foster

if two employees employed
nployer is not required to

section, the employer shall
d under the conditions that
mployed continuously from
om leave under (e) of this
? pay all or part of the costs
f unpaid leave.

(e) Unless the employer's business circumstances have changed to make it impossible or unreasonable, when an employee returns from leave under this section, the employer shall restore the employee

(1) to the position of employment held by the employee when the leave began; or

(2) to a substantially similar position with substantially similar benefits, pay, and other terms and conditions of employment.

(f) This section does not apply to an employer's small employment facility if the total number of employees employed within 50 road miles of the small employment facility, including those employed at the facility, was fewer than 21 during the 20 consecutive workweeks in which the employer employed at least 21 employees at all business facilities. (§ 6 ch 96 SLA 1992)

**Revisor's notes.** — Formerly AS 23.10.500. Renumbered in 2002.
**Collateral references.** — Adequacy of notice to employer of need for leave under Federal Family and Medical Leave Act 1993, 184 ALR Fed. 171.

**Sec. 39.20.510. Employee notice.** If the necessity for leave under AS 39.20.500 is foreseeable based on an expected birth or adoption or on planned medical treatment or supervision, the employee shall provide the employer with prior notice of the expected need for leave in a manner that is reasonable and practicable. If the necessity for leave under that section is foreseeable based on planned medical treatment or supervision, the employee shall also make a reasonable effort to schedule the treatment or supervision so as not to disrupt unduly the operations of the employer, subject to the approval of the health care provider of the employee or the employee's child, spouse, or parent. (§ 6 ch 96 SLA 1992)

**Revisor's notes.** — Formerly AS 23.20.510. Renumbered in 2002, at which time "AS 39.20.500" was substituted for "AS 23.10.500" to reflect the 2002 renumbering of AS 23.10.500.

**Sec. 39.20.520. Employee transfer.** (a) A pregnant employee may request a transfer to a suitable position under this section. An employer may not fill the position with a person other than the requesting employee until the employer has offered the position to the employee and the employee has refused the offer. A position is suitable if

(1) it is an existing unfilled position in the same administrative division in which the employee is currently employed and is less strenuous or less hazardous than the employee's current position;

(2) transfer to the position is recommended by a licensed health care provider;

(3) the employee is qualified and immediately able to perform the duties of the position; and

(4) the transfer will not subject the employer to legal liability under a collective bargaining contract or employment contract.

(b) An employer shall compensate an employee who receives a transfer under this section at a rate at least equal to the lesser of the rate, as adjusted by changes to compensation that apply generally to the work force, at which

(1) the employee was compensated immediately before requesting the transfer; or

(2) the position into which the employee transfers is compensated. (§ 6 ch 96 SLA 1992)

**Revisor's notes.** — Formerly AS 23.10.520. Renumbered in 2002.

**Sec. 39.20.530. Application to other laws.** (a) The provisions of AS 39.20.500 — 39.20.550 do not affect any other provision of law relating to sex discrimination, pregnancy, or parenthood.

EXHIBIT A
Page 3 of 3