Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> CSK AUTO, INC., <br><br> Defendant. | Case No. 4:06 - cv - 00020 (RRB) |

## OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Plaintiff Terry Smith ("Smith") has requested this Court to take judicial notice under Fed. R. Evid. 201 that 29 C.F.R. § 825.208(a) has not been repealed and is a valid regulation. Smith's request for judicial notice should be denied because: (1) these are not adjudicative facts that are proper subjects of judicial notice under Fed. R. Evid. 201; and (2) federal courts have held that 29 C.F.R. § 825.208(a) is either invalid, or its operation

is substantially circumscribed, by the Supreme Court's decision in Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002).

Fed. R. Evid. 201 specifically states that "[t]his rule governs only judicial notice of adjudicative facts." "Adjudicative facts are simply the facts of the particular case." See Fed. R. Evid. 201 advisory committee notes. They are "facts that normally go to the jury in a jury case [and] . . . related to the parties, their activities, their properties, their business." Qualley v. Clo-Tex Intern., Inc., 212 F.3d 1123, 1128 (8th Cir. 2000). By contrast, "legislative facts do not relate specifically to the activities or characteristics of the litigants" and are not proper subjects for judicial notice under Fed. R. Evid. 201. Id. The question of whether 29 C.F.R. § 825.208 is still a valid regulation is a legislative fact because it does not relate specifically to the facts of this case. It is therefore not a proper subject for judicial notice under Fed. R. Evid. 201.

Even if the status of 29 C.F.R. § 825.208 were a proper subject for judicial notice – which it is not – Smith's request would still be improper because 29 C.F.R. § 825.208 is not a valid regulation as written. 29 C.F.R. § 825.208 deals with notice to an employee of the designation of leave under the Family and Medical Leave Act ("FMLA"), and would in some cases require more than the requisite 12 weeks of leave if proper notice of the designation of leave as FMLA leave was not given. A similar regulation was struck down in Ragsdale, 535 U.S. at 81. Following Ragsdale, several courts have concluded that 29 C.F.R. § 825.208 is likewise invalid. See McGregor v. Autozone, Inc., 180 F.3d

1305, 1307-08 (11th cir. 1999) (finding 29 C.F.R. § 825.208 to be invalid and unenforceable); Donahoo v. Master Data Center, 282 F.Supp.2d 540, 555 (E.D.Mich. 2003) (29 C.F.R. § 825.208 likely invalid in light of Ragsdale); Farina v. Compuware Corp., 256 F.Supp.2d 1033, 1056 (D.Ariz. 2003) (after Ragsdale FMLA plaintiff must show detrimental reliance and prejudice in case alleging improper notice). The case upon which Smith relies, Plant v. Morton Intern., Inc., 212 F.3d 929 (6th Cir. 2000), was decided two years prior to Ragsdale, and therefore does not stand for the proposition that 39 C.F.R. § 825.208 is still a valid regulation following the Supreme Court's decision in Ragsdale.

## CONCLUSION

For the foregoing reasons, Smith's request for judicial notice should be denied.[1]

Dated this 16th day of March, 2007.

        DAVIS WRIGHT TREMAINE LLP
        Attorneys for Defendant CSK Auto, Inc.

By:   s/ Eric J. Jenkins
      Eric J. Jenkins, ABA# 0011078
      James H. Juliussen, ABA# 9211082
      701 W. 8th Ave., Suite 800
      Anchorage, AK 99501
      Phone: (907) 257-5300
      Fax: (907) 257-5399
      ericjenkins@dwt.com
      jimjuliussen@dwt.com

---

[1] CSK will seek sanctions under Fed. R. Civ. P. 11 against Smith if it continues to have to respond to frivolous pleadings.

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE      3
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 117342v1 0053870-000005

<u>Certificate of Service:</u>

I certify that on March 16, 2007, a true and correct copy of the foregoing Opposition to Request for Judicial Notice was served on the following via:

( X ) First Class Mail
(   ) Facsimile and Mail
(   ) Hand Delivery

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____s/ M. Kirsten Gustafson_____
       M. Kirsten Gustafson