UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

<u>  TERRY L. SMITH  </u>  v.  <u>  CSK AUTO, INC.  </u>

THE HONORABLE RALPH R. BEISTLINE

<small>CAREER LAW CLERK</small>                                         CASE NO.  <u>  4:06-CV-00020-RRB  </u>

<u> John W. Erickson, Jr. </u>                                DATE: March 27, 2007

PROCEEDINGS:   **MINUTE ORDER FROM CHAMBERS DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

---

Before the Court at Docket 47 is Plaintiff Terry L. Smith with a Motion for Leave to Amend Complaint; wherein, Plaintiff "seeks to amend his complaint to assert his [e]ighteenth claim . . . ."[1] Defendant CSK Auto, Inc. opposes at Docket 49.

Count XVIII of Plaintiff's proposed Amended Complaint (Docket 47-2) "seeks relief under [29 C.F.R. § 825.700(a)] for an alleged failure to inform [Plaintiff] of his rights under the Family and Medical Leave Act ("FMLA")."[2] "The U.S. Supreme Court, however, has declared 29 C.F.R. § 825.700(a) to be invalid . . . ."[3] Consequently, and inasmuch as "the only new claim [Plaintiff] seeks to assert by amendment is based upon a regulation that was struck down by the U.S. Supreme Court," Plaintiff's Motion for Leave to Amend Complaint at **Docket 47** is hereby **DENIED**.[4]

---

    [1]  Docket 49 at 2.

    [2]  <u>Id.</u> (citation omitted).

    [3]  <u>Id.</u> (quoting <u>Ragsdale v. Wolverine World Wide, Inc.</u>, 535 U.S. 81, 96 (2002)("These considerations persuade us that § 825.700(a) effects an impermissible alternation of the statutory framework and cannot be within the Secretary's power to issue regulations 'necessary to carry out' the Act under § 2654.").

    [4]  Moreover, even if Plaintiff's 29 C.F.R. § 825.700(a) claim were valid, which it is not, the Court notes "the deadline for motions to amend the pleadings was December 22, 2006." <u>Id.</u>  As a result, the Court further concludes the motion is untimely.