Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RECEIVED
MAR 2 3 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>Plaintiff<br><br>Vs.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE     Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

### REPLY TO NOTICE OF JUDICIAL NOTICE

Plaintiff Terry L. Smith, Files his reply to the Court to take notice, as this is a proper Subject to take notice as it is part of Plaintiff issue under the FMLA Which is a valid reason to take such notice as it is for a jury to decide A Question of Facts and The wrong acts that Defendants used in terminating a injured employee while he is protected under the workers compensation act and the FML Act. And in fact that under the F.M.L. Act. 29.C.F.R.§ 825.208(a) has not been repealed nor has it been removed from the F.M.L Act And is valid and has been declared by the solicitor general as valid as the solicitor general was a amicus curiae in the Ragasdale case and stated the D.O.L. regulation are reasonable, and have not changed since the Ragasdale decision. Even the Sixth Circuit has enforced the regulation in <u>Plant V. Morton Int'l Inc.</u> 212 F.3d 929(6th Cir. 2000) (distinguishing between notice requirements for paid as opposed to unpaid leave but

1

appearing to uphold both 29 C.F.R. §§ 825.208(c) and 825.700(a) as valid exercises of regulatory power); **Ritchie v. Grand Casinos of Mississippi, Inc.**, 49 F.Supp.2d 878 (S.D. Miss. 1999) (holding that the DOL's regulations appropriately "filled the gaps" of the FMLA); **Chan v. Loyola Univ. Med. Ctr.**, 1999 WL 1080372 (N.D. Ill. 1999) (same).[Plaintiff issues are unlike **McGregor v. AutoZone Inc.**, 180 F.3d 1305, (11th cir.1999 As the Court Stated in **Plant V. Morton Int'l Inc.**212 F.3d 929(6th Cir. 2000) Which cited and stated We therefore disagree with **McGregor v. AutoZone Inc.**, Rather, we conclude that those regulations are valid and forbid employers from retroactively designating FMLA leave if they have not given proper notice to their employees that their statutory entitlement period has begun to run. The Supreme Court in the Ragasdale case stated [**In so holding we do not decide whether** the notice and designation requirements are themselves valid Quoting From the Ragsdale opinion] This Court must take notice of such facts that the regulation has not been removed and is a valid regulation and has been declared by the solicitor general as valid. For such reasons the court must take proper notice as fact and that the FMLA regulations are intact and nothing has been removed or Amended and changed since its inception and their fore it relates to Plaintiffs issues under the FML Act.

Respectfully Submitted,

Terry L. Smith Pro Se.

Dated This 23 Day Of MAR ,2007

## CERTIFICATE OF SERVICE
Case 4:06-cv-00020-RRB

I Certify that a Copy of the forgoing Document was served on the 25 Day Of MAR _____,2007 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[X] FIRST CLASS MAIL
[] FACSIMILE AND MAIL
[] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468

_____
Terry L. Smith Pro Se
P.O. Box 60882
Fairbanks, Alaska 99706-0882

CERTIFICATE OF SERVICE