Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907) 488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>Plaintiff<br><br>Vs.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE   Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

## OPPOSITION TO MOTION TO HAVE REQUEST FOR ADMISSION DEEMED ADMITTED

Plaintiff Terry L. Smith files his opposition pursuant to Fed.R. Civ. P. 36 (b) 37 (c)(2)(d) as There is a question of law that has to be answered as Plaintiff has filed Motion for leave to amend complaint, which led to the defendants to file an opposition to plaintiffs motion to amend when under the Federal rules 15 Amendments should be freely given when justice so requires the leave sought should, as the rules require, be freely given" **Foman v. Davis** 371 U.S. 178, 182 (1962) We expressly adopted this interpretation of Rule 15 See e.g., **Siemion v. Rumfelt.** 825 P.2d 896, 898 (Alaska 1992). This motion to have Plaintiff force feed admissions when Plaintiff cannot answer as there is a question of Law that has to be ruled upon which would change Plaintiffs answers See: **Wimberly v. Derby Cycle Corp.** (1997), 56 Cal.App.4th 618 [Cannot force admission] as This is

1

what Defendants are doing forcing Plaintiff to Admit to their Mistakes and to Justify to the court that the request for admission to be deemed admitted as defendant knows that there is a question of law on a Motion to amend Plaintiffs complaint to confer with the Illegal acts of defendants under the FML Act.(29 U.S.C. 2601 et seq.).

## BACKGROUND

Plaintiff never received a request for Admission until January 25 2007 which at that time defendants were to give full disclousure to Plaintiff which was never given to Plaintiff as their answer was Privileged as to all of Plaintiff request. Plaintiff on January 31 2007 filed a motion to amend complaint which would have altered Plaintiffs request for admission which Plaintiff cannot answer as there is a question of law pending before the court as to Plaintiff amending his complaint to confer with the illegal actions of the defendants. Pursuant to and under the FML Act.(29 U.S.C. 2601 et seq.).

The fact that there is a question of law that has to be answered which leads to the illegal acts of defendants by their misuse of the FML Act.(29 U.S.C. 2601 et seq.). and Plaintiff has brought forth those acts by amendment of his complaint. Which at this time Plaintiff is waiting on the court to rule on the amendment of his complaint which there is a legal question under the FML Act as to Defendants not giving Plaintiff proper notice as to when FMLA leave should have been granted when their was no indication as to when plaintiff was to return to work and with out notice violated plaintiffs protected rights while he was under the protection of the workers compensation act and the family medical leave act. It is imperative that this court deny defendants motion to have requested for admission deemed admitted as they have failed to produce such evidence that Plaintiff has even disregarded a request for admission when there is a legal question

to be answered as to Plaintiff has requested to amend his complaint under Fed Civ R. 15. For the fore going reasons this court should deny defendants forced admission on to Plaintiff as there is by their misuse of the FML Act.(29 U.S.C. 2601 et seq.).

Respectfully submitted,

Terry l. Smith Pro Se.

Dated This 23 Day Of MAR ,2007

3