RECEIVED
MAR 2 3 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> CSK AUTO, INC., <br><br> Defendant. | Case No. 4:06-cv-00020 (RRB) |

RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR DISCOVERY

Defendant CSK Auto, Inc. ("CSK") responds to Plaintiff Terry L. Smith's ("Smith") Second Request for Discovery as follows:

GENERAL OBJECTIONS

1.  **Privilege.** CSK objects to plaintiffs' discovery requests to the extent they seek information subject to any claim of privilege including, without limitation, the attorney-client privilege, a settlement privilege, the work product doctrine, or any other statutory, common law or regulatory protection or proscription against disclosure. Any

EXH A

discovery request that encompasses privileged information is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

2. **Obligations Beyond Civil Rules.** CSK objects to plaintiff's discovery requests and "Answering Guidelines" to the extent they attempt to impose obligations upon CSK that are beyond the scope of and not contemplated by the Civil Rules. In particular, and without waiving the generality of the foregoing, CSK objects to any request for production that seeks the production of information that is not contained in an existing document or other format that can be made available for inspection and copying, but would require creation of a new document to respond to the discovery request.

3. **Requests Pertaining to Dismissed Claims.** CSK objects to any requests for discovery that seek information pertaining to Smith's Workers Compensation proceeding, or which seek information that bears no reasonable relationship to claims that remain in this matter. Such requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4. **No Waiver.** By responding to plaintiff's particular discovery requests, CSK does not waive the foregoing General Objections. Similarly, by stating a specific objection in response to a particular discovery request, CSK does not waive the foregoing General Objections.

REQUEST FOR ADMISSION NO. 1: Admit that you Csk Auto Inc. never intend to retain Plaintiff injured Employee. And Why Not? And from whom you took such advice from?

CSK'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS    2
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 114774v1 0053870-000005

RESPONSE: CSK objects to Request for Admission No. 1 on the grounds that it is vague and ambiguous, and improperly attempts to combine interrogatories with requests for admission. Without waiving any objections, Request for Admission No. 1 is DENIED.

REQUEST FOR ADMISSION NO. 2: Admit that you Csk Auto Inc, took the advice from third party insurance adjuster not to retain Plaintiff injured Employee. Please name the adjuster involved.

RESPONSE: CSK objects to Request for Admission No. 2 on the grounds that it is vague and ambiguous, and improperly attempts to combine interrogatories with requests for admission. Without waiving any objections, Request for Admission No. 2 is DENIED.

REQUEST FOR ADMISSION NO. 3: Admit that you Csk Auto Inc. that you could have retrained Plaintiff injured Employee and why YOU DID NOT.

RESPONSE: CSK objects to Request for Admission No. 3 on the grounds that it: (1) is vague and ambiguous; (2) improperly attempts to combine interrogatories with requests for admission; and (3) is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Request for Admission No. 3 is DENIED.

CSK'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS   3
Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)
ANC 114774v1 0053870-000005

REQUEST FOR ADMISSION NO. 4: Admit that you Csk Auto Inc. never offered to Retrain / retain Plaintiff injured employee and why not? And by whos recommendation?

RESPONSE: CSK objects to Request for Admission No. 4 on the grounds that it: (1) is vague and ambiguous; (2) appears to relate to reemployment benefits that were settled in Smith's workers compensation proceeding; (3) improperly attempts to combine interrogatories with a request for admission; (4) is not reasonably calculated to lead to the discovery of admissible evidence; and (5) presents a compound question. Without waiving any objections, and insofar as CSK understands the intent of Request for Admission No. 4, Request for Admission No. 4 is DENIED.

REQUEST FOR ADMISSION NO. 5: Admit that you Csk Auto Inc, under the associates policy manual does not state that termination will result for being injured while being under the workers compensation act and the F.M.L.A..

RESPONSE: CSK objects to Request for Admission No. 5 on the grounds that it is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, CSK admits only that its employee handbook does not make the statement referenced in Request for Admission No. 5.

CSK'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS    4
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 114774v1 0053870-000005

REQUEST FOR ADMISSION NO. 6: Admit that you Csk Auto Inc. [Your Hand book] The associate hand book is Genuine as to its context.

RESPONSE: CSK objects to Request for Admission No. 6 on the grounds that it is vague and ambiguous. In particular, CSK does not know what Smith means by "Genuine as to its context." Without waiving any objections, CSK admits only that the handbook it has produced in discovery, Bates nos. CSK 0089 – 0136, is a true and correct copy of the handbook that was in effect during the terms of Smith's employment with CSK.

REQUEST FOR ADMISSION NO. 7: Admit that you Csk Auto Inc. Could have but did not make reasonable accommodations for injured Plaintiff employee as required by federal and state law. If so what were the accommodations. Please explain?

RESPONSE: CSK objects to Request for Admission No. 7 on the grounds that it is (1) vague and ambiguous; (2) presents a compound question; (3) incorrectly interprets the requirements of federal and state law; (4) is not reasonably calculated to lead to the discovery of admissible evidence; and (5) improperly combines interrogatory questions with a request for admission. Without waiving any objections, Request for Admission No. 7 is DENIED.

REQUEST FOR ADMISSION NO. 8: Admit that you Csk Auto Inc. Failed to inform Plaintiff employee of his rights to F.M.L.A. Benefits while Plaintiff employee is under the workers compensation act.

RESPONSE: CSK objects to Request for Admission No. 8 on the grounds that it is vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and incorrectly assumes that Smith met the statutory requirements for receipt of benefits under the FMLA. Without waiving any objections, Request for Admission No. 8 is DENIED.

REQUEST FOR ADMISSION NO. 9: Admit that you Csk Auto Inc. did not use good faith or fair dealing in terminating an Injured Employee In violation of public policy while under the workers compensation act in violation of the fmla act. And why Not?

RESPONSE: CSK objects to Request for Admission No. 9 on the grounds that it: (1) is vague and ambiguous; (2) presents a compound question; and (3) improperly assumes that CSK violated various legal obligations. Without waiving any objections, Request for Admission No. 9 is DENIED.

INTERROGATORY NO. 1: Please state the reason why [you] Csk Auto Inc. did not retrain injured Plaintiff employee as per policy manual. Not to Discriminate. Please state all factual bases for your decision. AND WHOM MADE THAT DECISION?

CSK'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS    6
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 114774v1 0053870-000005

RESPONSE: CSK objects to Interrogatory No. 1 on the grounds that it is: (1) vague and ambiguous; (2) overly broad; (3) not reasonably calculated to lead to the discovery of admissible evidence; and (4) mischaracterizes CSK's policies. Interrogatory No. 1 also appears to relate to reemployment benefits that are the subject of Smith's workers' compensation proceedings and are therefore not an appropriate subject for discovery in these proceedings. Without waiving any objections, CSK was under no obligation to retrain Smith, and any reemployment benefits claimed by Smith were resolved in his workers' compensation proceeding. The compromise and release agreement entered into between Smith and CSK was a mutual decision of both parties. Smith's representations regarding his physical condition would also preclude him from performing the essential functions of any job available at CSK in the region where Smith resides.

INTERROGATORY NO. 2: Please state the reason why [you] Csk Auto Inc. did not move injured employee to a different department. Please state all factual bases for this. And whom made that decision.

RESPONSE: Same objections as to Interrogatory No. 1. See response to Interrogatory No. 1.

INTERROGATORY NO. 3: Please state the reason why [you] Csk Auto Inc. why you failed in your policys under EQUAL EMPLOYMENT OPPORTUNITY?

RESPONSE: CSK objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous and incorrectly assumes that CSK failed to fulfill some duty or obligation to Smith. Without waiving any objections, CSK has not failed to fulfill any duty or obligation owed to Smith.

INTERROGATORY NO. 4: Please state the reason why [you] Csk Auto Inc. should not be held liable for Plaintiffs injuries since it was your safety equipment that failed causing grievous injury to plaintiff.

RESPONSE: CSK objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and is relevant, if at all, only to claims that have already been dismissed multiple times by the court.

INTERROGATORY NO. 5: Please Identify what jobs are available to injured employees with back injuries and why [you] Csk Auto Inc, failed Equal Employment Opportunities to disabled employees.

RESPONSE: CSK objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous; improperly assumes that CSK failed in some duty or responsibility owed to Smith; and constitutes two distinct interrogatories. Without waiving any objections, the types of jobs that would be available to an employee with a back injury would depend upon

CSK'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS    8
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 114774v1 0053870-000005

the type and severity of the injury. CSK did not fail to fulfill any duty or responsibility owed to Smith.

REQUEST FOR PRODUCTION NO. 1: Produce all corporate policy manuals any and all Policy manuals, 1. Corporate manuals, 2. Benefits manuals, 3. Human resource manuals, 4. Operation Policy Manuals, 5. Operations Manuals Complete Procedures Manuals, 6. Complete Policy Manuals, 7. Complete Benefits Manuals, 8. Complete Benefits Plan Documents, 9. Complete Equal Employment Opportunity Policy Manuals, 10. Complete Discrimination Policy Manuals, 11. Complete Health Care Benefits Policy Manuals, 12. Complete Documents this also to include any and all electronic transmission emails all notes any and all communication between any entity and any third party contacts to include any and all insurance company's, and or adjusters.

RESPONSE: CSK objects to Request for Production No. 1 on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, CSK has produced its employee handbook and equal employment opportunity policy. Produced herewith are documents describing employment benefits elected by Smith. See Bates Nos. CSK 0137-0145 herewith.

REQUEST FOR PRODUCTION NO. 2: Produce all names of employees who have back injuries that are retained by Csk Auto Inc. and what positions they held.

RESPONSE: CSK objects to Request for Production No. 2 on the grounds that it is vague and ambiguous; fails to describe the documents sought with reasonable particularity; and is not reasonably calculated to lead to the discovery of admissible evidence. CSK further objects to Request for Production No. 2 on the grounds that complying with the request for production would violate the privacy rights of CSK's present and former employees.

REQUEST FOR PRODUCTION NO. 3: Please produce the names of employees in your mailing list stored on company hard drive computers: as these are witness and will be called:

RESPONSE: Same objections as to Request for Production No. 2. See response to Request for Production No. 2.

REQUEST FOR PRODUCTION NO. 4: Please produce all documents faxes email and any correspondents notes any communications between you Csk Auto Inc. and the Insurance Adjuster and carrier in Plaintiffs workers compensation issue.

RESPONSE: CSK objects to Request for Production No. 4 on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, not reasonably calculated to

lead to the discovery of admissible evidence, and seeks documents related to Plaintiff's workers compensation proceeding that are not appropriate for discovery in this matter.

REQUEST FOR PRODUCTION NO. 5: Please produce all documents of Employee Plaintiffs Complaints to Human resource department concerning his injuries.

RESPONSE: CSK objects to Request for Production No. 5 on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

DATED this 29th day of January, 2007.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: _____
Eric J. Jenkins, ABA# 0011078
James H. Juliussen, ABA# 9211082
701 W. 8th Ave., Suite 800
Anchorage, AK  99501
Phone: (907) 257-5300
Fax: (907) 257-5399
ericjenkins@dwt.com
jimjuliussen@dwt.com

## VERIFICATION

STATE OF ARIZONA      )
                      ) ss.
COUNTY OF MARICOPA    )

_Angelica Fish_____, being first duly sworn, on oath deposes and says that (s/he) is the _Sr. Legal Assistant_ of CSK Auto, Inc., the defendant herein; that (s/he) is authorized to, and hereby does, make this verification for and on behalf of said corporation; and that (s/he) has read the within and foregoing Responses to Plaintiff's First Requests for Discovery, knows the contents thereof, and believes the same to be true.

_/s/ Angelica Fish_

SUBSCRIBED AND SWORN TO before me this _29th_ day of _January_, 2007.

_/s/ Karen Etchechury_
Notary Public in and for Arizona
My commission expires: _2/7/07_

KAREN ETCHECHURY
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
FEBRUARY 7, 2007

Certificate of Service:

I certify that on _Jan 31st_, 2007, a true and correct copy of the foregoing document was served on the following via:

(X) First Class Mail
(  ) Facsimile and Mail
(  ) Hand Delivery

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _/s/ Janet Eastman_
    Janet Eastman

CSK'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS    12
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 114774v1 0053870-000005

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399