Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH )<br>            Plaintiff, )<br>            )<br>   v. )<br>            )<br>CSK AUTO, INC., )<br>            Defendant. )<br>            ) | Case No. 4:06-cv-00020 (RRB) |

## MOTION FOR SUMMARY JUDGMENT

I.   INTRODUCTION

CSK Auto, Inc. ("CSK") moves for summary judgment on all remaining claims asserted by Plaintiff Terry L. Smith ("Smith") in his Amended Complaint. Smith's remaining claims include Count XIII, which asserts violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et. seq. (the "FMLA"), and Count XVI, which asserts a claim for retaliatory discharge. Each of these claims fails for any one of several independent reasons:

*First*, Smith was not a covered employee under the FMLA, and therefore cannot bring a claim under that statute;

*Second*, even if he were a covered employee, Smith received all of the benefits to which he would have been entitled under the FMLA;

*Third*, Smith is barred from bringing a claim for wrongful discharge because he contends he has been unable to perform any work since 2001;

*Fourth*, CSK took no actions with respect to Smith that could support a claim for retaliatory discharge; and

*Fifth*, Smith's claims are barred by the applicable statutes of limitations.

The claims asserted by Smith have no basis in law or fact, and Smith's Amended Complaint should therefore be dismissed with prejudice.

## II.   BACKGROUND

Smith is a former employee of CSK who worked as a delivery driver in Fairbanks, Alaska before suffering a workplace injury. Smith began his employment with CSK on August 23, 2000, and suffered his workplace injury on March 29, 2001. Affidavit of JoAnn Hinson ("Hinson Affid.") filed herewith at para. 2. Following his injury, Smith performed some intermittent work for CSK but ultimately contended that his injuries prevented him from working. Excerpts from the September 24, 2004 Deposition of Terry Smith ("Smith

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Depo") at p.8 (Exhibit A hereto).[1] The last day that Smith performed any services for CSK was July 3, 2001. Hinson Affid. at para. 2 and Exh. A thereto at p.9.

Since sustaining his workplace injury in 2001, Smith has not applied for a single job with any employer. Request for Admission No. 3.[2] Rather, Smith has repeatedly asserted, in affidavits filed with the Alaska Superior Court and the Alaska Supreme Court that he is unable to perform any work. See Affidavit of Counsel ("Counsel Affid.") filed herewith at paras. 2-4 and Exhs. A-C thereto. Smith likewise represented, when deposed on September 24, 2004, in another case against CSK that his injuries have prevented him from working since 2001:

> Q.  Have you held any employment of any kind since August of 2001?
> A.  No.
> Q.  And why not?
> A.  Because I have a grievous injury.
> Q.  So you're unable to work?
> A.  Yes, that's correct.

Smith Depo at p.8. At no time since Smith last performed work for CSK in July 2001, has Smith sought reemployment with CSK. Request for Admission Nos. 4-6.

While seeking damages in this action for wrongful discharge, Smith has simultaneously been representing in his workers compensation proceeding that he is totally

---

[1] This deposition was taken in a different case against CSK entitled Keith Howell et. al. v. CSK Auto, Inc., Case No. 3AN-00-12331 CI, Superior Court for the State of Alaska, Third Judicial District at Anchorage.

[2] A copy of CSK's Requests for Admission is attached hereto as Exhibit B. As per this Court's April 9, 2007 Minute Order Granting Motion at Docket 56 (Docket 73), CSK's Requests for Admission are deemed admitted.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION FOR SUMMARY JUDGMENT          3
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 112344v2 0053870-000005

disabled and entitled to benefits for permanent total disability.  In a December 31, 2004 pleading that Smith filed in his workers' compensation proceeding, Smith stated unequivocally that his injuries had prevented him from working since 2001:

> The fact that Employee Terry L. Smith did not know the extent of his injuries at the time the c&r was fraudulently induced upon him which **to this day Employees injuries have kept him from the job market since 3-29-01** and the fact that Attorney Robert Griffin thru employer . . . thru the Discovery process hindered this process by hiding relevant information as to **Employees grievous injury which kept Employee from the job market** [sic].

Petition to Vacate C&R (filed December 31, 2004) in Workers Compensation Proceeding attached as Exhibit A to the Affidavit of Joseph Nassar ("Nassar Affid.") filed herewith (emphasis added) at p.2.  On November 3, 2005, Smith filed a Petition for Permanent Total Disability under AS 23.30.180.  In that Petition, Smith again asserted that his injury of March 29, 2001 resulted in total permanent disability.  Nassar Affid. at para. 3 and Exh. B thereto at pp. 2, 4.

Notwithstanding the fact that Smith was unable to return to work after July 3, 2001, CSK did not terminate Smith.  Rather, CSK continued to list Smith as an employee and maintained Smith's employee benefits <u>at CSK's expense</u> for nearly one full year after he last performed work for CSK.  Hinson Affid. at para. 4.  On April 18, 2002, nine months after Smith went out on leave, CSK sent Smith a letter informing him that he was responsible for paying his insurance contributions (that would normally be deducted from his paycheck) while he was on leave and not receiving a paycheck from the company.  Hinson Affid. at

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

para. 3 and Exh. C thereto. The letter stated the amounts he would have to pay each month to continue his insurance, and the address to which payments had to be directed. Smith did not pay the required contributions. Id. at para. 4. On June 6, 2002, eleven months after Smith last performed work for CSK, CSK sent Smith a second letter by certified mail stating that Smith's insurance could not be maintained past June 30, 2002 unless he made required payments. Id. at para. 4 and Exhs. D and E thereto. Smith did not make the required payments and his coverage was terminated on July 1, 2002. Id. at para. 4.

Smith no longer works at CSK because, by his own representations, he cannot work, and has not been able to perform any work since 2001. Exhs. A-C to Counsel Affid.; Smith Depo. at p.8; Exhs. A&B to Nassar Affid. It appears that Smith's claim is that CSK should have continued to list him as an employee of the company even though he cannot work. Although under no obligation to do so, that's essentially what CSK did. At the time Smith filed this action in August 2004 claiming wrongful termination, Smith was still listed on CSK's records as an employee of CSK. Nassar Affid. at paras. 3-4; Hinson Affid. at para. 5. Smith acknowledged in his September 2004 deposition – taken one month after Smith filed this action – that he could not recall ever having received notice from CSK that his employment was terminated. Smith Depo. at p.8.

Smith's complaint in this matter asserts a host of claims, many of which have been dismissed multiple times by the Court. In its order dated September 29, 2006 (Docket 35), this Court held that the only claims in Smith's Amended Complaint that could go forward in

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION FOR SUMMARY JUDGMENT   5
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 112344v2 0053870-000005

this matter are Count XIII and Count XVI.  Count XIII asserts claims for violation of the Family and Medical Leave Act ("FMLA").  Count XVI asserts a claim for retaliatory discharge.  See Amended Complaint (Docket 18) at paras. 6, 9.

III.     ARGUMENT

Neither of Smith's remaining claims can be reconciled with the undisputed facts, and each fails as a matter of law for multiple reasons.  Smith was actively employed for less than one year by CSK prior to going out on leave, and therefore is not a covered employee under the FMLA.  Even if Smith were a covered employee, Smith received far more generous benefits than he would have been entitled to under that statute.  Indeed, CSK maintained Smith's benefits at its own expense for one year after his injury.  Smith's claim of retaliatory or wrongful discharge fails as a matter of law because Smith has repeatedly asserted that he is incapable of performing any work, let alone returning to his position as a delivery driver.  CSK not only complied with all legal requirements applicable to Smith's employment, but its actions went well beyond that which was required by law.  Summary judgment should be granted in favor of CSK, and this matter brought to a conclusion.

A.     Smith is Not a Covered Employee Under the FMLA.

Count XIII of Smith's Amended Complaint alleges a claim for violations of the FMLA.  No facts are alleged in support of that claim.  Count XIII fails as a matter of law because Smith did not satisfy the statutory requirements for coverage under the FMLA, and therefore cannot bring a claim under that statute.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

29 U.S.C. § 2611(2)(A) defines an "eligible employee" for purposes of the FMLA as:

> an employee who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1250 hours of service with such employer during the previous 12-month period.

An employee who goes out on leave prior to having worked a full twelve months is not a covered employee under the FMLA even though the employee's termination occurs more than twelve months after the employee commenced employment:

> The question here boils down to whether Willemssen's eligibility for coverage under the twelve-month requirement of the FMLA should be determined as of the date on which she first took the leave in question (i.e., either June 1, 2001, or June 11, 2001), or as of the date on which she was terminated (i.e., August 31, 2001). If the applicable date is the former, Willemssen would not have been an eligible employee under the FMLA because she had not yet fulfilled the twelve-month requirement . . . Because Willemssen was not an 'eligible employee' on the date her leave commenced, she was not entitled to the protections of the FMLA even though the leave extended beyond the end of the twelve-month eligibility period.

Willemssen v. Conveyor Co., 359 F.Supp.2d 813, 818-19 (N.D. Iowa 2005).

Smith began his employment with CSK on August 23, 2000. Hinson Affid. at para. 2 and Exh. A thereto at p.1.; Smith Depo. at p. 6. Smith suffered his workplace injury on March 23, 2001. Hinson Affid. at para. 2; Smith Depo. at p.6. The last day that Smith performed any work for CSK was July 3, 2001. Hinson Affid. at para. 2 and Exh. A thereto at p. 9. Smith went out on leave beginning on July 9, 2001, and has performed no work for

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

CSK since that date. Id. at para.2 and Exh. B thereto. Indeed, the damages calculations supplied by Smith in this matter state that he was terminated by CSK in "Mid June 2001." See Exhibit I to Smith's "Corrected Initial Disclosures" dated December 19, 2006 and filed as Exhibit D to the Affidavit of Counsel in Support of Motion for Summary Judgment ("Counsel Affid.") filed herewith.

To be an "eligible employee" under 29 U.S.C § 2611(2)(A), Smith would have had to have been actively working for CSK on August 23, 2001, the one-year anniversary of the commencement of his employment with CSK. Smith claims he was terminated in Mid-June 2001, and CSK shows that his last date of active-duty employment before going out on leave was July 3, 2001. Hinson Affid. at para. 2 and Exhs. A & B thereto. Regardless of which date is used, there is no dispute that Smith began his leave before working the twelve-month period required by 29 U.S.C. § 2611 for eligibility under the FMLA. Consequently, Smith did not satisfy the requirements for coverage under the FMLA and his claims under that statute (Count XIII) fail as a matter of law.

B.  <u>Smith Received All the Benefits That He Would Have Been Entitled to Had He Been an Eligible Employee Under the FMLA</u>.

Even if Smith had been an "eligible employee" under the FMLA, Smith would still have no claim under that statute because he received all of the benefits provided by the FMLA. Smith received more than the twelve weeks of leave to which eligible employees under the FMLA are entitled, and his benefits were maintained for nearly nine

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION FOR SUMMARY JUDGMENT    8
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 112344v2 0053870-000005

months longer than is required by the FMLA.  Consequently, Smith would have no basis for a claim under the FMLA even if he were an eligible employee covered by that statute.

Under 29 U.S.C. § 2612, an eligible employee is entitled to a total of 12 workweeks of leave during any 12-month period for a serious health condition that makes the employee unable to perform the functions of the position of such employee.  If the employee is unable to return to his or her job at the end of the 12-week period, the employee has "no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214(b).  During the twelve-week leave period, an employer is required to maintain the employee's group health plan under the same conditions that coverage would have been provided if the employee had been continuously employed during the entire leave period.  See 29 C.F.R. § 825.209 (a); 29 C.F.R. § 825.210.  An employee's entitlement to benefits other than group health during the twelve-week leave period is determined by the employer's established policy for providing such benefits.  See 29 C.F.R. § 812.209(h).

Smith's last day of active employment with CSK before going out on leave was July 3, 2001.  Hinson Affid. at para. 2.  If Smith were an "eligible employee" under the FMLA, he would have been entitled to twelve weeks of unpaid leave, and to the maintenance of his group health insurance during that leave period on the same terms as if he had been actively employed.  29 U.S.C. § 2612; 29 C.F.R. § 825.209-210.  If at the end of the twelve-week period, Smith was unable to perform an essential function of his former job, Smith would have had "no right to restoration to another position under the FMLA" and could be

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

terminated. Reynolds v. Phillips & Temro Industries, Inc., 195 F.3d 411, 414 (8th Cir. 1999); 29 C.F.R. § 825.214(b). An employer is "not required to hold an employee's position open beyond the 12-week period when the employee is unable to return to work at its expiration." Cormier v. Littlefield, 112 F.Supp.2d 196, 200 (D.Mass. 2000). Smith's FMLA leave, and his right to these benefits, would have expired on September 25, 2001, twelve weeks after July 3, 2001. 29 U.S.C. § 2612.

Smith did not return to work in September 2001, and has been claiming for the last six years that he is incapable of performing any work whatsoever. Smith Depo. at p.8; Exhibits A-C to Counsel Affid. Nevertheless, CSK did not terminate Smith in September 2001, nor did it terminate his benefits. Instead, and even though it was under no obligation to do so, CSK maintained Smith's benefits at its own expense until July 1, 2002, nine months longer than would have been required under the FMLA if Smith were an eligible employee. Even then, CSK cancelled Smith's benefits only after sending him two letters giving him an opportunity to maintain his benefits by simply paying his required employee contributions. Hinson Affid. at paras. 3-4 and Exhs C-D thereto.

If Smith were an eligible employee under the FMLA, his right to reinstatement to his former position would also have expired in September 2001. Reynolds, 195 F.3d at 414; 29 C.F.R. § 825.214(b). It is undisputed that Smith did not seek to return to his employment during that period, and has maintained ever since going out on leave that he cannot work. Request for Admission Nos. 4-6; Smith Depo. at p.8; Exhibits A-C to Counsel Affid.

MOTION FOR SUMMARY JUDGMENT                 10
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 112344v2 0053870-000005

Based on these undisputed facts, Smith can assert no claim under the FMLA that CSK improperly violated his leave rights. Indeed, since Smith claims his injuries have left him unable to perform any work for nearly five years, he would have no claim for violation of the right to reinstatement under the FMLA even if CSK had terminated him during his first twelve weeks of leave – which it did not.

> [I]f an employer terminates an employee during the twelve weeks but the employee would not have been able to return to work at the end of the twelve weeks in any event, the employer has not violated the FMLA.

Katekovich v. Team Rent a Car of Pittsburgh, Inc., 36 Fed.Appx. 688, 690 (3rd Cir. 2002). See also Cehrs v. Northeast Ohio Alzheimer's Research Center, 155 F.3d 775, 785 (6th Cir. 1998) (to permit a cause of action for wrongful termination where the employee "was clearly unable to return to work within the period provided by the FMLA" would "elevat[e] form over substance").

Smith received all of the benefits he would have been entitled to under the FMLA despite the fact that he was not even an eligible employee under that statute. Smith's claim under the FMLA fails as a matter of law.

### C. Smith Can Bring no Claim for Retaliatory Discharge Because Smith Claims He Is Incapable of Performing Any Work.

Count XVI of Smith's Amended Complaint is entitled "Retaliatory Discharge – Mixed motive," and alleges that "Defendant Csk Auto used falsified information from third party to make their decision in Not retaining Plaintiff as to his injuries [sic]." Amended

MOTION FOR SUMMARY JUDGMENT                                      11
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 112344v2 0053870-000005

Complaint at para. XVI.  Whatever the factual or legal basis for Count XVI may be – and neither has been articulated by Smith – the undisputed facts confirm that Smith's claim fails as a matter of law.  Smith has repeatedly stated, in sworn affidavits, pleadings, and other papers, that his injuries have kept him from holding any employment for over six years.  That being the case, Smith cannot state a claim for wrongful termination.

It is axiomatic, and common sense mandates, that an employee who can no longer work due to a serious injury cannot bring a claim for retaliatory discharge:

> When the injured person cannot work at all, however, the prospect of discharge does not discourage an application for [workers' compensation] benefits.  The employee has nothing to lose; whether or not she applies, there will be no job . . . Changes attributable to the disability cannot be characterized as "retaliation"; they are assumptions from which the rules proceed.  McEwan has not cited, and we could not find, any case (in Illinois or any other state) holding that employers must retain totally disabled workers, or even that they must offer injured persons alternative employment commensurate with their reduced capabilities . . . Inability to work was a sufficient condition of Delta's action, precluding recovery under state law.

McEwen v. Delta Air Lines, Inc., 919 F.2d 58, 60-61 (7th Cir. 1990).  The Kansas Court of Appeals reached the same conclusion in Rowland v. Val-Agri, Inc., 766 P.2d 819, 822 (Kan.App. 1988):

> If this court allows Rowland to pursue his claim for retaliatory discharge in addition to his workers' compensation remedy, a disabled employee, who has received compensation for a permanent injury and cannot return to employment, will also be able to file an action in tort for retaliatory discharge against his or her former employer if another position cannot be found which the employee can fill.  This result is not indicated by

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

> either *Murphy* or *Coleman* and would insure two recoveries in every case where an injured worker was unable to return to his or her former employment.

Relying upon Roland, the U.S. District Court for the District of Kansas likewise held in Rosas v. IBP, Inc., 869 F.Supp. 912, 917 (D.Kann. 1994), that:

> [e]ven if [the] plaintiff were able to establish by clear and convincing evidence that a causal nexus existed between her protected activity and her termination, plaintiff's claim of retaliatory discharge would still fail as matter of law . . . an employee, who because of his physical condition [i]s incapable of performing the duties of his job, d[oes] not state a cause of action for retaliatory discharge.

See also Kopacz v. Day Kimball Hospital of Windham County, Inc., 779 A.2d 862, 866 (Conn.App.2001) ("§31-290(a), like its counterpart in other workers' compensation schemes, does not require an employer to retain an employee unable to perform his or her work simply because that inability resulted from a work related injury or illness") (citing cases); Hines v. United Parcel Service, Inc., 736 F.Supp. 675, 678-79 (D.S.C. 1990) ("Section 41-1-80 and statutes like it do not, however, require an employer to retain an employee who can no longer perform the duties of her job simply because her inability to perform the duties results from an on-the-job injury") (citing cases).

Smith has held no job since his last day of active employment with CSK in July 2001, he has applied for no positions, and he has not sought reemployment with CSK. Requests for Admission Nos. 1-6; Exhs. A-C to Counsel Affid; Smith Depo. at p.8. Instead, Smith has consistently asserted that his injuries have kept him from performing

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

any work. See Exhs A&B to Nassar Affid.; Exhs. A-C to Counsel Affid.; Smith Depo. at p.8. Inasmuch as, by his own representations, Smith is unable to work, and has not been able to work since his last day of active employment with CSK, he cannot state a claim for retaliatory discharge or wrongful termination.

### D. CSK Took No Actions With Respect to Smith that Could Give Rise to a Claim for Wrongful Termination.

Smith went out on leave in July 2001 and has maintained ever since then that the injuries he sustained in his workplace injury prevent him from performing any work. Smith's wrongful termination claim amounts to an assertion that he had a right to remain an employee of CSK indefinitely simply because he sustained his injuries during the course of his employment. As set forth above, that is not the law, and an employee who is unable to work does not have the right to perpetual employment.

Since Smith has been representing for almost three years that his employment with CSK terminated, and that he is incapable of working, Smith's separation from CSK is by now a moot point. Although irrelevant in light of Smith's inability to work, the factual predicate of Smith's wrongful termination claim – that he was terminated by CSK – is not even correct. In August 2004, after his first case against CSK was dismissed by this Court,[3] Smith filed this action and added a claim that he was wrongfully terminated. CSK had never sent Smith a letter terminating his employment and, at the time this case was filed by

---

[3] See Smith v. CSK Auto, Inc. et. al., Case No. 4:04-cv-012 (RRB), United States District Court for the District of Alaska.

MOTION FOR SUMMARY JUDGMENT 14
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 112344v2 0053870-000005

Smith, Smith was still listed as an employee of CSK who was on unpaid leave. Nassar Affid. at para. 5; Hinson Affid. at para.5; Smith Depo. at p.8. CSK has taken no actions that could support a claim for wrongful discharge.

### E. Smith's Claims Would Be Time-Barred If He Were Correct In Asserting That He Was Terminated in June 2001.

Notwithstanding the fact that he was on leave and still receiving employee benefits (at CSK's expense) almost one-year after he last performed any work for CSK, Smith's damages calculations state that he was terminated in Mid-June of 2001. Exhibit I to Smith's Corrected Initial Disclosures (attached as Exhibit D to Counsel Affid.). Smith has never explained why he believes his employment terminated on that date, but it is very near the last day that he was able to perform any work for CSK. Smith's use of that date suggests that Smith's wrongful termination claim may be just another attempt to plead around the exclusive remedy provisions of the Alaska Workers' Compensation Act and seek damages for a workplace injury that Smith alleges terminated his employment and ability to work. Nevertheless, whatever the reasoning behind Smith's use of that date may be, if Smith were correct in his contention that his employment with CSK ended in June 2001, any claims he seeks to assert in this matter are time-barred.

Smith filed this matter on August 23, 2004, three years and two months after he now asserts that he was terminated by CSK. Under 29 U.S.C. § 2617(c)(1), the statute of limitations for FMLA claims is two years. Subsection (c)(2) of § 2617 extends the statute of limitations to three years for certain willful violations. Alaska law establishes a two-year

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

statute of limitations for claims of retaliatory discharge, whether based on tort or statute. See AS 09.10.070.  Consequently, inasmuch as Smith contends he was terminated during June 2001, any claim under the FMLA would be untimely unless filed no later than June 2004, and Smith's retaliatory discharge claim would be time-barred unless filed no later than June 2003.  Since Smith filed this case on August 23, 2004, his claims are time-barred.

IV.   CONCLUSION

The undisputed facts confirm that Smith has no claim under the FMLA and no claim for retaliatory discharge.  Smith had not even been discharged by CSK when he asserted these claims in August 2004, and the claims make no sense given Smith's repeated assertions that he cannot work.  Smith's FMLA claim fails because he was not a covered employee under the FMLA, and because he received far more generous benefits than he would have been entitled to under that statute had he been a covered employee.

/

/

/

/

/

/

/

/

/

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

For the foregoing reasons, CSK respectfully requests that its motion for summary judgment be granted.

DATED this 27th day of April, 2007.

>DAVIS WRIGHT TREMAINE LLP
>Attorneys for Defendant CSK Auto, Inc.
>
>By:   s/ Eric J. Jenkins
>      Eric J. Jenkins, ABA# 0011078
>      James H. Juliussen, ABA# 9211082
>      701 W. 8th Ave., Suite 800
>      Anchorage, AK  99501
>      Phone: (907) 257-5300
>      Fax: (907) 257-5399
>      ericjenkins@dwt.com
>      jimjuliussen@dwt.com

Certificate of Service:

I certify that on April 27, 2007, a true and correct copy of the foregoing Motion for Summary Judgment was served on the following via:

( X ) First Class Mail
(   ) Facsimile and Mail
(   ) Hand Delivery

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By:      s/ Janet Eastman
         Janet Eastman

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION FOR SUMMARY JUDGMENT                 17
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 112344v2 0053870-000005