Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TERRY L. SMITH )
      Plaintiff, )
   v. )
CSK AUTO, INC., )
      Defendant. ) Case No. 4:06-cv-00020 (RRB)
)

## CSK AUTO, INC'S FIRST DISCOVERY REQUESTS TO PLAINTIFF TERRY L. SMITH

TO: Terry L. Smith

In accordance with Fed. R. Civ. P. 26, 33, 34 and 36, Defendant CSK Auto, Inc. hereby propounds and serves the following written interrogatories, requests for admission, and requests for production of documents upon Plaintiff Terry L. Smith ("Smith").

## GUIDELINES TO ANSWERING

You are required to produce the documents listed below for inspection and copying at the offices of Davis Wright Tremaine LLP, 701 West 8th Avenue, Suite 800, Anchorage, Alaska 99501, within thirty (30) days after service of the requests for production. Each request for production of documents is required to be answered on the basis of the entire knowledge of plaintiff, including all information in the possession of plaintiff, his agent(s), representatives(s), and attorney(s).

If you contend that any identified document is privileged, in whole or in part, from production to defendant in discovery, regardless of its relevance, or otherwise object to any part of any request for production, state the reasons for each objection or grounds for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

You are required to answer the following interrogatories and requests for admission separately and fully, under oath, in writing, within thirty (30) days after service. Each interrogatory and request for admission is required to be answered on the basis of the entire knowledge of plaintiff, including all information in the possession of plaintiff, his agent(s), representative(s), and attorney(s).

If any of the following written interrogatories or requests for admission cannot be answered in full, you are directed to answer to the extent possible, specifying the reason for your inability to answer the remainder, stating whatever information or knowledge you have

concerning the unanswered portion, and identifying each person whom you believe has information regarding the subject of the interrogatory or request for admission. If an answer is qualified in any particular way, set forth the details of such qualification.

If you contend that the answer to any interrogatory is privileged, in whole or in part, or otherwise object to any part of any interrogatory, state the reasons for each objection or ground for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

The interrogatories shall be continuing to the extent required under Fed. R. Civ. P. 26(e), so as to require additional answers if you obtain further information between the time answers are served and the time of trial. Such further information shall be reported to defendant within twenty (20) days after you become aware of such information.

Please respond to each interrogatory and request for admission in the space provided immediately following it. Attach additional sheets if more space is required for answers than is provided.

## DEFINITIONS

The following definitions are applicable throughout the interrogatories, requests for admission, and requests for production that follow:

A.  <u>Plaintiff</u>. "Plaintiff" is meant to include Terry Smith and his employees, partners, attorneys, agents, and other persons acting or purporting to act for or on his behalf.

B. <u>You or Your</u>. "You" or "your" means the answering plaintiff, as defined in Paragraph A above.

C. <u>Person</u>. "Person" or "persons" means all entities, including, without limiting the generality of the foregoing, all individual natural persons, associations, companies, partnerships, joint ventures, corporations, trusts or estates, public agencies, departments, bureaus, commissions, and boards.

D. <u>Witness</u>. "Witness" or "witnesses" means the name, address, and telephone number of each person having knowledge pertaining to the item in question.

E. <u>Document</u>. "Document" means all written, printed, typed, punched, taped, filmed, or graphic matter, however produced or reproduced, or every kind and description, now or formerly in your actual or constructive possession, custody, trust, care, or control, including, but not limited to, any correspondence (including any letters, cables, telegraphs, TWX's, telexes, facsimiles, and e-mail; memoranda and notes; memoranda of conversations, conferences, or telephone conversations; reports; data compilations or analyses; logs and records; photographs; books; papers; manual; handbooks; bulletins; advisories; messages; magazines; periodicals, film strips, or movies; press releases; newspaper clippings; pamphlets, studies, or notations; working papers; charts; graphs; plans; drawings; diagrams; computer data, disks, hard drives, and printouts; indexes; minutes; transcripts; contracts; agreements; leases; legal pleadings; invoices; billings; statements; checks, accounting books or records; financial data of any kind; journals;

ledgers; diaries; tax returns; bylaws; rules; regulations; constitutions; annual reports; programs; certifications; and, resolutions and each non identical draft of the above).

F.  <u>Identify, Identity, Identification Describe or Description</u>.

1.  "Identify", "identity", or "identification", when used with reference to a document, means to set forth, with respect to the original and copies thereof, the following:

(a)  Information sufficient to enable defendant to identify the document, by its date, the name of the addressee or addressees, the name of the signer or signers, the title or heading of the document, and its approximate number of pages. Form documents may be identified by the title of the form, a description of the method of preparation, and disposition of all copies;

(b)  The identity and address or addresses of the person or persons to whom copies were sent;

(c)  The present or last known location of the possessor of the original of the document (or, if that is unavailable, the most legible copy);

(d)  If any document was, but is no longer in your possession, custody, or control, state what disposition was made of it and the reason for such disposition; or,

(e)  In lieu of specifically identifying documents as requested in Paragraphs (i)-(iv) above, documents responsive to each interrogatory may be generally

described (with enough particularity to inform defendant which documents are responsive to the interrogatory) and produced for defendant's inspection and copying; <u>provided</u>, however, that all documents not produced must be identified and if there are no documents responsive to a particular interrogatory, that must be indicated in the answer to the interrogatory. <u>Provided further</u>, if any document is withheld or not identified under a claim or privilege, you must (a) identify each such document with sufficient particularity as to author(s), addressee(s) or recipient(s), and contents to allow defendant to bring the matter before the Court; (b) state the nature of the privilege(s) asserted; and, (c) state in detail the factual basis for the claim of privilege.

2. "Identify", "identity", or "identification", when used with reference to a person who is an individual natural person, means to state his full name and present address and residence telephone number, his present or last known employer and business telephone number, the address or last known address and telephone number of each employer, and his present or last position held; when used with reference to a person other than a natural individual person, "identify", "identity", or "identification" means to state its full name, its principal business address and telephone number, the nature of the organization, if known, and the identity of its owner(s), operator(s), officer(s), partner(s), or managing personnel.

3. "Identify", "identity", or "describe or description" when used with respect to an (including alleged) offense, occurrence, contract, transaction, decision,

statement, communication, or conduct (hereinafter collectively called "act"), or business relationship, operation, or activity, means to describe in substance the event or events constituting such act, or what transpired, the place, the date, and to identify all persons involved, present, or having knowledge thereof, stating the subject matter of their knowledge and the manner in which such knowledge was acquired, and to identify the documents referring or relating thereto.

G.   Gender.  As used herein, the masculine shall include the feminine and the neuter and the singular shall include the plural.

H.   Either and Or.  As used herein, the words "either" and "or" include both the disjunctive and conjunctive meanings so as to require response relevant to any and all alternatives referenced.

### INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>REQUEST FOR ADMISSION NO. 1</u>: Admit that you have performed no work of any kind for CSK since 2001.

<u>ANSWER</u>:

<u>REQUEST FOR ADMISSION NO. 2</u>: Admit that you have not held any job for any employer since 2001.

<u>ANSWER</u>:

<u>REQUEST FOR ADMISSION NO. 3</u>: Admit that you have not applied for any jobs since 2001.

<u>ANSWER</u>:

REQUEST FOR ADMISSION NO. 4: Admit that you did not seek employment with CSK at any time between August 2001 and the date that this case was removed to federal court by CSK (July 14, 2006).

ANSWER:

REQUEST FOR ADMISSION NO. 5: Admit that, during the period of January 1, 2002 through the date that this case was removed to federal court by CSK (July 14, 2006), you never sought and were refused reemployment with CSK.

ANSWER:

REQUEST FOR ADMISSION NO. 6: Admit that you never sought and were refused reemployment with CSK.

ANSWER:

REQUEST FOR ADMISSION NO. 7: Admit that you can identify no actions or failures to act on the part of CSK that violate the covenant of good faith and fair dealing.

ANSWER:

INTERROGATORY NO. 1: Please state in complete detail all facts upon which you base your claim that CSK violated the Family and Medical Leave Act ("FMLA"). Your response should include, but not be limited to: (1) each act on the part of CSK that you claim violates the FMLA; (2) the date upon which each such act occurred; (3) the date, following the last day on which you performed work for CSK, that you were physically able to resume your duties as a delivery driver; (4) the date upon which you notified CSK that you were physically able to resume your duties as a delivery driver; (5) the date, following the last day that you performed work for CSK, that you were physically able to perform a job other than delivery driver; (6) the date upon which you informed CSK that you where physically able to perform a job other than delivery driver.

ANSWER:

INTERROGATORY NO. 2: Please state in complete detail all facts upon which you base your claim that CSK violated the covenant of good faith and fair dealing. Your response should include, but not be limited to: (1) each act on the part of CSK that you claim violated the covenant of good faith and fair dealing; (2) when each such act occurred; and (3) the identity of the natural person who you claim committed the act complained of.

ANSWER:

INTERROGATORY NO. 3: Identify each and every job of any type that you have held since March 2001. Your response should include, but not be limited to: (1) identification of the employer; (2) the dates of your employment; and (3) why your employment terminated.

ANSWER:

INTERROGATORY NO. 4: Identify each and every job or position with any employer or prospective employer that you have applied for since March 2001. Your response should include, but not be limited to: (1) the identity of the person, company, or other employer or prospective employer to whom you submitted an application for employment; (2) the date or approximate date upon which you submitted each application; (3) the results of your application (i.e., whether or not you were hired); and (4) if you were hired, your dates of employment with such employer.

ANSWER:

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

CSK'S FIRST DISCOVERY REQUESTS TO PLAINTIFF            12
*Smith v. CSK Auto, Inc.* 4:06-cv-00020 (RRB)
ANC 110166v1 53870-5

INTERROGATORY NO. 5: If you contend that you were able to perform work at any time during the period of March 2001 through present, then identify each period of time that you allege you were able to perform work, the types of positions that you allege you were capable of performing, and any physical limitations on your ability to perform work during such periods.

ANSWER:

INTERROGATORY NO. 6: Please provide a complete calculation of the damages you seek in this matter. Your response should describe in detail each and every item of loss or injury, including without limitation any item of financial loss, for which you seek damages, and the dollar amount of damages you contend you incurred with respect to each such item; the manner in which the damages for each such element have

been calculated; the identity of all persons who calculated or contributed to the calculation of such damages; and how each such item was caused by the facts alleged in support of your remaining claims (those claims that have not been dismissed) in this matter.

ANSWER:

REQUEST FOR PRODUCTION NO. 1: Produce your complete medical records for the period March 2001 through the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2: Produce all documents that have been filed by you in your workers' compensation proceeding arising out of your March 2001 workplace injury.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3: Produce all documents upon which you intend to rely to establish the liability of CSK in this matter and the damages you seek.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4: Produce all correspondence between You and any other person regarding this case, or the facts upon which you base your claims in this matter.

RESPONSE:

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

DATED this 4th day of December, 2006.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant CSK Auto, Inc.

By: s/ Eric J. Jenkins
Eric J. Jenkins, ABA# 0011078
James H. Juliussen, ABA# 9211082
701 W. 8th Ave., Suite 800
Anchorage, AK 99501
Phone: (907) 257-5300
Fax: (907) 257-5399
ericjenkins@dwt.com
jimjuliussen@dwt.com

Answers and responses submitted this _____ day of _____, 2006.

By: _____
        Terry L. Smith

STATE OF ALASKA      )
                             ) ss.
FOURTH JUDICIAL DISTRICT  )

    Terry L. Smith, being first duly sworn, on oath deposes and says that he is the plaintiff herein and that he has read the within and foregoing answers to interrogatories, requests for admission, and requests for production, knows the contents thereof, and believes the same to be true and correct.

_____
        Terry . Smith

    SUBSCRIBED AND SWORN to before me this _____ day of _____, 2006.

_____
Notary Public in and for the State of Alaska
My Commission Expires: _____

CSK'S FIRST DISCOVERY REQUESTS TO PLAINTIFF    18
*Smith v. CSK Auto, Inc.* 4:06-cv-00020 (RRB)
ANC 110166v1 53870-5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

Certificate of Service:

I certify that on December 5th, 2006, a true and correct copy of the foregoing ~~Answer to Amended Complaint~~ First Discovery Requests was served on the following via:

(X) First Class Mail
( ) Facsimile and Mail
( ) Hand Delivery   x Resent 1/25/07 Certified Mail

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____s/ Janet Eastman_____
         Janet Eastman

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

CSK'S FIRST DISCOVERY REQUESTS TO PLAINTIFF          19
*Smith v. CSK Auto, Inc.* 4:06-cv-00020 (RRB)
ANC 110166v1 53870-5

Exhibit B
19 of 19