Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907)488-8824

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>Plaintiff<br><br>Vs.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE    Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

### PLAINTIFFS REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT

Plaintiff Terry L. Smith files his reply to defendant's Motion for Summary Judgement as Defendants Motion is without merit and Defendants have not proven their case as they have admitted that Plaintiff is a protected class under The FML Act. Defendants have clarified that Plaintiff is a eligible Employee under the Act as They have maintained his benefits which gave Plaintiff Plenty of Hours more than the 1,250 hours as When Plaintiff was injured on the job under the FML Act Injured Workers Under The Workers Compensation Act. Accumulate FMLA hours per § 825.110-sec. (b) the Plain language is clear on this issue as the regulation clearly puts Plaintiff over and beyond the hours that are needed for FMLA. Defendants are mistaken when they them selves have said that Plaintiff has enough hours when defendant have maintained Plaintiffs benefits which

1

goes toward Plaintiffs FMLA hours as Clarified **29 C.F.R. § 825.110(b)** That regulation provides as follows:

The 12 months an employee must have been employed by the employer need not be consecutive months. **If an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment.** For purposes of determining whether intermittent/occasional/ casual employment qualifies as "at least 12 months," 52 weeks is deemed to be equal to 12 months.

Defendants have violated Plaintiffs rights under The FML Act 29 U.S.C. § 2601 et By using the workers compensation act to terminate an injured employee as Defendants failed to inform Plaintiff of his rights while protected under the Alaska Workers compensation Act this is a direct violation of Plaintiffs rights as Defendants were hiding and failed to inform and tell Plaintiff when and how long he has on FMLA Leave, which is a violation of the Act it self Plaintiff Count III clarifies a FMLA violation which is a Question For the Jury and a Genuine Issue of Material Fact which must go before a Jury on this Isssue FMLA leave is not a question of law, but rather a fact issue. **Sanders v. May Dept. Stores, Co.,** 315 F.3d 940 (8 th Cir. 2003). Defendants cannot deny that they Did not maintain Plaintiffs benefits as they Stated: at 3. States Csk maintained Smith's employee benefits until July 1, 2002[Hinson Affidavit pg 2 at 3] this clearly put Plaintiff over the required month and hours for FMLA REQUIREMENTS. THE Court must not over look this issue as Plaintiff has proven the required hours and months as Plaintiff workers compensation hours clearly has put Plaintiff with enough month and over 2080 hours required under the act. Defendants also fails on their summary judgment motion as Plaintiff has put fourth a jury question a material fact. Defendants fail on this issue. As their has been a direct violation of Plaintiffs rights under the FML Act.

2

Defendants have used and refered to Plaintiff as a former Employee of Csk, This Clarifies that Plaintiff was terminated from his job without notice while under the workers compensation Act and the FML Act in violation of public policy as Defendants are using workers compensation to terminate injured employees which also is a jury question which must be brought fourth to a jury. As there is a mixed motive issue at

## COUNT XIII AMENDED COMPLAINT

PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN THE PARAGRAPH ABOVE OF HIS AMENDED COMPLAINT

**6.** Plaintiff REALLEGE Retaliation under the Family and Medical Leave Act. As their was a **"mixed motive"** to defendants actions against Plaintiff while under the Alaska Workers Compensation Act. **In violation of Public Policy. To act in good faith and dealing.**

Is a jury Question and Summary Judgment cannot stand as this is a genuine material fact Issue for the jury. Defendants fail on this issue as Plaintiff has put fourth a genuine material fact issue which must go before a jury. "A genuine issue of material fact exists where the record contains competent evidence that two plausible but contradictory accounts of essential facts exist. There is contradictory of facts in this issue which must go before a jury.

## COUNT XVI AMENDED COMPLAINT

PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN THE PARAGRAPH ABOVE OF HIS AMENDED COMPLAINT

**9. Workers Compensation – Retaliatory Discharge-Mixed motive**
Defendant **Csk Auto used falsified information from third party** to make their decision in **Not retaining Plaintiff as to his injuries**.

This too is a jury question and a material fact to over come Summary judgment as Csk Auto used falsified information from third party's is a genuine issue of material fact and

3

There is contradictory of facts in this issue, which must go before a jury. As mixed motive is a material fact which must go before a jury. Defendants fail on this issue and is a contradictory of facts.

**A.** Plaintiff is a covered employee under The FML Act See: **29 C.F.R. § 825.110(b)** Defendants have violated Plaintiffs rights under The FML Act 29 U.S.C. § 2601 et

**B.** Defendants cannot deny the fact that Plaintiff is not a covered employee as Defendant have maintained Plaintiffs benefits to make him a covered employee under The FML Act 29 U.S.C. § 2601 et **29 C.F.R. § 825.110(b)**

**C.** Under Section 2617(a)(1)(A)(i)(I) of the FMLA, an employer may be held liable for damages equal to "any wages, salary, employment benefits, or other compensation denied or lost to such employee as a result of the violation." 29 U.S.C. ? 2617(a)(1)(A)(i)(I). The fact that Plaintiff did or did not look for employment is not relevant. **Barrilleaux v. Thayer Lodging Group, Inc., 1999 U.S. Dist. LEXIS 8206** plaintiff is only required to make reasonable efforts to mitigate damages and is not held to the highest standards of diligence. **Rasimas v. Michigan Department of Mental Health, 714 F.2d 614, 624 (6th Cir. 1983)** The Court finds that there is a genuine issue of material fact on this point, and will deny the motion with regards to failure to mitigate this duty does not require that the employee take a demeaning job, accept a demotion, or go into another line of work **EEOC v. Joint Apprenticeship Comm.,**?1996 U.S. Dist. LEXIS 7261 (D.N.Y., May 21, 1996, Decided)? Defendants fail on this issue as failure to mitigate is a genuine issue of material fact which must go before a jury.

**D.** Wrongful termination and the way Csk Auto Inc. Went about it is a genuine issue of material fact which must go before a jury Defendants fail on this issue.

4

E. Plaintiffs Claim is not barred by Statutes of limitations as being under the workers compensation act tolls Plaintiffs statutes **Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1997).**

## CONCLUSION

Plaintiff has put fourth a genuine issues of material fact and there is contradictory fact by defendants which There is contradictory of facts in this issue, which must go before a jury The fact that Plaintiff was not offered his job back is a material fact which is a jury question Defendant cannot deny this issue, as Plaintiff did not quit his job, Csk Auto Inc used the Alaska workers compensation system to terminate an injured employee because of his injuries Which Csk Auto Inc. has now Claimed that Plaintiffs injuries are permanent. The Fact that under §29 **C.F.R. § 825.110(b)** That regulation provides as follows:

The 12 months an employee must have been employed by the employer need not be consecutive months. **If an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment.** For purposes of determining whether intermittent/occasional/ casual employment qualifies as "at least 12 months," 52 weeks is deemed to be equal to 12 months.

Plaintiff Started on August 28 2000 and was injured on 3-29-01 and Employer maintained Plaintiffs benefits until July 1 2002 which gave Plaintiff plenty of hours under the above statutes and makes Plaintiff a qualified covered employee under The FMLA § 29 U.S.C. § 2601 et. Just because a Employee is listed on the books does not make him an employee as a mailing list is kept on all employees and this is a jury question. The fact that Csk Auto Inc. Knew how bad Plaintiffs injures and used falsified information from third party's is a genuine issue of material fact to keep Plaintiff away from returning

5

to his job. Summary judgment cannot be maintained when there is genuine issues of material fact and such facts are is contradictory fact by defendants which There is contradictory of facts in this issue, which must go before a jury. For the forgoing stated reasons and the fact that their remains genuine issues of material and contradictory facts which must go before a jury Plaintiff asks this court to Deny Defendants motion for Summary Judgment .

Respectfully submitted,

Terry L. Smith Pro Se

Dated This 9th Day Of May ,2007

## CERTIFICATE OF SERVICE
Case 4:06-cv-00020-RRB

I Certify that a Copy of the forgoing Document was served on the 9th Day Of May ,2007 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

[X] FIRST CLASS MAIL
[] FACSIMILE AND MAIL
[] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468

Terry L. Smith Pro Se
P.O. Box 60882
Fairbanks, Alaska 99706-0882