Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907)488-8824

RECEIVED
MAY 11 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>   Plaintiff<br><br>Vs.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE  Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

### MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY MASTER

Plaintiff Terry L. Smith has put forth a motion for a discovery master in the above matter this motion is in pursuant to L R 53.1. and Plaintiff asks this court to appoint a discovery master as Defendants think that they do not have to produce any documents in the case. It is important that a discovery master be appointed in this case as it would help plaintiff resolve this issue of discoverable information when Defendants think that all request for discovery is privilege. Which has now hampered Plaintiffs request, which also defendants are not producing document held in their possession which was to be disclosed to plaintiff per initial disclosure. This is called sandbagging hiding relevant information just to win a summary judgement in this case which is uncalled fore. The Discovery Master will facilitate a more speedy and economical determination of the issues in this case as there are documents that are being withheld from plaintiff and a

discovery master will help in that issue See: <u>Peter v. Progressive Corp.,</u> 986 P2d. 865 (Alaska 1999) as also see Fed. R. Civ. P. 53(b) states in part, "A reference to a master shall be the exception and not the rule… a reference shall be made only when the issues are complicated… a reference shall be made only upon a showing that some exceptional condition requires it." Plaintiff is in the Middle of Discovery and a Summary Judgement Motion is pending and this issue is a exceptional condition which requires a Discovery master in this case as Defendants think that they do not have to produce any documents in this case and are hiding relevant e-mail communication. Under Rule of Civil Procedure

Rule 26 (1)(A)(B) to disclose (1) *Initial Disclosures*. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

**(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information** that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

**(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party** and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

This is not being done as Defendants have not fully disclosed every thing and are with holding information, and names and address of individuals with information. For the fore going memorandum and motion Plaintiff ask this court to appoint a discovery master in this case as discovery is not complete.

Respectfully Submitted

Terry L. Smith Pro Se

Dated This ___ Day Of May, 2007