Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CSK AUTO, INC.,<br><br>　　　　Defendant. | Case No. 4:06-cv-00020 (RRB) |

## REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Smith's Opposition to CSK's motion for summary judgment raises no issues of material fact and merely confirms that there are no cognizable claims of any kind before this Court. At the most basic level, this is an action for the alleged wrongful termination of, or failure to reinstate, an employee who strenuously asserts that he cannot work, and who has not sought any work, since being injured in 2001. Even if Smith met the statutory requirements for coverage under the FMLA, which he does not, he alleges no facts that would give rise to a claim under that statute. Smith received all of the benefits to which he

would have been entitled under the FMLA were he an "eligible employee." Smith likewise alleges no facts that would support a claim for wrongful termination. Smith cannot claim wrongful termination from a job he is incapable of performing. Summary judgment should be entered in favor of CSK, and this matter brought to a conclusion.

A. <u>Smith is Not a Covered Employee Under the FMLA</u>.

To be an "eligible employee" under 29 U.S.C. § 2611(2)(A), a person must have "been employed (i) for at least 12 months by the employer with respect to whom leave is requested . . ." Smith attempts to rely upon 29 C.F.R. § 825.110(b) to assert that, while not an eligible employee at the time his leave commenced, he later became an eligible employee because CSK maintained his employee benefits for nearly a year after he went out on leave. This argument fails because the same regulation states that the determination regarding whether an employee is eligible must be made at the time leave commences.

29 C.F.R. § 825.110(b) provides that, for purposes of determining whether an employee has worked the requisite 12-month period set forth in 29 U.S.C. § 2611(2)(A), an employee may count any period that he or she has been maintained on the payroll, including periods of paid or unpaid leave. That provision, however, must be read in conjunction with subsection (d) of 29 C.F.R. § 825.110, which states that:

> the determinations of whether an employee has worked for the employer or at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months <u>must be made as of the date leave commences</u>.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

(Emphasis added) Thus, while an employee may count any period that he or she is maintained on the payroll in determining whether or not he or she has met the 12-month requirement, the determination of eligibility is made as of the date leave commences. Id.

At least three courts have addressed the very same issue before this Court, and each has concluded that an employee who goes out on leave before completing 12 months of service is not an eligible employee under the FMLA even if he or she is not terminated until after the 12-month period has elapsed. Willemssen v. Conveyor Co., 359 F.Supp.2d 813 (N.D.Iowa 2005), cited in CSK's opening brief, addressed the very same issue before this Court and concluded that an employee who went out on leave prior to completing 12 months of employment was not a covered employee even though she was terminated after the 12-month period elapsed.

> Because Willemssen was not an eligible employee on the date her leave commenced, she was not entitled to the protections of the FMLA even though the leave extended beyond the end of the twelve-month eligibility period.

The U.S. District Court for the Eastern District of Pennsylvania reached the same conclusion in Flannery v. Nextgen Healthcare Information Systems, Inc., 2006 WL 2338408 at pp. 2-3 (E.D.Pa. 2006):

> [T]he determination of whether the employee has worked for twelve months must be made as of the date the leave commences. 29 C.F.R. § 825.110(d). Therefore, at least one year must span the period between the date the employee was hired and when the medical leave begins. It is undisputed that Flannery began his employment at Nextgen on October 1, 2002

> and his medical leave commenced August 4, 2003. Therefore, he worked for less than 12 months as of the date his leave commenced. Glanner contends he became eligible on October 1, 2003, his one-year anniversary date, while on leave. <u>The regulation, though, is clear: the 12-month work requirement triggers "as of" the day the leave commences, not while on leave.</u>

(Emphasis added) See also Walker v. Elmore County Bd. of Educ., 379 F.3d 1249, 1253 (11th Cir. 2004) (rejecting argument that employee could use sick leave to extend employment to meet 12-month eligibility requirement under FMLA because eligibility is determined at time leave commences).

    The material facts regarding Smith's eligibility under the FMLA are not in dispute. Smith does not deny that his employment commenced on August 23, 2000. Smith likewise does not deny that he last performed work on July 3, 2001, and went out on leave July 9, 2001. See Affidavit of JoAnn Hinson ("Hinson Affid.") (Docket 81) at para. 2. Rather, Smith argues that he became eligible for coverage under the FMLA after his leave commenced because CSK continued to list Smith as an employee and maintained his employee benefits until July 2002. Opposition at p. 2. Those facts are irrelevant because Smith's leave, from which he never returned, commenced before he had completed the 12-month period required by the FMLA. That being the case, Smith is not a covered employee under the FMLA, and his FMLA claims fail as a matter of law. See Willemssen, 359 F.Supp.2d at 819, and other cases cited above.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT    4
Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)
ANC 130679v1 0053870-000005

B.   <u>Smith Received All of the Benefits to Which He Would Have Been Entitled Under the FMLA.</u>

Even if Smith were correct – which he is not – in asserting that he could attain the status of a covered employee under the FMLA while on leave, he fails to identify any act or failure to act on the part of CSK that could give rise to a claim under the statute. There is no dispute that CSK maintained Smith's benefits far longer than was required under the FMLA, and in spite of the fact that Smith was not making the required employee contributions. There is also no dispute that Smith was not able to return to work within the time allowed by the FMLA, and in fact claims that his 2001 workplace injury left him incapable of performing any work. That being the case, there are no disputed issues of material fact, and CSK is entitled to judgment as a matter of law on Smith's claims under the FMLA.

Smith contends that he became an "eligible employee" under the FMLA because he could count time that he spent after going out on leave towards the 12-month requirement of 29 U.S.C. § 2611(2)(A). Assuming Smith were correct – which he is not – Smith would have attained the status of a covered employee on August 23, 2001, the one-year anniversary of the commencement of his employment with CSK. Hinson Affid. (Docket 81) at para. 2. As of August 23, 2001, Smith would have been entitled to twelve weeks of unpaid leave, and to the maintenance of his employee benefits during that 12-week leave period on the same terms as if he had been continuously employed during the entire leave period. 29 C.F.R. §§ 825.209(a); 29 C.F.R. § 825.210. If Smith was unable to return to his

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT                                        5
*Smith v. CSK Auto, Inc.* 4:06-cv-00020 (RRB)
ANC 130679v1 0053870-000005

job as a delivery driver at the end of that 12-week leave period, he would have no right to reinstatement to another position under the FMLA. 29 C.F.R. § 825.214(b). Assuming that Smith became an eligible employee under the FMLA on August 23, 2001, his entitlement to the 12 weeks of leave and maintenance of his benefits would have terminated on November 15, 2001.

There is no dispute that Smith was unable to resume his duties as a delivery driver on November 16, 2001 – or at any time thereafter. See Deposition of Terry Smith filed as Exhibit A to CSK's Motion for Summary Judgment (Docket 80) at p. 8; Exhs. A-C to the Affidavit of Counsel (Docket 83). Indeed, Smith claims he has been unable to work at all since sustaining his injuries. Id. When deposed in his workers compensation proceedings, counsel for the insurer went through a list of all of the past positions Smith had performed for various employers. Smith claimed that his injuries left him unable to perform any of these jobs. See Deposition of Terry L. Smith (Workers Compensation Proceeding) filed as Exhibit A hereto at pp. 39-51. During the entire period between July 9, 2001, and October 11, 2002, the date he entered into a Partial Compromise and Release Agreement regarding his workers compensation benefits, Smith was receiving benefits for temporary total disability. Exh. A to Affidavit of Counsel in Support of Motion to Strike (Docket 25) at p. 2, para. 2. Since Smith was not able to resume his job as a delivery driver with CSK prior to November 16, 2001 (or at any time thereafter), he has no claim for violation of the right to reinstatement under the FMLA. Reynolds v. Phillips & Temro Industries, Inc., 195

F.3d 411, 414 (8th Cir. 1999) ("summary judgment was properly entered . . . because the record establishes that Reynolds could not have performed the essential functions of his job at the end of twelve weeks of leave").

There is likewise no dispute that CSK continued to maintain Smith's employee benefits long after any leave rights Smith claims to have had under the FMLA would have expired on November 15, 2001. Smith admits that CSK maintained his benefits at its own expense until July 1, 2002. Opposition at p. 2; Hinson Affid. (Docket 21) at paras. 2-4. Indeed, CSK gave Smith the opportunity to maintain his benefits beyond that date simply by paying his required employee contributions, which Smith failed to do, and which Smith would have been required to do even during a period of FMLA leave. Hinson Affid. (Docket 81) at paras. 3-4 and Exhs. C-D thereto. CSK's actions went above and beyond that which would be required even if Smith were a covered employee under the FMLA, which he was not.

Finally, Smith seems to argue that CSK violated the FMLA by "failing to inform and tell Plaintiff when and how long he has on FMLA Leave [sic]." Opposition at p. 2. Smith does not cite to any portion of the FMLA that would be violated by an alleged failure to give such notice even if he were an eligible employee – which he is not. As this Court is aware from prior motion practice, courts have repeatedly struck down regulations that purport to give employees leave in excess of the 12 weeks provided under the FMLA based on allegedly improper notice. Striking down 29 C.F.R. § 825.700(a), the U.S. Supreme

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT                                      7
Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)
ANC 130679v1 0053870-000005

Court stated in Ragsdale v. Wolverine World Wide, 535 U.S. 81, 94 (2002):

> It is no answer to say, as the Government does, that the Secretary's provision is consistent with the Act because employers must provide more than 12 weeks of leave only when they do not comply with the individualized notice requirement. If this argument carried the day, a penalty of 24 weeks – or 36, or 48 – would also be permissible. Just as those provisions would be contrary to the FMLA's 12-week mandate, so is § 825.700(a).

See also McGregor v. Autozone, Inc., 180 F.3d 1305, 1308 (11th. Cir. 1999) (striking FMLA regulation that would have given employee additional 12 weeks of leave if employer failed to notify employee that leave was designated as FMLA leave). Ragsdale, 535 U.S. at 94, makes clear that any alleged failure to provide notice to Smith would not give him a right to additional leave under the statute even if he were an eligible employee.[1] Moreover, even if the 12-week leave period were doubled or tripled, Smith would still have no claim since CSK maintained his benefits for nearly one year after he went out on leave.

Absent from Smith's Opposition is an explanation of what Smith alleges CSK should have done, but did not do, that gives rise to his FMLA claim. This is not a case in which Smith was ready to return to work and was denied that right, nor is it a case in which CSK

---

[1] The only notice provision that resembles Smith's argument is 29 C.F.R. § 825.110(d), which would make an otherwise ineligible employee eligible for FMLA benefits if the employer does not confirm whether the employee meets the eligibility requirements upon a request for leave. The notice provisions of 29 C.F.R. § 825.110(d) have been held invalid insofar as they could make an otherwise ineligible employee eligible for FMLA benefits. Brungart v. Bellsouth Telecommunications, Inc., 231 F.3d 791, 799 (11th Cir. 2000) ("we hold that 29 C.F.R. § 110(d) is invalid insofar as it purports to extend the eligibility provisions of the FMLA to an otherwise ineligible employee who is not promptly notified after requesting leave that she is ineligible for it under the statute").

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT                                8
Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)
ANC 130679v1 0053870-000005

abruptly cut off Smith's benefits when he failed to return to work. CSK maintained Smith's benefits for more than 50 weeks at its own expense, notwithstanding the fact that Smith failed to satisfy the requirements for coverage under the FMLA and was unable to return to work. The material facts are not in dispute and do not reveal any violation of the FMLA.

C.  Smith Cannot State a Claim for Wrongful Termination From a Job That He Could Not Perform.

As with his claims under the FMLA, Smith's claim for wrongful termination is also unsupported by any facts that state a cause of action against CSK. Smith cannot have been wrongfully terminated from a job that he cannot perform, nor does Smith allege any other facts that resemble a cause of action against CSK.

In support of his claim for wrongful termination, Smith alleges that "CSK Auto used falsified information from third party's is a genuine issue of material fact and There is contradictory of facts in this issue, which must go before a jury [sic]." Opposition at pp. 3-4. Smith further proposes as a material issue of fact "whether keeping plaintiff on the books is still considered employed." Plaintiffs Affidavit in Support of Notice of Genuine Issues of Material Fact (Docket No. 91) at p. 3, para. 24. Nowhere does Smith state what purportedly false information he claims was used by CSK. Smith does not allege that, but for the use of this allegedly false information, he could have returned to work. Smith likewise fails to explain what more than "keeping him on the books" CSK could have done given the fact that Smith claims he cannot perform any work.

In its opening brief, CSK established the common sense proposition that an employee cannot state a claim for wrongful termination if the employee is incapable of performing his or her job. Rosas v. IBP, Inc., 869 F. Supp. 912, 917 (D.Kan. 1994) and other cases cited on pp. 12-13 of CSK's Motion for Summary Judgment (Docket 80). Smith cites no authority to the contrary, nor does he claim that he is now, or has at any time since his 2001 injury been, capable of returning to work. Rather, he has repeatedly stated that his injuries have prevented him from working. See Deposition of Terry Smith filed as Exhibit A to CSK's Motion for Summary Judgment (Docket 80) at p. 8; Exhs. A-C to the Affidavit of Counsel (Docket 83). Since by his own representations Smith is unable to work, he cannot state a claim for wrongful termination. Rosas, 869 F. Supp. at 917.

## CONCLUSION

In response to CSK's Motion for Summary Judgment, Smith was required to come forth with admissible evidence showing that there is a genuine issue for trial. His Opposition instead establishes the absence of disputed issues of material fact. Smith did not work the requisite 12 months to be a covered employee under the FMLA and, even if he had, he received far more than he would have been entitled to under that statute. Nothing in Smith's Opposition changes the fact that this is a case in which an employee is suing his employer for wrongfully discharging him from a job he admits he cannot perform. Those facts do not state a claim under the FMLA, nor do they state a claim for wrongful discharge.

For the foregoing reasons, CSK respectfully requests that its motion for summary judgment be granted.

DATED this 17th day of May, 2007.

        DAVIS WRIGHT TREMAINE LLP
        Attorneys for Defendant CSK Auto, Inc.

        By:   s/ Eric J. Jenkins
            Eric J. Jenkins, ABA# 0011078
            James H. Juliussen, ABA# 9211082
            701 W. 8th Ave., Suite 800
            Anchorage, AK 99501
            Phone: (907) 257-5300
            Fax: (907) 257-5399
            ericjenkins@dwt.com
            jimjuliussen@dwt.com

Certificate of Service:

I certify that on May 17, 2007, a true and correct copy of the foregoing Reply to Opposition to Motion for Summary Judgment was served on the following via:

( X ) First Class Mail
(   ) Facsimile and Mail
(   ) Hand Delivery

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By:     s/ Eric Jenkins

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT                    11
Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)
ANC 130679v1 0053870-000005