IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br><br>      Plaintiff,<br><br>vs.<br><br>CSK AUTO INC., d/b/a SCHUCKS AUTO SUPPLY, and DOE,<br><br>      Defendants. | 4:06-cv-0020-RRB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant CSK Auto, Inc. ("CSK") with a Motion for Summary Judgment (Docket 80). The motion is opposed at Docket 88.[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.[2]

---

[1] In reaching the decision contained herein, the Court notes it has also reviewed Smith's Notice of Genuine Issue of Material Fact at Docket 92.

[2] See Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1200 (9th Cir.1999)(explaining that if the parties provided the district
(continued...)

Having carefully reviewed the relevant filings, the Court concludes Plaintiff Terry L. Smith ("Smith") has no claim under the Family and Medical Leave Act (the "FLMA") and no claim for retaliatory discharge.  Indeed, "Smith had not even been discharged by CSK when he asserted these claims in 2004, and the claims make no sense given Smith's repeated assertions that he cannot work."[3] Smith's FLMA claim fails because he was <u>not</u> an "eligible employee" under the FLMA <u>as of the date his leave commenced</u>.[4]  Even if he was, the undisputed facts reveal he received far more generous benefits than he would have been entitled to under that statute had he been a covered employee.[5]  As a result, Defendant's motion at **Docket 80** is hereby **GRANTED**.  All remaining motions are **DENIED** as moot.  This matter is **DISMISSED** with prejudice.

ENTERED this 23rd day of May, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

[3]   Docket 80 at 16.

[4]   Because Smith had not been employed for at least 12 months <u>as of the date his leave commenced</u>, the Court concludes he is <u>not</u> an "eligible employee" pursuant to 29 U.S.C. § 2611(2)(A); and 29 C.F.R. § 825.110.

[5]   Docket 80 at 16.