

MAY 29 2007

**CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK**

Terry L. Smith
PO BOX 60882
FAIRBANKS, AK 99706
(907)488-8824

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH,<br>　　　　Plaintiff<br><br>Vs.<br><br>CSK AUTO INC,<br>d.b.a. SCHUCKS AUTO SUPPLY<br>AND DOE　　Defendants | Superior Court No. 4FA-04-2053 CI<br><br>(4)-06-CV-000020-RRB |

## MOTION TO SUPPLEMENTAL RESPONSE TO SUMMARY JUDGMENT AND MOTION TO STRIKE FOR FAILURE TO DISCLOSE INDIVIDUALS HAVING DISCOVERABLE INFORMATION

Plaintiff Terry L. Smith files his supplement response to defendants motion for summary judgement. Summary judgment cannot sustain when there are genuine issues of fact to be tried. ***Parker v. Tomera***, 89 P.3d 761, 765 (Alaska 2004) The clear facts to this issue is that defendants failed to disclose individuals having discoverable information pursuant to initial disclosure [EXH A] Clearly show's that Joan Hinson and Joe Nasser, James Murray, Krista Truman are not listed as persons with information, but list them as having information after defendants filed a motion for summary judgement. This constitutes fraud hiding information and using a Summary Judgment motion to commit fraud with knowledge Per Rule 26(a)(2), "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the

Federal Rules of Evidence. **Mannoia v Farrow** 476 F.3d 453 (7th Cir 2007) See Fed.R.Civ.P. 37(c)(1) (A party who, without "substantial justification," fails to make a disclosure required by Rule 26(a) cannot rely on the withheld evidence "at a trial, at a hearing, or on a motion."). This evidence is clear as defendants failed to disclose to Plaintiff and with held the names of persons with knowledge in this case and are with holding information as to plaintiffs wrongful termination in violation of public policy by terminating injured employees while under the workers compensation act in violation of the Family Medical Leave Act Defendants have violated Plaintiffs rights under The FML Act 29 U.S.C. § 2601 et is a genuine issue of material fact, which is a question of fact which goes before a jury. **Sanders v. May Dept. Stores, Co.,** 315 F.3d 940 (8 th Cir. 2003). The fact that not all information is being disclosed to Plaintiff as Affidavits from persons who were to be disclosed in the beginning are rendered with fraud and intent to with hold information which has prejudice Plaintiffs case which is a unfair advantage in this case A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. See **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* The fact that Defendants are hiding relevant information and used persons that have relevant information and failed to disclose as per initial disclosure is a violation of the pre trial order in its self. This violation has caused prejudice in plaintiff case which, plaintiff cannot answer interrogatories since new material and evidence has been brought to light by defendants failure to disclose persons with information Fed. R. Civ. P. 26(e). Under that rule, a party is required to supplement a prior discovery response "if the party learns that the response

is in some material respect incomplete or incorrect . . . ." here again defendants failed to notify Plaintiff of persons with information as per pretrial disclosures. Plaintiff contends that under Rule 37 requires that the Affidavits be stricken for failure to disclose all of the information as required by Civ R. 26 (a)(1)(A)(B)(C)(D) which was not done in this case. Defendants have prejudice Plaintiffs case for non-disclosure as [EXH A] clearly show's that there is a violation of the Civ R. 26 (a)(1) Defendants have no justification for such late disclosure when the information is readily available and should have been produced under Civ R. 26 (a)(1) now this has hampered Plaintiff discovery as information is being with-held and the affidavits of Joann Hinson Director of Benefits and Payroll and Joseph Nasser Claims Manager are subject to full discovery as they hold information pertaining To Plaintiffs FMLA issues. The with-holding of information just to get a summary judgment cannot stand. It is well established that a party cannot rely on purported communications and discussions with counsel, while at the same time refusing to provide, or selectively providing, those communications. See e.g., **Afro-Lecon v. United States,** 820 F.2d 1198 (Fed. Cir. 1987) party cannot introduce evidence on summary judgment affirmatively withheld during discovery. **Presto Products, Inc. v. Nice Pak Products, Inc.,** 9 USPQ2d 1895 (TTAB 1988) Federal Rule 37(c)(1) states, in pertinent

part: A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording the other party to be heard, may impose other appropriate sanctions.

because the applicant had asserted the attorney-client privilege for refusing to provide documents, and because such privilege cannot be asserted selectively and this is what is

being done to plaintiff to detour his discovery by asserting client privilege Thus, when a party repeatedly and willfully fails to provide certain evidence to the opposing party as required by the discovery rules, preclusion of that evidence may be appropriate **Juarez v. Boy Scouts of America, Inc.,** supra, 81 Cal.App.4th at p. 390 Under *federal* procedure, parties do have an affirmative duty to supplement their discovery responses **upon the acquisition of new information. (Fed. Rules Civ.Proc., rule 26(e), 28 U.S.C.** ["A party who has . . . responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . ."]; see generally 8 Wright et al., Federal Practice & Procedure: Civil (2d ed. 1994) §§ 2048-2050, pp. 597-616; *id.* (2004 supp.) § 2049.1, pp. 156-158 [duty to supplement was broadened by 1993 amendments to rule 26].) [1.] 26(a)(1)(A) was violated because Csk Auto Inc did not provide the addresses of persons with information until they filed a summary judgment motion. Under 26(a)(1)(A)(B)(C)(D) . these persons were to be disclosed to plaintiff and this is a direct violation of Initial Disclosures which the affidavits were made in bad faith as Plaintiff has not had the chance to do discovery on such persons who hold information. Paramount to Plaintiffs issue as Joseph Nasser has information pertaining to Plaintiffs injuries and why Plaintiff was not offered his job Back per FML. Act as Plaintiffs injuries makes it a jury question as to why Plaintiff was being refrained from going back to work. The information that Defendants are withholding has violated Plaintiffs right to discovery on his issues and has prejudice Plaintiffs

case as information is being with-held as Defendants are claiming privilege to third partys information which is in their control and which is a violation of Civ R 26 (a)(1)

1. The Affidavits of Joann Hinson should be stricken for failure to disclose that this person has information as per Civ R. 26 (a)(1)

2. The Affidavits of Joseph Nasser should be stricken for failure to disclose that this person has information as per Civ R. 26 (a)(1)

3. Plaintiff has put forth genuine issues of material fact in his complaint under the FML Act as Plaintiff is a eligible Employee under the Act as They have maintained his benefits which gave Plaintiff Plenty of Hours more than the 1,250 hours as When Plaintiff was injured on the job under the FML Act Injured Workers Under The Workers Compensation Act. Accumulate FMLA hours per § 825.110-sec. (b) the Plain language is clear on this issue as the regulation clearly puts Plaintiff over and beyond the hours that are needed for FMLA.

4. Plaintiffs FMLA hours as Clarified **29 C.F.R. § 825.110(b)** That regulation provides as follows:

The 12 months an employee must have been employed by the employer need not be consecutive months. **If an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., workers' compensation, group health plan benefits, etc.), the week counts as a week of employment.** This is a genuine Material Fact, a question of fact The FML Act 29 U.S.C. § 2601 et is a genuine issue of material fact, which is a question of fact which goes before a jury. **Sanders v. May Dept. Stores, Co.,** 315 F.3d 940 (8 th Cir. 2003).

5. Plaintiff is a protected class under the workers compensation act and the FML. Act is a genuine issue of material fact Id"

6. Defendants have violated Plaintiffs rights under The FML Act 29 U.S.C. § 2601 et By using the workers compensation act to terminate an injured employee as Defendants failed to inform Plaintiff of his rights while protected under the Alaska Workers compensation Act this is a direct violation of Plaintiffs rights as Defendants were hiding and failed to inform and tell Plaintiff when and how long he has on FMLA Leave, which is a violation of the Act it self Plaintiff Count III clarifies a FMLA violation which is a Question For the Jury and a Genuine Issue of Material Fact which must go before a Jury.

7.  **COUNT XIII AMENDED COMPLAINT**

PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN THE PARAGRAPH ABOVE OF HIS AMENDED COMPLAINT

6. Plaintiff REALLEGE Retaliation under the Family and Medical Leave Act. As their was a **"mixed motive"** to defendants actions against Plaintiff while under the Alaska Workers Compensation Act. **In violation of Public Policy. To act in good faith and dealing.** Mixed Motive is a genuine issue of material fact which must go before a jury also A violation of public policy is a genuine issue of material fact that must go before a jury. To act in good faith and fair dealing is a genuine issue of material fact that must go before a jury.

8. "A genuine issue of material fact exists where the record contains competent evidence that two plausible but contradictory accounts of essential facts exist. There is contradictory of facts in this issue which must go before a jury.

9.  **COUNT XVI AMENDED COMPLAINT**

PLAINTIFF REALLEGE AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN THE PARAGRAPH ABOVE OF HIS AMENDED COMPLAINT

 9. **Workers Compensation – Retaliatory Discharge-Mixed motive**
Defendant **Csk Auto used falsified information from third party** to make their decision in **Not retaining Plaintiff as to his injuries**.

This too is a jury question and a material fact to over come Summary judgment as Csk

Auto used falsified information from third party's is a genuine issue of material fact and 10. There is contradictory of facts in this issue, which must go before a jury. As mixed motive is a material fact which must go before a jury. Defendants fail on this issue and is a contradictory of facts.

11. The fact that Csk Auto Inc. Knew how bad Plaintiffs injures and used falsified information from third party's is a genuine issue of material fact to keep Plaintiff away from returning to his job. Summary judgment cannot be maintained when there is genuine issues of material fact and such facts are is contradictory fact by defendants which There is contradictory of facts in this issue, which must go before a jury.

12. **Failure to notify of fmla**

With **Plant v. Morton Int'l, Inc.**, 2000 WL 572458 (6th Cir. 2000) (distinguishing between notice requirements for paid as opposed to unpaid leave but appearing to uphold both **29 C.F.R. §§ 825.208(c) and 825.700(a)** as valid exercises of regulatory power); **Ritchie v. Grand Casinos of Mississippi, Inc.**, 49 F.Supp.2d 878 (S.D. Miss. 1999) (holding that the DOL's regulations appropriately "filled the gaps" of the FMLA); **Chan v. Loyola Univ. Med. Ctr.**, 1999 WL 1080372 (N.D. Ill. 1999) (same).

This is also a genuine issue of material fact and is a jury question of fact and that there is no proof by defendants that they gave plaintiff notice to return back to work mixed Motive question for a jury.

The FML Act 29 U.S.C. § 2601 et is a genuine issue of material fact, which is a question of fact which goes before a jury. **Sanders v. May Dept. Stores, Co.,** 315 F.3d 940 (8 th Cir. 2003).

13. **29 USC § 2612(d)(2)(B**) allows an eligible employee to elect to substitute paid sick leave for any of the twelve-week FMLA leave period. Here again Defendants failed this section of the FML. Act 29 U.S.C. § 2601 et is a genuine issue of material fact, which is a question of fact which goes before a jury.

14. In holding that the bounds of the Secretary's discretion to issue regulations were exceeded here, **this Court does not decide whether the notice and designation requirements are themselves valid or whether other remedies for their breach might be consistent with the statute. P. 14.** Quoting **Ragsdale v. Wolverine Worldwide Inc.,** *U.S.*, No. 00-6029, here again is a genuine issue to be tried: "In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee." **29 C.F.R. §825.208(a).** The regulations further provide that if the employer does not give the requisite notice, the leave cannot be counted toward the FMLA allotment. **§825.700(a).** The U.S. Supreme court did not invalidate the statutes and stated: **this Court does not decide whether the notice and designation requirements are themselves valid or whether other remedies for their breach might be consistent with the statute. P. 14.** Csk Auto Fails on all aspects of the FML. Act 29 U.S.C. § 2601 et

15. FMLA provides a plaintiff with a right to a jury trial. In **Frizzell v. Southwest Motor Freight, No. 97-5846** (decided September 10, 1998)

## CONCLUSION

The undisputed facts confirm as stated by Defendants them selves that Plaintiff is a protected and eligible class under the FML. Act 29 U.S.C. § 2601 et Plaintiffs FMLA hours as Clarified **29 C.F.R. § 825.110(b)** That regulation

provides as follows:

The 12 months an employee must have been employed by the employer need not be consecutive months. **If an employee is maintained on the payroll** for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g., **workers' compensation, group health plan benefits, etc.), the week counts as a week of employment.** This is a

genuine Material Fact, a question of fact. Under The FML Act 29 U.S.C. § 2601 et

Plaintiff REALLEGE Retaliation under the Family and Medical Leave Act. As their was

a **"mixed motive"** to defendants actions against Plaintiff while under the Alaska

Workers Compensation Act. **In violation of Public Policy. To act in good faith and

dealing. <u>Mixed Motive is a genuine issue of material fact</u>** which must go before a jury

also A violation of public policy is a genuine issue of material fact that must go before a

jury. To act in good faith and fair dealing is a genuine issue of material fact that must go

before a jury. Plaintiff was Discharged because of his injuries is a genuine Material fact

as Defendants Attorney Erick Jenkins Stated the Plaintiff is a former employee is a

contradictory fact and a genuine issue of material fact which must go before a jury.

Plaintiff is not contending that he was terminated in June of 2001, that statement was

used as a reference point in calculating lost wages for future and past wage earnings.

Plaintiff calculates his termination was while he was on the operation table to repair his

disc for safety equipment that failed on him Csk Auto Knew this and hid this information

from plaintiff. And now has prevented plaintiff from returning to his Job as to Plaintiffs

injuries as Csk Auto Inc. has violated Plaintiffs Rights under the FML. Act 29 U.S.C. §

2601 et is a genuine issue of material fact as the statutes of limitation are tolled see:

**Pedersen v. Zielski, 822 P.2d 903, 906 (Alaska 1991).**
We adopted the discovery rule to protect plaintiffs from losing their cause of action when they have an injury that remained undiscovered or reasonably undiscoverable for longer than the limitations period. [] **See id. at 907.**
 It also protects plaintiffs whose injury is known but the cause is not reasonably discoverable during the limitations period. [] **See id.**

Plaintiff Claim is not time Barred Per Alaska Supreme Court Decision. "any evidence

sufficient to raise a genuine issue of material fact," *In the Matter of **J.B.**, **922 P.2d 878,***

**881 n.4 (Alaska 1996)** (emphasis added). so long as it amounts to "more than a scintilla of contrary evidence," **is evidence sufficient to oppose summary judgment** *Martech Constr. Co., Inc. v. Ogden Envtl. Servs., Inc.*, 852 P.2d 1146, 1149 n.7 (Alaska 1993) For the fore going reasons and that their still exist a genuine material fact in this case as defendants have not proven summary judgment cannot stand, when they failed all aspects of the FML. Act 29 U.S.C. § 2601 et and violated Plaintiffs rights under the FML.Act and Violated the Alaska Workers Compensation Act and use the workers compensation system to terminate selectively injured employees with back injurys. Plaintiff asks this court to strike defendants motion for summary judgment for failure to disclose persons with information as per Fed Rule 26 (a)(1).

Respectfully Submitted.

_[signature]_
Terry L. Smith Pro Se

Dated this 29th Day Of May, 2007

## CERTIFICATE OF SERVICE
Case 4:06-cv-00020-RRB

I Certify that a Copy of the forgoing Document was served on the 29th Day Of May ,2007 A True and Correct copy of the foregoing DOCUMENT WAS SERVED VIA:

        [X] FIRST CLASS MAIL
        [] FACSIMILE AND MAIL
        [] HAND DELIVERY

ON THE FOLLOWING:

Davis Wright Tremaine
701 W. Eighth Avenue
Suite 800
Anchorage, Alaska 99501-3468


_____
Terry L. Smith Pro Se
P.O. Box 60882
Fairbanks, Alaska 99706-0882