Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH, <br>     Plaintiff, <br> v. <br> CSK AUTO, INC., <br>     Defendant. | Case No. 4:06-cv-00020 (RRB) |

MOTION FOR AWARD OF ATTORNEY'S FEES

On May 23, 2007, this Court entered summary judgment in favor of defendant CSK Auto, Inc. ("CSK") and against plaintiff Terry L. Smith ("Smith") dismissing this matter with prejudice. CSK now seeks an award of $*10,044.30* in attorney fees pursuant to Dist. Ak. LR 54.3 and Alaska R. Civ. P. 82, which is equal to 75% of the attorney fees that were necessarily incurred in defense of Smith's wrongful discharge claim. CSK is

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

not seeking attorney's fees for Smith's claim under the Family and Medical Leave Act ("FMLA") because that claim is based on federal law.

Attached as Exhibit A to the Affidavit of Counsel ("Counsel Affid.") filed herewith are copies of invoices that were sent by Davis Wright Tremaine LLP to CSK for legal fees incurred in defense of Smith's claims. A pro forma showing additional fees that have not yet been billed to CSK is attached as Exhibit B to Counsel Affid.[1] Each entry on the invoices and the pro forma includes a description of the services performed, the name of the attorney performing the services, the amount of time spent by the attorney in performing the services, and the amount charged for those services. CSK incurred a total of $43,922.60 in attorney's fees in defense of Smith's claims in this matter.[2] These fees are reasonable in amount and were necessarily incurred. Counsel Affid. at paras. 2-5.

Smith alleged two principal claims in this matter: (1) violation of the FMLA and (2) wrongful discharge. The FMLA claim was a federal law claim over which this Court has original jurisdiction under 28 U.S.C. § 1331. Smith's wrongful discharge claim was a supplemental state law claim over which this Court exercised supplemental jurisdiction under 28 U.S.C. § 1367.

---

[1] Although the invoice and pro forma also show an entry for fees that were incurred in the defense of claims asserted against Wells Fargo Financial, Inc. ("Wells Fargo") in James Al Martin and Margaret E. Martin v. Wells Fargo Financial, Inc., Case No. J05-003CV (RRB), and in conjunction with Wells Fargo Alaska's state court collection action, those fees are not included in this motion and were inadvertently misbilled.

[2] This does not include fees incurred in this matter prior to preparation of the petition for removal of the case to federal court.

MOTION FOR AWARD OF ATTORNEY FEES                -2
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 141282v1 0053870-000005

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

CSK is entitled to an award of attorney's fees pursuant to Alaska R. Civ. P. 82 for its defense of Smith's wrongful discharge claim. "When state substantive law applies, attorneys' fees are to be awarded in accordance with state law . . . This principle applies to supplemental state claims as well as to diversity cases." Johnson v. Incline Village General Imp. Dist., 5 F.Supp.2d 1113, 1114 (D. Nev. 1998).  Any other rule would be contrary to the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), and would result in forum shopping. Alyeska Pipeline Service Co. v. The Wilderness Society, 421 U.S. 240, 259 n.31 (1975) (state law as to attorney fees applied to state law claim in diversity action); Mangold v. California Public Utilities Commission, 67 F.3d 1470, 1478 (9th Cir. 1995) (state law as to calculation of attorney fees award applied to pendent state law claim).  This rule is codified in Local Rule 54.3, which states that "[i]n a diversity case the court shall apply Alaska R. Civ. P. 82 existing at the time of judgment." Approximately one-third of the fees incurred by CSK in this action are attributable to Smith's wrongful discharge claim.

Alaska R. Civ. P. 82 states as a default rule that a prevailing defendant shall be awarded "in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred." Alaska R. Civ. P. 82(b)(2).  However, part (b)(3) of the Rule allows the court to vary this percentage based on a variety of factors, including the reasonableness of the plaintiff's claims and bad faith or vexatious conduct. Alaska R. Civ. P. 82(b)(3)(F) and (G).  The Alaska Supreme Court has sustained fee awards as high

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION FOR AWARD OF ATTORNEY FEES            -3
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 141282v1 0053870-000005

as 80% in cases where the losing party's position was unreasonable. Steenmeyer Corp. v. Mortenson-Neal, 731 P.2d 1221, 1226-27 (Alaska 1987). See also Cole v. Bartels, 4 P.3d 956, 961 (Alaska 2000) (award of seventy-five percent of actual attorneys fees justified where other party's position was unreasonable). An award of substantially full attorney's fees may even be warranted where the plaintiff's claims were vexatious or brought in bad faith. Cole, 4 P.3d at 961 (but noting that award of 75 percent of attorney's fees is not an award of substantially full fees and does not require bad faith or vexatious conduct). So long as the trial court identifies its reasons for departing from the fee schedule, the award of fees will not be disturbed unless it is found to be "manifestly unreasonable." Steenmeyer, 731 P.2d at 1226.

Smith's wrongful discharge claim in this matter was not only baseless, but was clearly brought in bad faith and warrants an award of at least 75 percent of the attorney's fees incurred by CSK to defend against it. As this Court observed in its Order Granting Defendant's Motion for Summary Judgment (Docket 102) at p.2, Smith's claim for retaliatory discharge makes no sense given the fact that he has consistently claimed that he cannot work. Smith's "retaliatory discharge" claim is nothing more than another in a long and expensive line of claims by Smith that have as their sole goal pleading around the exclusive remedy provisions of the Alaska Workers' Compensation Act to seek damages for a workplace injury. Frivolous and harassing claims like those asserted by Smith waste the time and resources of this Court and CSK. By consistently sustaining

MOTION FOR AWARD OF ATTORNEY FEES         -4
*Smith v. CSK Auto, Inc. 4:06-cv-00020 (RRB)*
ANC 141282v1 0053870-000005

fee awards in excess of 75 percent of actual fees incurred where the plaintiff's claims were unreasonable, the Alaska Supreme Court has made a policy judgment that parties that bring frivolous claims should bear the costs associated with those matters rather than the parties that must defend against them.  The facts of this case more than support CSK's request for an award of $10,044.30 in attorney's fees.

## CONCLUSION

For the foregoing reasons, CSK respectfully requests that it be awarded total attorney's fees of $10,044.30 incurred in the defense of the Smith's wrongful discharge claim in this matter.  A proposed order is lodged herewith.

Dated this 6th day of June, 2007.

>                            DAVIS WRIGHT TREMAINE LLP
>                            Attorneys for Defendant CSK Auto, Inc.
>
>
>                            By:    s/ Eric J. Jenkins
>                                   Eric J. Jenkins, ABA# 0011078
>                                   James H. Juliussen, ABA# 9211082
>                                   701 W. 8th Ave., Suite 800
>                                   Anchorage, AK  99501
>                                   Phone: (907) 257-5300
>                                   Fax: (907) 257-5399
>                                   ericjenkins@dwt.com
>                                   jimjuliussen@dwt.com

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION FOR AWARD OF ATTORNEY FEES    -5
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 141282v1 0053870-000005

1  Certificate of Service:

2  I certify that on June 6, 2007, a true and
   correct copy of the foregoing Motion for Award of
   Attorney Fees served on the following via:
3
   ( X ) First Class Mail
   (    ) Facsimile and Mail
4  (    ) Hand Delivery

5  Terry L. Smith
   P.O. Box 60882
   Fairbanks, Alaska 99706
6
   By: _____s/ Janet Eastman_____
7              Janet Eastman

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

MOTION FOR AWARD OF ATTORNEY FEES        -6
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 141282v1 0053870-000005