Eric J. Jenkins
James H. Juliussen
DAVIS WRIGHT TREMAINE LLP
701 West 8th Avenue, Suite 800
Anchorage, AK 99501
(907) 257-5300

Counsel for CSK Auto, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY L. SMITH ) | |
| Plaintiff, ) | |
| v. ) | |
| CSK AUTO, INC., ) | Case No. 4:06-cv-00020 (RRB) |
| Defendant. ) | |
| ) | |

RESPONSE TO MOTION FOR RECONSIDERATION

Plaintiff Terry L. Smith's ("Smith") Motion for Reconsideration of Summary Judgment is merely another baseless attempt to perpetuate this litigation and should be denied. Smith's motion does not call into question any of the undisputed facts upon which summary judgment was granted. Rather, Smith argues that he should be able to conduct additional discovery because two persons from CSK who authenticated documents in conjunction with CSK's summary judgment motion were not previously

disclosed by name as witnesses.  Smith's argument fails because:  (1) the business records that establish the facts necessary to sustain summary judgment on his Family and Medical Leave Act ("FMLA") claim were produced long before the summary judgment motion was filed; (2) CSK listed a records custodian among its witnesses and could not be more specific about the witnesses it would call because Smith never articulated the factual basis for any of his "claims;" and (3) CSK would be entitled to summary judgment on Smith's retaliatory discharge claim based on admissions by Smith even if the witnesses at issue were not included.

In its Order Granting Defendant's Motion for Summary Judgment (Docket 102), this Court held that Smith's claims under the FMLA failed because Smith had not been employed for at least 12 months when he went out on leave and therefore was not an eligible employee under the FMLA.  In conjunction with its initial disclosures, which were served on November 30, 2006, CSK produced Smith's time card records that showed the dates that he commenced employment with CSK, and the last date that he performed any work for CSK.  See Affidavit of Counsel ("Counsel Affid.") filed herewith at para. 2.  Those records were authenticated by the Affidavit of JoAnn Hinson filed in support of CSK's motion for summary judgment, and were used to establish Smith's dates of active employment with CSK.  See Docket 81 and Exhibit A thereto.  Smith's time card records show that his first day of employment with CSK was August 23, 2000, and the last day he performed any services for CSK was July 3, 2001.  Exhibit

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

A to Docket 81.  These records therefore establish that Smith was not actively employed for one full year before commencing leave, and that he therefore was not an eligible employee within the meaning of the FMLA.  See Order Granting Defendant's Motion for Summary Judgment (Docket 102) at p.2, n.4 (citing 29 U.S.C. § 2611(2)(A) and 29 C.F.R. § 825.110).  Smith has had these records since November 2006, and the Affidavit of JoAnn Hinson simply authenticated them for purposes of CSK's summary judgment motion.

The Court also held in its summary judgment order that, even if Smith had been an eligible employee, he received far more generous benefits than he would have been entitled to under the statute.  Docket 102 at p.2.  CSK maintained Smith's employment benefits at its own expense for nearly one full year after he last performed services for CSK even though it was under no obligation to do so.  To establish these facts, the Affidavit of JoAnn Hinson relied upon two letters that were sent to Smith in April 2002 and June 2002 that informed Smith that, while on an unpaid leave of absence, he needed to pay his required employee contributions to maintain his health insurance.  See Exhibits C-E to Hinson Affid. (Docket 81).  The June 2006 letter notes that Smith's coverage was terminated effective July 1, 2002 (nearly one full year after he last performed services for CSK) after he failed to make the required contributions.  Exh. D to Hinson Affid.  Both of these letters were produced to Smith in January 2007 in conjunction with CSK's Response to Plaintiff's Second Request for Discovery.  See Counsel Affid. at para. 3.

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

CSK'S RESPONSE TO MOTION FOR RECONSIDERATION   -3
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 142807v1 0053870-000005

Smith therefore had possession of the records authenticated by the Hinson Affidavit long before CSK filed its summary judgment motion.

Smith's motion for reconsideration does not dispute (much less provide admissible evidence to contradict) that he commenced work on August 23, 2000, that he last performed work for CSK on July 3, 2001 and that he was thereafter on leave until he filed this suit. Consequently, Smith's motion for reconsideration does not raise material issues of fact regarding whether Smith was an eligible employee under the FMLA because it is undisputed that he did not work one full year before going out on leave. Smith likewise does not dispute that CSK was still paying his benefits in June 2002, almost one full year after he went out on leave, or that Smith was still employed and on leave from CSK for several years thereafter. Consequently, it is also undisputed that Smith received more generous benefits than he would have been entitled to under the FMLA. Smith's motion for reconsideration does not call into question either of the alternative grounds for this Court's entry of summary judgment on his FMLA claim.

This Court also granted summary judgment to CSK on Smith's claim for "retaliatory discharge," noting that the claim made no sense in light of Smith's repeated assertions that he cannot work. Docket 102 at p.2. The Affidavit of Counsel filed in support of CSK's summary judgment motion included three affidavits filed by Smith stating that he had not worked since his March 2001 injury, and that he was incapable of working. See Docket 83 and Exhs. A-C thereto. CSK also filed excerpts from the

CSK'S RESPONSE TO MOTION FOR RECONSIDERATION   -4
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 142807v1 0053870-000005

September 23, 2004 deposition of Terry Smith in support of its summary judgment motion.  See Exh. A to Docket 80.  Smith asserted in that deposition that he had not worked since going out on leave, and that he had a grievous injury that prevented him from working.  Id. (p. 5 of Exh. A at lns. 16-21).  All of these documents were produced to Smith either as part of CSK's November 2006 initial disclosures, or earlier in conjunction with the Second Affidavit of Counsel filed on August 7, 2006 (Docket 16).  See Counsel Affid (filed herewith) at paras. 2, 4.

In conjunction with its summary judgment motion, CSK also filed the affidavit of Joseph Nassar, who authenticated various documents from Smith's workers' compensation proceeding.  The documents produced with the Nassar Affidavit also established that Smith had repeatedly asserted that he was unable to work.  See Docket 82 and Exhs. A & B thereto.  These documents were taken directly from Smith's workers' compensation case, and Smith does not dispute their authenticity.  CSK also relied upon a compromise and release agreement from Smith's workers' compensation proceeding in which Smith stipulated that he had been receiving benefits for total disability from July 9, 2001 through October 10, 2002, the date of that agreement.  That document was produced to Smith in August 2006.  See Exh. A to Docket 25 (filed August 26, 2006).

Smith's assertions that he has been unable to work since his injury are established by numerous documents that were produced to Smith very early in this case, and by additional documents from his workers' compensation proceedings that Smith himself

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399

prepared and filed. Smith's motion for reconsideration does not – and could not – assert that he was capable of returning to his job as a delivery driver. Smith has been asserting just the opposite in his workers' compensation proceeding (Exh. A to Docket 25; Exhs. A & B to Docket 82), in the courts (Exhs. A-C to Docket 83), and in Depositions (Exh. A to Docket 80 and Docket 100-2) for nearly six years. Consequently, Smith's motion for reconsideration does not call into question the basis for this Court's grant of summary judgment on his claim for retaliatory discharge.

This Court also granted summary judgment to CSK on Smith's retaliatory discharge claim on the alternative basis that he had not been terminated at the time he brought this action in August 2004. Smith admitted in his September 2004 deposition that CSK never sent him a letter of termination (Exh. A to Docket 80 at p. 5), and his motion for reconsideration appears to agree that he was still listed as an employee of CSK when he filed suit. See Docket 114 at para. 8. The Hinson Affidavit included a document from October 2003 showing Smith to still be on leave status at that time. See Exh. B to Docket 81. That document was taken from another case in which Smith asserted claims against CSK, Howell et. al. v. CSK Auto, Inc., Case No. 3AN-00-12231 Civil, Superior Court for the State of Alaska, Third Judicial District at Juneau. Smith designated the entire case file from that case in his Corrected Initial Disclosures which were served December 19, 2006. Counsel Affid. at para. 5 and Exc. A thereto at p.2.

CSK'S RESPONSE TO MOTION FOR RECONSIDERATION   -6
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 142807v1 0053870-000005

Smith can hardly be heard to complain to the use of a document from that case as an exhibit to the Hinson Affidavit.

Fed. R. Civ. P. 11 prohibits the filing of a complaint unless it is warranted by existing law and based on facts that have, or are likely to have, evidentiary support. Smith's complaint in this case alleges no real facts in support on any claim he asserts, and amounts to little more than vague and conclusory statements that CSK did something wrong. For over six months, CSK attempted to get Smith to respond to its discovery requests so that CSK could determine why it was being sued and who, if anyone, would need to be called as a witness. Smith never responded to CSK's interrogatories, and never responded in any meaningful way to CSK's other discovery requests. See Docket 68 at para. 3. The undisputed facts are that (1) Smith did not work a full year before going out on leave and is therefore not a covered employee under the FMLA; (2) CSK provided Smith with far more generous benefits than he would have been entitled to receive even if he had been a covered employee; (3) Smith has consistently asserted that he is incapable of working and therefore cannot bring a claim for wrongful discharge; and (4) Smith had not even been discharged at the time he filed this matter. At the time Smith filed this matter, he knew his dates of employment, he knew CSK paid his benefits through June 2002 and let him remain on leave long after any claimed FMLA rights expired, and, by his own assertions, Smith knew that his injuries prevented him from returning to his job as a delivery driver. It was a violation of Rule 11 for Smith to file

this matter and he should not now be permitted to continue this case by means of a frivolous motion under Rule 56(f).

## CONCLUSION

For the foregoing reasons, Smith's motion for reconsideration should be denied.

Dated this 21st day of June, 2007.

                DAVIS WRIGHT TREMAINE LLP
                Attorneys for Defendant CSK Auto, Inc.

By:   s/ Eric J. Jenkins
      Eric J. Jenkins, ABA# 0011078
      James H. Juliussen, ABA# 9211082
      701 W. 8th Ave., Suite 800
      Anchorage, AK  99501
      Phone: (907) 257-5300
      Fax: (907) 257-5399
      ericjenkins@dwt.com
      jimjuliussen@dwt.com

Certificate of Service:

I certify that on June 21st, 2007, a true and correct copy of the foregoing Response to Motion for Reconsideration was served on the following via:

( X ) First Class Mail
(   ) Facsimile and Mail
(   ) Hand Delivery

Terry L. Smith
P.O. Box 60882
Fairbanks, Alaska 99706

By: _____s/ Janet Eastman_____
      Janet Eastman

CSK'S RESPONSE TO MOTION FOR RECONSIDERATION    -8
*Smith v. CSK Auto, Inc.  4:06-cv-00020 (RRB)*
ANC 142807v1 0053870-000005

**Davis Wright Tremaine LLP**
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska  99501
(907) 257-5300 · Fax: (907) 257-5399