FILED

JUL 03 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RECEIVED

JUL 1 0 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY SMITH,<br><br>   Plaintiff - Appellant,<br><br>v.<br><br>CSK AUTO, INC.,<br><br>   Defendant - Appellee. | No. 07-35544<br><br>D.C. No. CV-06-00020-RRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 18, 2008[**]

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges

Terry Smith appeals pro se the district court's grant of summary judgment as to his claim against CSK Auto, Inc., for wrongful termination under the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2), on the basis of his use of leave. He

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

contends that the district court erred in concluding that he was not an "eligible employee" under the Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As CSK argues, Smith has not challenged the district court's two alternative reasons for granting summary judgment: he had no claim for wrongful termination because he alleged that he was unable to work, and he received more benefits than he would have been entitled to under the Act. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (declining to consider issues not raised in opening brief).

In addition, the district court correctly concluded that Smith was not eligible for leave under 29 U.S.C. § 2612(a) and restoration to his position under § 2614(a) because he had not worked for CSK for at least 12 months and had not worked for at least 1,250 hours during the previous 12-month period. *See* 29 U.S.C. § 2611(2)(A). Smith was maintained on the payroll for more than 12 months, but his leave commenced before 12 months had passed. Therefore, under 29 C.F.R. § 825.110(d), he was not an "eligible employee."

**AFFIRMED.**